UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**RECEIVED**

Aug 11, 2008
AUG 11 2008 MB

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Michael Mejia K83133

_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Terry McCann

  c/o Tasalis

Chuck Gobble

Eva Agero

c/o Quarles

  c/o Rodriguez

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**08cv4534
JUDGE CONLON
MAGISTRATE JUDGE SCHENKIER**

:)

**CHECK ONE ONLY:**

   X         **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____       **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____       **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

John/Jane Doe mailroom supervisor from Menard

Alex Jones

John Doe Doctor #1

John Doe Doctor #2

Pathros Ghosh

Dee Battaglia

Ami Workman

Tammy Garcia

L. Dennis

Jackie Miller

Roger E. Walker Jr

c/o John Doe #1

c/o Holston

Sgt. Garcia

Lt. Butchkowski

Lt. D. Johnson

Bill Marshall

c/o Smith

c/o Coleman

c/o Mayar

Lt. Bedinger

c/o Rednour

B. Mueller

Donald Hulick

Jimmy Dominguez

John/Jane Doe business administrator from Stateville

John/Jane Doe business administrator from Menard

Lt. Burzinski

c/o King

c/o Garner

c/o John Doe #2

Consolidated Phone Company

**I.**   **Plaintiff(s):**

A.   Name:   Michael Mejia

B.   List all aliases:   none

C.   Prisoner identification number:   K83133

D.   Place of present confinement:   Stateville Correctional Center

E.   Address:   P.O. Box 112, Joliet, Il. 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.**   **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.   Defendant:   Terry McCann

Title:   Warden

Place of Employment:   Stateville C.C.

B.   Defendant:   c/o Tasalis

Title:   Internal Affairs Officer

Place of Employment:   Stateville C.C.

C.   Defendant:   Chuck Gobble

Title:   none

Place of Employment:   unknown

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

D. Defendant: Eva Agero

Title: Correctional Officer

Place of Employment: Stateville C.C.

E. Defendant: c/o Quarles

Title: Correctional Officer

Place of Employment: Stateville C.c.

F. Defendant: c/o Rodriguez

Title: Internal Affairs Officer

Place of employment: Stateville C.C.

G. Defendant: John/Jane Doe mailroom supervisor of Menard

Title: Mailroom supervisor

Place of emplyment: Menard C.C.

H. Defendant: Alex jones

Title: none

Place of Employment: unknown

I. Defendant: John Doe Doctor #1

Title: none

Place of Employment: unknown.

J. Defendant: John Doe Doctor #2

Title: none

Place of Employment: unknown

K. Defendant: Pathros Ghosh

Title: Doctor

Place of Employment: Stateville C.C.

L. Defendant: Dee Battaglia

Title: none

Place of Employment: unknown

M. Defendant: Ami Workman

Title: Grievance Officer

Place of Employment: Stateville C.C.

N. Defendant: Tammy Garcia

Title: Grievance officer

Place of Employment: Stateville C.C.

O. Defendant: L. Dennis

Title: Counselor

Place of Employment: Stateville C.C.

P. Defendant: Jackie Miller

Title: Administrative Review Board Chair Person

Place of Employment: Administrative Review Board Spr, Il.

Q. Defendant: Roger E. Walker Jr

Title: IDOC Director

Place of Employment: Springfield, Illinois

R. Defendant: c/o John Doe #1

Title: Correctional Officer

Place of Employment: Stateville C.C.

S. Defendant: c/o Holston

Title: Correctional Officer

Place of Employment: Stateville C.C.

T. Defendant: Sergeant Garcia

Title: Sergeant

Place of Employment: Stateville C.C.

U.    Defendant: Lt. Butchkowski

Title: Lieutenant

Place of Employment: Stateville C.C.

V.    Defendant: Lt. D. Johnson

Title: Lieutenant

Place of Employment: Stateville C.C.

W.    Defendant: Bill Marshall

Title: unknown

Place of Employment: unknown

X.    Defendant: c/o Smith

Title: Audit Department Correctional Officer

Place of Employment: Stateville C.C.

Y.    Defendant: c/o Coleman

Title: Internal Affairs Officer

Place of Employment: Menard C.C.

Z.    Defendant: c/o Mayar

Title: Internal Affairs Officer

Place of Employment: Menard C.C.

Defendant: Lt. Bedinger

Title: Lieutenant

Place of Employment: Menard C.C.

Defendant: c/o Rednour

Title: Correctional Officer

Place of Employment: Menard C.C.

Defendant: B. Mueller

Title: Counselor

Place of Employment: Menard C.C.

Defendant: Donald Hulick

Title: Warden

Place of Employment: Menard C.C.

Defendant: Jimmy Dominguez

Title: none

Place of Empployment: unkown

Defendant: John/Jane Doe Stateville Business Administrator

Title: Business Administrator

Place of Employment: Stateville C.C.

Defendant: John/Jane Doe

Title: Business Administrator

Place of Employment: Menard C.C.

Defendant: Lt. Burzinski

Title: Lieutenant

Place of Employment: Stateville C.C.

Defendant: c/o King

Title: Correctional Officer

Place of Employment: Stateville C.C.

Defendant: c/o Garner

Title: Correctional Officer

Place of Employment: Stateville C.C.

Defendant: c/o John Doe #2

Title: Correctional officer

**Place of Employment: Stateville C.C.**

Defendant: <u>Consolidated Phone Company</u>

Title: <u>Phone Service Provider for Ill. Dept. of Corrections</u>

Place of Employment: <u>Unknown</u>

III.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number:  Mejia v. Ruffin, et al., No. 03 C 3009.

B.    Approximate date of filing lawsuit:  June 2003.

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases:  none

D.    List all defendants:  Carmin Ruffin, Kenneth Briley, Stephen Mote, Alex Jones, Robert Radmacher, Donald Snyder and Roger Walker.

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):  U.S. District Court N.D. Il.

F.    Name of judge to whom case was assigned:  Suzanne B. Conlon and then Mark Filip.

G.    Basic claim made:  Denial of Due Process and Cruel and Unusual Punishment.

H.    Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?):  Settled by agreement.

I.    Approximate date of disposition:  September 2005.

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

J. Name of case and docket number: <u>Rutledge v. Cook County, Il.</u> <u>No. 06 C 6214.</u>

K. Approximate date of filing lawsuit: <u>November 2006.</u>

L. List all plaintiffs (if you had co-plaintiffs), including any aliases: <u>Gregory Rutledge, and Michael Mejia.</u>

M. List all defendants: <u>Cook County, Illinois, Gary B. Grayer,</u> <u>Brian K. Harris, Jermaine Lanier, Nicholas Paolino, William</u> <u>H. Scott, and Lt. Craig A. Johnson.</u>

N. Court in which the lawsuit was filed (if federal court, name the district; if state courtname the county): <u>U.S.</u> <u>District Court for the Northern District of Illinois.</u>

O. Name of judge to whom case was assigned: <u>Blanche Manning and</u> <u>then Joan Lefkow.</u>

P. Basic claim made: <u>Excessive force, Supervisor Liability and</u> <u>Payment for Idemnification.</u>

Q. Disposition of this case (for example: was the case dismissed? Was it appealed? Is it still pending?): <u>The case is still pending.</u>

R. Approximate date of disposition: <u>Still pending.</u>

IV.   **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. On July 28, 2006, plaintiff was escorted to the Internal Affairs office at Stateville C.C. because of a fight he had gotten into, minutes earlier, with a prisoner by the name of Zak. Upon arrival, plaintiff was sat in a chair by Internal Affairs C/O Tasalis. Plaintiff immediately told C/O Tasalis that he pleads the 5th Amendment Right to remain silent. C/O Tasalis then called plaintiff a "tuff, smart ass." After a while, Major chuck Gobble entered the room and tryed to question plaintiff. C/O Tasalis then told Major chuck Gobble that plaintiff plead the 5th. Major chuck Gobble held plaintiff in the I.A. office from 8:50 am — 10:33 am. During this time Major chuck Gobble told plaintiff that he would let plaintiff keep his cell house help job if plaintiff provided false information that Prisoner Orlando Rivera put a hit out on the person plaintiff fought with. Major chuck Gobble then told plaintiff that he would make sure

4

plaintiff received a gang activity ticket, got found guilty on the ticket, and got transferred to Tamms c.c. if plaintiff did not provide the false information on prisoner Orlando Rivera. Major Chuck Gobble then told plaintiff he would allow Robert Gall to visit plaintiff if plaintiff provided the above false information. And if plaintiff did not provide the above false information he (Major Chuck Gobble) would see to it that plaintiff never receive a visit from Robert Gall, and that he'd make sure plaintiff was transferred to Pontiac c.c. and then Menard c.c. After a while Major Chuck Gobble left the room and then C/o Tasalis began to read the Institutional Master File that is kept on plaintiff and began to ask plaintiff "why didn't you shoot the victim instead of your rappy; codefendant?" Major chuck Gobble then reentered the room and tryed to get c/o Agero to question plaintiff. C/o Agero tryed. Major chuck Gobble told c/o Agero "maybe he'll speak to you since he's your people." Plaintiff and c/o Agero are of spanish speaking Nationalitys. Plaintiff was handcuffed the entire duration of these events. The handcuffs were so tight that plaintiff's right elbow on down to his fingers were numb for at least two weeks. As plaintiff was leaving the I.A. office

Revised 9/2007

Major Chuck Gobble stated to plaintiff "since you don't talk at
all, I'll see how you like Menard." On August 16, 2006, plaintiff
was transferred to Menard C.C. by Major Gobble, C/O Tasalis, C/O
Agero, C/O Quarles (who is named as C/O Charles in plaintiff's
grievance) and C/O Rodriguez. These C/Os are Internal Affairs
Officers and did try to question me on July 28, 2006. They had
plaintiff transferred to Menard C.C. on August 16, 2006, even
though plaintiff had a court date he was to be present for on
August 24, 2006, at the Cook County Court house on 26th &
California St. in Chicago, Il. If any prisoner has a courtdate
within 45 days he is not to be transferred out of Stateville
C.C. The defendants, Chuck Gobble, C/O Tasalis, C/O Agero,
C/O Quarles and C/O Rodriguez, new this to be the rule. But
still had plaintiff transferred. Plaintiff was transferred back
to Stateville C.C. on August 23, 2006, for the sole purpose of
his criminal case and then transferred back to Menard C.C. on
October 4, 2006. The only exception for transfering prisoners
with a courtdate within 45 days is if a prisoner has an extremely
violent disciplinary charge. Plaintiff received a fighting ticket
and received one month segregation (which is the maximum allowed)
for the fighting ticket which pertained to the July 28, 2006,
incident which gives rise to this suit. On November 14, 2006,
plaintiff spoke to his mother about a hardship transfer he was
trying to obtain. After speaking to his mother (Marisol Garcia)
plaintiff learned that Governor Blagojevich's office had contacted
IDOC officials about obtaining this transfer and was told that the
Stateville C.C. staff informed Blagojevich's secretary, Mary Ann
Casper, that plaintiff claimed his codefendant (who was and is
in StatevilleC.C.) as an enemy and that plaintiff could not be
transferred back to Stateville because of this. Plaintiff never
claimed his codefendant (Israel Ruiz #K83131) or anyone else as
his enemy. Chuck Gobble, C/O Tasalis, C/O Agero, C/O Quarles
and C/O Rodriguez falsified documents in plaintiff's master
file in order to cover up their retaliatory transfer. As they
were Internal Affairs officers at the time alleged in this
complaint and enemy/keep away situations are dealt with solely
bby Internal Affairs. Menard C.C. is hundreds of miles away
from plaintiff's home town of Chicago were his Family and
Loved ones live. Plaintiff never received any visits besides
the ones from his attorneys. By the foregoing acts defendants
Chuck Gobble, C/O Tasalis, C/O Agero, C/O Quarles and C/O
Rodriguez subjected plaintiff to cruel and unusual punishment
by transferring him to a prison hundreds of miles away from
his Family and Loved ones were he never received a visit from
them the entire fifteen months he was in Menard. The defendants
retaliated on plaintiff for exercising his fifth amendment right
to remain silent and because he would not falsely implicate
Orlando Rivera in the July 28, 2006, incident. Defendant C/O
Tasalis violated plaintiff's sixth amendment right to counsel
as plaintiff was indicted for murder and represented by counsel

when C/O Tasalis, a State agent, asked plaintiff "why didn't you
shoot the victim instead of your rappy; codefendant?"

2. On or about December 2006 plaintiff received a letter from
his long time friend, Angie Mijares. In this letter Ms. Mijares
stated that she received two letters from plaintiff the weekend
before November 27, 2006--one dated October 20, 2006, and the
other dated November 15, 2006. Ms. Mijares states that she did
not receive the letter plaintiff enclosed for Governor Blagoje-
vich along with the exhibits referrenced therein. The letter for
Blagojevich was asking him to intervene on a situation which is
explained in paragraph 1 of this complaint. Plaintiff mailed
these documents to Ms. Mijares in order for her to forward
them to Blagojevich's office (after she copied them) certified
mail. On February 8, 2007, plaintiff received a letter from
Ms. Mijares in which she stated she had received a letter from
plaintiff. Ms. Mijares, in this latter, stated that she did
not receive the paperwork that was suppose to accompany the
letter. The missing documents were an ARDC complaint, a letter
in which plaintiff was trying to obtain pro bono publico for
numerous 42 U.S.C 1983 claims, and an envelope plaintiff
sent Ms. Mijares which solely contained some addresses to
pro bono attorneys. Plaintiff sent this to Ms. Mijares so that
she could copy the before mentioned letter and mail it to all
the attorney addresses. Dfendants Chuck Gobble, C/O Tasalis,
C/O Agero, C/O Quarles, C/O Rodriguez and the John/Jane Doe
mailroom supervisor from Menard C.C. violated plaintiff's
right to freedom of association and right to seek redress of
grievances by the Government in retaliation for plaintiff
exercising his fifth amendment right as stated in paragraph
1 of this complaint.

3. On January 12, 2006, plaintiff received a memo from Major
Chuck Gobble in which he denied plaintiff from receiving visits
from Robert E. Gall due to Mr. Gall being previously imprisoned
within IDOC. And stating that the situation is reviewed on a
case by case basis. Robert E. Gall was paroled in January 1999
for a UUUW; simple possession, and was shortly thereafter
positively discharged from Mandatory Supervised Release. Some
"days earlier", plaintiff's cellmate (Jeremiah Robinson)
received a memo from Major Chuck Gobble in which Gobble granted
Robinson visitation with a person who was still on parole/Man-
datory Supervised Release at the time. Chuck Gobble was acting
as Warden fro Alex Jones at the time alleged in this complaint.
Alex Jones was a defendant in a suit on visitation rights filed
by plaintiff. (See Mejia v. Ruffin, et al., 2004 WL 422643)
When plaintiff filed his grievance he was told by counselor
L. Dennis that he (plaintiff) should resubmitt his request.
Counselor Dennis stated that she contacted Warden Alex Jones'
office and it was recommended that plaintiff resubmitt his

request. Plaintiff did resubmitt his request to Warden Alex
Jones but never received a response. Defendants Alex Jones
and Chuck Gobble retaliated on plaintiff by denying him visits
with Robert E. Gall because plaintiff hd previously filed a
suit on visitation against Alex Jones thereby subjecting
plaintiff to cruel and unusual punishment. Defendants Alex Jones
and Chuck Gobble also violated plaintiff's right to equal
protection due to the denial of his right to receive visitors
of his choice. And defendants Alex Jones and Chuck Gobble denied
plaintiff his due proces right.

4. Plaintiff entered IDOC on October 28, 2005. Plaintiff had
paperwork from a Doctor Connie Mannella which showed that plaint-
iff had a periodic diagnosis of Blastomycosis and which showed
what medication plaintiff was taking and for how long. This
medication was for plaintiff's Blastomycosis and Anemia. Once
plaintiff's medication ran out he had to file a grievance to
get a refill. Plaintiff informed the John Doe Doctor #1 in the
NRC building at Stateville C.C. that he had an appointment at
Stroger Hospital in Chicago. Plaintiff was transferred to the
actual Stateville C.C. on November 17, 2005, and informed John
Doe Doctor #2 of the same information he informed the John Doe
Doctor #1 of in the NRC building. Plaintiff was transferred to
the Stateville C.C. from the NRC without a chest x-ray as was
mandatory before transferring plaintiff. Plaintiff suffered
from headaches, dizziness, night sweats, chills, hot flashes,
coughing up blood, pain in his left upper lung area, weakness,
trembles in my arms, legs and hands during the time between
October 28, 2005-April 2006. After filing his first grievance
plaintiff received his refill for his medication and got to
speak with Doctor Pathros Ghosh. When plaintiff spoke to Doctor
Ghosh plaintiff was asked all the medical history on plaintiff's
condition and what Blastomycosis was because Doctor Ghosh did not
know any of the answers to the questions he asked plaintiff.
Plaintiff informed Doctor Ghosh of all the symptons he was
suffering in which he stated that he wanted to see an outside
Doctor. Plaintiff was not given "any" treatment by any of the
defendants he complained to. Plaintiff did not receive "any"
treatment or checkups by any Stateville staff besides the times
he mentioned in this complaint. In April 2006, plaintiff was
finally writted to the U of I at Chicago Hospital for treatment.
Plaintiff wrote an emergency grievance on December 12, 2005,
which was denied by Warden Dee Battaglia and which Grievance
Officers Ami Workman and Tammy Garcia have denied by not
answering to this day. Plaintiff filed another emergency  grievance
on January 26, 2006, which was denied by Warden Dee Battaglia
and which Grievance Officers Ami Workman and Tammy Garcia have
denied by not answering to this day. Defendants, John Doe Doctor
#1, John Doe Doctor #2, Doctor Pathros Ghosh, Warden Dee Batta-
glia, Grievance officers Ami Workman and Tammy Garcia, thereby,
denied plaintiff medical treatment for his Blastomycosis in
violation of his Eighth amendment right to be free from cruel

.and unusual punishment.

5. On March 15, 2005, plaintiff was discharged from the
Illinois Department of Corrections. According to 730 ILCS 5 - 5/
3-4-3 all prisoners who are released from IDOC are to be
reimbursed all the interest their money accrued and built while
they were imprisoned. When plaintiff was discharged he did not
receive any of his funds period. When plaintiff was readmitted
to the IDOC he wrote a grievance asking that all the interest
from his old account be placed into his new account. Plaintiff
was readmitted into IDOC on October 28, 2005. Plaintiff's
grievance was denied by counselor L. Dennis, Grievance officer
Ami Workman, Warden Dee Battaglia, ARB chairperson Jackie Miller,
and IDOC Director Roger E. Walker Jr. Plaintiff filed his
grievance on December 12, 2005. Defendants L. Dennis, Ami Workman,
Dee Battaglia, Jackie Miller and Roger E. Walker Jr confiscated
plaintiff's interest from his trust fund account without due
process of law.

6. On August 28, 2006, plaintiff was suppose to be released
from segregation at Stateville C.C. Around 12 noon on August 28,
2006, while the John Doe C/O opened the chokehole to the cell
plaintiff was in in F-house plaintiff informed this C/O that he
was suppose to be released from segregation on that day. The
John Doe C/O did nothing but said "no one gets out of seg on
a level one lockdown." On August 29, 2006, plaintiff informed
C/O Holston, who was the gallery officer on the 7-3 shift, that
plaintiff was suppose to be released from segregation the day
before. C/O Holston replied by saying "I don't wanna' hear that
shit!" On August 30, 2006, plaintiff wrote Sgt. Garcia (who was
the Sgt. of F-house where plaintiff was in segregation) a note
explaining that he was suppose to be released from segregation
two days earlier. Plaintiff gave this note to his cellmete who
was leaving the cell. Plaintiff watched his cellee give this
note to Sgt. Garcia and watched Sgt. Garcia read it. Plaintiff
gave C/O Sykes a note to give to Lt. Butchkowski in which he
explained his situatiion. Plaintiff watched C/O Sykes hand this
note to Lt. Butchkowski and watched Lt. Butchkowski read it.
None of the named staff members did anything to have plaintiff
released from segregation. Plaintiff filed an emergency
grievance on August 30, 2006, but was denied by Warden Terry
McCann. Counselor Shaun Bass then responded that plaintiff was
to be released from segregation on 8/28/06 but wasn't released
until 9/5/06. And that the staff plaintiff named in his grievance
admitted that they were informed by plaintiff. Plaintiff is a
known litigator. Plaintiff has filed countless grievances on
the staff in Stateville. In March of 2002 plaintiff filed 29
grievances contesting the cruel and unusual living conditions
he was subjected to. All 29 grievances were denied. Plaintiff
was held in segregation on the date in question because of his

5d

litigator status. In fact, Stateville Administrators implemented
a new rule regarding the restriction of prisoners' visitors all
because of plaintiff's first suit. Defendants C/O John Doe, C/O
Holston, Sgt. garcia, Lt. Butchkowski and Terry McCann retaliated
on plaintiff for exercising his right to Access to courts and to
seek redress through grievances and for challenging the cruel
and unusual confinement he is living in by holding plaintiff in
punitive segregation without due process. This was the third
incident where plaintiff was held in punitive segregation past
his outdate. Plaintiff was held three days passed his segregation
outdate on 2/22/03 and on 1/8/04 I was held until 1/28/04; 20 days
past my segregation outdate.

7. On November 7, 2007, plaintiff was transferred from Menard
C.C. to Stateville C.C. Not even 24 hours later while plaintiff
was returning from personal property C/O Taylor told plaintiff
that he had to go to tha Adjustment Committee. This although pla-
intiff had no ticket pending. When plaintiff arrived at the
Adjustment committee, the Internal Affairs staff members C/O Tajeda
and Lt. Johnson then escorted plaintiff into a room. C/O Tasalis
was present but did not enter the room. C/O Tajeda then told
plaintiff that Menard C.C. sent me to Stateville because I was
uncooperative. Menard Staff put that in their file because of
an incident that occurred there on August 4, 2007. Lt. Johnson
then said to plaintiff "you won't be going to Pontiac C.C. this
time." Meaning that I would be going to Tamms C.C. Plaintiff
has never been to Pontiac C.C. And Lt. Johnson meant plaintiff
would be going to Tamms C.C. when Lt. Johnson felt like lieing on
plaintiff. Lt. Johnson then told plaintiff not to be running his
drug ring. Plaintiff has never ran a drug ring, has never had any
ticket for anything to do with drugs. Defendant Lt. Johnson is
harrassing plaintiff and conspiring against him with his Internal
Affairs coworkers who are named in paragraph 1 of this complaint
in violation of plaintiff's right to be free from retaliation
for exercising his fifth amendment right to remain silent.

8. Somewhere between November 23-25, 2007, plaintiff wrote to
the "Dept. of Central Management Services, 504 Straton Bldg,
Springfield, Il. 62706," and asked for a copy of "Audit Code 06-14."
14." This code is suppose to detail everything that IDOC spends
their money on. On November 29, 2007, a female C/O Smith came to
speak to plaintiff in cell 415 in F-house at around 7:45am. C/O
Smith asked plaintiff what was he trying to obtain from writing
the before mentioned address. When plaintiff explained why he was
trying to obtain this Audit Code C/O Smith wrote it down on a
piece of paper. C/O Smith also had another piece of paper she would
look at before asking plaintiff a question. C/O Smith also asked
plaintiff where he got the Audit Code from. Plaintiff asked if his
letter to the Dept. of Central Management Services was going to be
mailed out. C/O Smith responded that it did and that they directed

5e

their response to her and that she worked for the Audit Department. On December 11, 2007, a person named Bill Marshall, who told plaintiff that he used to work for the Audit Department, came and asked plaintiff about the living conditions, the Health Care, and plaintiff's safety. These three questions were very quick. Afterwards, Bill Marshall asked plaintiff "what's this Audit Code 06-14?" Plaintiff explained and Bill Marshall wrote something down. Then, Bill Marshall said "we're done." The next day plaintiff saw Bill Marshall and C/O Smith walk through 1 gallery in F-house. Defendants Bill Marshall and C/O Smith violated plaintiff's rights to freedom of association, freedom of information, and right of access to courts as the Audit Code mentioned herein was requested in order to prove that Stateville Administrators are stealing the funds that are suppose to be used on the prisoners in Stateville.

9. On August 4, 2007, plaintiff and his cellee at that time were escorted to the Internal Affairs office in the Menard C.C. This was because earlier that day plaintiff was in the shower when someone (a prisoner) was stabbed multiple times. Plaintiff was placed in a room with C/O Coleman and C/O Mayar. C/O Coleman asked plaintiff "what's going on?" Plaintiff told C/O Coleman that there was nothing going on. C/O Coleman then asked plaintiff "what happened in the shower?" plaintiff responded by saying "I don't know what happened." C/O Coleman then told plaintiff that he could get a year in segregation for impeding an investigation and be charged with accessory to attempt murder. Plaintiff then stated to C/O Coleman "in that case I don't have anything to say and I plead the fifth." C/O Coleman and C/O Mayar then became infuriated and told plaintiff he was getting a year segregation for impeding an investigation and that he was being charged with accessory to Attempt Murder. These two C/Os again, became infuriated and started yelling at plaintiff saying plaintiff was a tough mother f_cker and that plaintiff was going to segregation and being charged with accessory to Attempt Murder. The other Internal Affairs officers who were questioning plaintiff's cellee heard the commotion and entered the room. Plaintiff then informed C/O Mayar that he would be contacting his attorneys. C/O Mayar responded by saying "I don't give a f_ck about your attorneys!" They then called the C/Os who brought plaintiff from the cell house and told them to take plaintiff to segregation. C/O Coleman then called Lt. Bedinger into his office and beggan whispering something to him. Lt. Bedinger was the segregation cell house Lieutenant on the day in question. Plaintiff was then placed in a shower and somtime later placed in a segregation cell. Plaintiff was placed in a dirty cell, that had two four foot lights outside of it. These lights stayed on 24 hours a day, 7 days a week and deprived plaintiff of his rest. Plaintiff did not receive his property for weeks, was given an inadequate supplies to clean with, was given toothpaste with animal product; pork, in it which was against his Religion, and was denied his legal work for which he

is pro se (Mejia v. State, 04 CC 3929), (Mejia v. State, 07 CC
3144), and (People v. Mejia, No. 98-CR-31306-02). Plaintiff, his
cellee, and the alleged culprit, were the only non Black prisoners
in the shower on the date in question. Yet, plaintiff, the alleged
culprit and another Latino prisoner who was not even in the shower
were the only ones placed in segregation on the date in question.
The other prisoner was not in the shower but was placed in
segregation and was also told he was being charged with impeding
an investigation and accessory to attempt murder. At no time was
plaintiff given a ticket informing him of the charges against him,
nor was plaintiff given an investigation ticket, nor was he given
any hearing. Plaintiff spoke to Counselor B. Mueller (while in
segregation at Menard C.C.) about receiving written notification
of the charges against him. B. Mueller responded by saying that
plaintiff did not have to be issued any notice of charges and
that plaintiff could be held in segregation for 30 days without
any such notification. Plaintiff wrote Warden Donald Hulick
about his denial of due process while plaintiff was in segregation
at Menard C.C. but never received a response. On September 5, 2007,
plaintiff was still in segregation at Menard and was transferred
to Stateville C.C. for a court proceeding. While in Stateville
plaintiff filed an emergency grievance on the August 4, 2007,
situation in which grieved that he had not received a ticket
of any sort. Grievance officer Ami Workman responded in a memo
by saying that plaintiff should forward his grievance to the ARB
in Springfield. Plaintiff did just that. Plaintiff filed this
grievance on September 9, 2007, at Stateville. While plaintiff
was in General Population (months later) in Menard he received
a response from ARB chairperson Jackie Miller in which denied
plaintiff's 9/9/07 grievance stating that prisoners may receive
a ticket in situations like plaintiff's. Plaintiff tryed to
mail Ms. Miller's response and Ami Workman's memo to his attorney,
Jean Snyder, in December 2007, but this envelope was destroyed
by some of the defendants named in paragraph 1 of this complaint.
On August 5, 2007, while in Menard segregation plaintiff asked
C/O Rednour for a grievance so he could write a grievance on
C/O Coleman and C/O Mayar. C/O Rednour asked plaintiff what he
needed the grievance for? Plaintiff did not answer C/O Rednour's
question and C/O Rednour walked off. Plaintiff never received
a grievance from C/O Rednour. C/O Rednour was acting in
conspiracy with C/O Coleman and C/O Mayar as he was the one who
placed plaintiff in the cell after C/O Colman and C/O Mayar
ordered plaintiff to be placed in segregation. Defendants C/O
Coleman, C/O Mayar, Lt. Bediger, C/O Rednour, Counselor B. Mueller,
Warden Donald Hulick, Ami Workman, and Jackie Miller retaliated
on plaintiff for exercising his fifth amendment right, denied
plaintiff his due process right to be informed of the charges
against him and be present for a hearing on such charges and
present witnesses in his defense and to present a defense,
discriminated against plaintiff because of his Nationality
and subjected him to cruel and unusual living conditions by

5g

placing him in the segregation cell and area that they did.
Plaintiff was released from segregation on September 14, 2007,
while at Stateville C.C.

10. On December 13, 2007, plaintiff spoke to his attorney, Jean
Snyder, over the phone. Plaintiff asked Jean Snyder about some
legal documents he had sent her two weeks earlier. Ms. Snyder
stated that she had not received these documents. These documents
were a response from Grievance officer Ami Workman in which
responded to plaintiff's emergency grievance regarding the fact
that plaintiff had not received any ticket for an incident that
occurred in Menard C.C. on August 4, 2007, a response from ARB
in which Jackie Miller addressed a property issue concerning
plaintiff's typewriter being broken by IDOC staff when he was
transferred to Menard C.C. on August 16, 2006, and a response
from Jackie Miller where she denied plaintiff's September 9,
2007, grievance stating that plaintiff did not have to receive
a ticket for the August 4, 2007, incident at Menard C.C. Lt.
Johnson subjected plaintiff to harassment within 24 hours of
plaintiff's arrival at Stateville C.C. on November 7, 2007.
Lt. Johnson made threats of sending plaintiff to Tamms C.C.
because he was mad that plaintiff exercised his fifth amendment
right and would not falsely implicate prisoner Orlando Rivera
in the July 28, 2006, incident described in paragraph 1 of this
complaint. Defendant Lt. Johnson thereby subjected plaintiff to
cruel and unusual punishment and violated plaintiff's right to
freedom of association. Defendant Lt. Johnson did so by ordering
the mail described in this paragraph to be destroyed by the
mailroom supervisor.

11. This claim that plaintiff presents to the court arises from the living conditions at Stateville C.C., seperately and in totality.

12. Plaintiff was incarcerated at Stateville C.C. from November 17, 2005 to August 16, 2006, and was constantly subjected to living conditions that threatened his health and safety, deprived him of basic human needs, and denied him equal access.

13. While at S.C.C. plaintiff was constantly forced to choose between staying in the cell and giving up his recreational time or going to the condemned small yard. This small yard contains no access to drinking water, no weights or gym equipment, handball-court, or telephones as do the south yard and the gym. In order to have drinking water plaintiff must purchase soda pops or bottled water from commissary so that he can reuse the bottles to fill up with tap water. This is a problem first and foremost because it's hazardous to my health due to the millions of bacteria that builds up when re-using plastic bottles. Second, the bottles are usually confiscared by officers because they claim that us prisoners will store wine in them. This forces plaintiff to spend even more that he doesn't have on more bottles .

14. While at S.C.C. plaintiff was continually denied equal access to cleaning supplies to keep the cell clean. The only thing that was passed out were two very small bars of soap. Living in conditions where most of plaintiff's cellmates did not wash up, birds flying around the cell house deficating everywhere, mice in and out of my property box chewing through my food and deficating in my box, dust coming from everywhere including the vents, makes it highly possible and exposes plaintiff to the MRSA (staph infection). The dry air and dust made plaintiff's nose bleed on numerous occassions and constantly had plaintiff sneezing.

15. While at S.C.C. plaintiff was continuously subjected to living in poor cell conditions. The cells have no desk/table and stool to eat meals, write, type on, etc. There are no shelves to place the very expensive T.V. s that are purchased from the commissary and most importantly there are dangerous pieces of metal protruding from the cell walls causing a clear and immediate danger to plaintiff's well being.

16. While at S.C.C. plaintiff was continuously denied the oppurtunity to voice his opinion. Speech or the context of speech is restricted way beyond safety purposes. Many times plaintiff voiced his opinion &  in some instances was written a disciplinary ticket for Insolence. Which is loosely used for anything that annoys an officer or prison staff.

17. While at S.C.C. plaintiff was continuously deprived of his yard time. Plaintiff was forced to recreation hours that are intended for those in segregation. Recreation hours consist of five hours per week; two yard days a week which is 2.5 hours each day. This is the minimum time of outside recreation for

prisoners specified by law. As in the case of showers, this law was written for prisoners in segregation or being punished for disciplinary infractions, to insure the minimum standards in those temporary circumstances. In regard to long term living conditions S.C.C.s present practice of five hours per week is a misuse of this law's obvious intended purpose.

18. While at S.C.C. plaintiff was continuously subjected to flawed scheduling which forced him to choose between chow or yard, or chow or religious services, or any number of combinations of services that plaintiff is entitled to. Due to the constant shuffling of S.C.C.s schedule, plaintiff was denied a number of activities.

19. While at S.C.C. plaintiff was constantly forced to write his grievances to a flawed grievance procedure. The grievance system in S.C.C. is inadequate. A prisoner must place his grievance form in the institutional mail without a receipt. Many times the grievance is lost and never is received by the counselor. It takes at least a month for a counselor to respond to a grievance, so by the time plaintiff is made aware that the grievance was never received, the issue can no longer be raised. There have also been many instances where counselors hold the grievances until after t the deadline of filing the grievance, so that they could deny the grievances claiming that the grievance was not timely filed. Emergency grievances also take at least a week to receive a response, and the imminent danger standard for emergency grievances is never substantiated according to the Warden's opinion. When these practices are normal, it discourages plaintiff from writing necessary grievances.

20. While at S.C.C. plaintiff was continuously subjected to live in an envionment with poor infrastructure. S.C.C.s pipes are extremely old and contaminated with rust and lead. The pipes are broken in several cases with so many valves opening and closing and overlaping the dirty toilet water ends up mixing up with the drinking water. There are many unsanitary leaks. The wiring system is also mostly old and unsafe, causing many electrical dangers and fire hazards. Plaintiff was electrocuted when pushing a safety button on an electrical socket in cell 413 in F-house. Plaintiff informed Asst. Warden Jimmy Dominguez only to be told not to touch the button. The walls in the cell house are never cleaned, instead of cleaning the walls, they are just painted over. The walls contain mold and are very dirty, so the walls contain layer upon layer of dirt and mold.

21. While at S.C.C. plaintiff was continuously denied the oppurtunity for higher learning. Stateville has one vocational class; Barber training School. And had a G.E.D class. This is deliberate and unexcusable economic and social oppression. Thousands of men sitting in their cells all day, is not a corrections center. Plaintiff took and passed the G.E.D test on November 30, 1999, while in the Cook County Jail. Plaintiff

tryed to receive a informative packet from PCDI, which is a mail correspondence course. But, the packet was not allowed in the institution because it contained a 'contract' which must be signed to initiate the course. Plaintiff wouldn't of been able to afford the monthlybtuition anyway.

22. While at S.C.C. plaintiff suffered months of numerous ailments because he was denied medical treatment for Blastomycosis. When a prisoner has a medical concern in Stateville he must first speak with a Medical Technician who decides whether or not the prisoner's concern warrants a Doctor's attention. This results in the MT making a preliminary diagnosis. A diagnosis only a Doctor is trained to make. The danger here is obvious. If the prisoner is approved by the MT to see a Doctor this prisoner must then wait a period of two to four days at times, even if he states that he is in extreme pain. Where as then the prisoner is also charged a minimum price of $2.00 to receive asprin while he waits to receive attention from the Doctor. The danger in this waiting period is also obvious.

23. While at S.C.C. plaintiff was harrassed by staff and sometimes placed in segregation because of staff misconduct. Plaintiff sometimes had his grievances mysteriously disappear. And the ones that were answered were a slap in the face. Staff attitude, behavior, action and inaction can be just as dangerous, if not more dangerous than a prisoner's, yet there is no realistic system in place to monitor and check Stateville staff. When a prisoner committs a disciplinary infraction, or even as so much as annoys a staff member he is written up according to a well defined and organized chart of misbehavior catagories. He is tried and punished in a matter of days. But when a staff member committs the same or similar infraction there are no consequences. A prisoner's word is ignored, his complaint mocked. The staff members co-workers will rarely if ever bring light to an infraction or accuse him or her. This means there is no system of checks and balances at this crucial point in the safety and security of the institution.

24. While at S.C.C. plaintiff was continoously forced to stay in the cell or go to outdoor recreation with no raincoat on rainy days. Stateville does not issue raincoats to its prisoners. Stateville does not even sell raincoats on commissary. When plaintiff did participate in outdoor recreation on rainy days he had no where to hang his wet clothes because of Stateville's impairment of survaillence rule, sometimes getting sick, his clothes mildewing making him sicker.

25. While at S.C.C. plaintiff had to endure humiliating, inhumane and degrading body searches. In Stateville during strip searches of prisoners, correctional officers practice the bend and spread technique. Where a prisoner must bend over at the waist and spread his buttocks apart. This method is archaic. As well as

degrading and inhumane. In today's Technological Society there is no other reason for this method than to harass and demean plaintiff. Plaintiff was most often subjected to this method before and after contact visits. With plaintiff's family and loved ones being turned away if plaintiff refuses the bend and spread. Plaintiff was placed in segregation in 2002 for refusing the "bend and spread" order given to him by c/o Pork. And on the way to segregation plaintiff was told by c/o Leroy Banks that he would kill plaintiff if plaintiff refused to comply with the "bend and spread" order. c/o Banks also stated that he had killed a prisoner before and got accquitted by a jury. Lt. Washington was present for this incident. Plaintiff filed a grievance on c/o Banks but it was never addressed by anyone.

26. While at S.C.C. plaintiff was paid Slave wages for the work detail he was assigned to. On average 15 dollars a month for 16 hour days seven days a week. The law allows Slavery to exist only in prisons. This particular portion of the U.S. Constitution is the only piece of the constitution to not be amended to comply with the standards of present day society. Partially because prisoners are not allowed to vote in our "democracy." But more money hungry policy makers believe themselves to be taking ad advantage of the slave labor to their own profit.

27. While at S.C.C. plaintiff was continuously subjected to climate control that was cruel and unusual. The cell-houses in Stateville have no air-conditioning system. During the hotter months of the year, plaintiff was subjected to extreme temperatures, with no relief. During the winter months a heating system is activated. Yet open doors in the cell house caused dangerous cold drafts into those cells in the vicinity. The heat caused plaintiff to stay in the bed in front of the fan which did very little to keep plaintiff cool. Plaintiff would just lay in the bed and do nothing else. The cold caused plaintiff to lay in the bed under the sheet and blanket and do nothing else. The cold, many times, caused plaintiff to abstain from his six day a week sink bath.

28. While at S.C.C. plaintiff was only given one shower per week while in general population. This was before plaintiff was assigned to a detail. Plaintiff was assigned to a detail in May 2006. The law is clear, prisoners must receive one shower per week minimum. But this law was written in regards to those prisoners in segregation or those being punished for disciplinary infractions, to insure the minimum standards in those temporary circumstances. The prisoners in the State's supermax prison (Tamms C.C.) get more showers than the prisoners in Stateville's general population.

29. While at S.C.C. plaintiff never received a hot meal, never even warm. Breakfast, lunch and dinner were more often than not, lacking in any substantial nutritional value. This was and is

because the staff at Stateville steal the Nutritional/costly food and take it home to eat it. Plaintiff suffered stomach pains every time he ate a meal in Stateville. Plaintiff would only deficate twice a week because of these cold meals.

30. While at S.C.C. plaintiff's incoming mail was received rarely any sooner than two weeks from the postmark on the envelope, many times plaintiff's mail was not received for more than a month from the postmark. Mailroom staff at Stateville 'had' a stamp which was supposed to mark the envelope with the date indicating when the letter was received in Stateville's mailroom, instead the mailroom staff ws stamping the envelope with the date they were relaying the letter/money order to plaintiff  and all prisoner recipients, falsifying these documents, violating the trust of the U.S. citizens inside the prison and out. Stateville's Administrators and staff discontinued the use of this stamp (except for money orders) after inspection from the post master general and after having numerous prisoner grievances filed on the matter. Stateville started utilizing the Western Union Quick Collect service in 2003. But prisoners were still unable to use their funds until Stateville allowed them to do so, which wasn't until weeks or month later. All while Stateville received their profit from Western Union.

31. While at S.C.C. plaintiff had to use the bathroom (i.e. deficate and urinate) in full view of all eyes, and lived every second of his life with absolutely no privacy. Because administrators removed all the curtains from the cell houses since they were determined to be a fire hazard. Yet, prisoners and plaintiff is still allowed flamable sheets, blankets and mattresses. Plaintiff was given 15 days in segregation for a curtain ticket in August 2000.

32. While at S.C.C. plaintiff was not allowed a choice of carrier in making collect phone calls. This results in an illegal monopoly of phone service within Stateville. So the phone company did charge plaintiff's loved ones outrageous rates. Extorting plaintiff for the calls that he made. And detering him from calling ther family and loved ones who could not afford plaintiff's calls. Especially plaintiff's family members that live out of State. The Stateville administrators and Consolidated phone company are discrimanating against plaintiff because he is a prisoner.

33. While at S.C.C. plaintiff's commissary items were subject to constant variations of what was available, at the time his order was filled, and what was not. Therefore when plaintiff received his order from the commissary he always ended up lacking necessary items like hygeine products and ended up with an inadequate food or clothing supply. Especially when Stateville came off of one of its too frequent lockdowns during which there was no commissary orders allowed. Stateville prisoners are allowed to shop the first three weeks of the month. Any clothing or electrical item must be purchased during the first two weeks of the month. If plaintiff does not have the money to purchase such items during the first two weeks of the month he cannot purchase any clothing or electrical items. This a major problem because Stateville holds all its prisoners money orders for at least two

5m

weeks and Stateville does not give out freeefans and beard and
mustache trimmers.

34. While at S.C.C. plaintiff was given copies of shakedown slips
when an officer(s) conducted an official search of his living cell.
But, was never given anyoform of official recognition for strip s
searches, and pat downs, or property searches. Therefore, plaintiff
was subjected to constant harassment by correctional officers, and
many times sexual molestation or abuse.

35. While at S.C.C. plaintiff was continuously subjected to the
unwritten policy of being placed in the cell with ansopposing
member of the so called Security Threat Group. This was and is
done even though IDOC and Stateville administrators know that in
the majority of these situations, these rival prisoners are
incarcerated for violent crimes against one anothers famalies and
friends, and opposing organizations to which these prisoners
belong sometimes have histories of violence against one another
going back many decades. Stateville administrators knowingly, bla
blatantly put plaintiff and all prisoners' lives in imminent
danger. In 2001, one murder at least and one near fatal stabbing
can be attributed to this policy. Not to mention untold fights.
Not only are administrators jeopardizing the lives of more than
half of the Stateville prisoner population but they are
threatening the safety and security of all IDOC institutions.
In fact, plaintiff's case is a "HIGH PROFILE" case. Therefore, it
was in the media as a war between Latin Counts and Gangster
Disciples. Stateville has placed me in plaenty of cells where my
cellee was in Stateville's Security Threat Group file as being
a Gangster Disciple. Gangster Disciples are the largest orginization
in the U.S. and in Stateville.

36. While at S.C.C. plaintiff was subjected to water that was not
adequate for drinking or anything else. Plaintiff's skinnwas
constantly dry no matter how much lotion he used. The water was
hard when it came out of the shower heads and cauced a substantial
amount of hair to fall out of plaintiff's head.

37. While at S.C.C. plaintiff was subjected to resting on a
cloth and cotton matteess. These mattresses have been used and re-
used for years. They are torn up and filthy. There is no way to
wash them, much less sanitize them. Flimsy at best. Some contraband
from a previous user could be hidden inside and plaintiff would
have no way of knowing.

38. While at S.C.C. plaintiff was subjected to constant lockdowns
where there was not any movement. The prison would be placed on
lockdown because of a one on one fight. It is still like this
today. This is inexcusable. Especially given the fact that there
are no real programs; educational/job, as stated in plaintiff's
claim on education.

39. While at S.C.C. plaintiff was continuously subjected to second tabbacco smoke. PLaintiff was in non smoking cell two seperate times with two different cellees whom smoked all day long. These non smoking cells did nothing to filter the Stale smoke filled air within the cells. This was a most dangerous situation for obvious reasons. Plaintiff has problems breathing because of this.

40. While at S.C.C. plaintiff was not provided with meaningful access to the law library. PLaintiff was denied access to the law library during Stateville's excessively frequent lockdowns. Law library was limited to only two days a week for less than 30 prisoners per cell house of over two hundred fifty prisoners. There were numerous times when plaintiff could not obtain copys of his legal documents because the paralegal claimed the copy machine was broke. When plaintiff would submitt for the "three cases" permitted to a prisoner he would at times never receive them. And when he would receive them it would take some two to three weeks. All of this impeads and deters a prisoner from even going to the law library. Stateville administrators know this and do it purposely so that they have less work to do and so that more prisoners stay held against there will. When plaintiff had a case(s) shepardized he somtimes never received it or it took one to two weeks to receive. This, added to the fact that Stateville holds prisoners mail coming from a Court Clerk's office as regular mail and the fact that Illinois Courts are sticklers on timeliness and the fact that plaintiff is pro-se in his criminal case, is a impeadement to the courts.

41. The overwhelming mental tension caused by all of plaintiff's claims is in itself a claim. Living everyday under these conditions with no relief being in sight, with no way to release the frustration and anger without plaintiff digging a deeper hole for myself, without even being able to express myself is psychological torture. Year after year after year. Plaintiff is forced to try to function under this constant stress along with the regular stresses of being incarcerated. Yet, IDOC administrators can't fathom why their officers are attacked. Policy makers can't figure out why the majority of prisoners who are released can't function and are returning over and over again, until they are here to stay for good. Most prisoners won't talk to a psychiatrist because they fear being forced to take psychotropic drugs. Besides a psychiatrist can't improve the conditions and repression i.e. corporal punishment. The staff members are taught the "IT'S US AGAINST THEM" measure. Plaintiff notes that he was transferred back to Stateville on November 7, 2007, and has been confined there since.

42. Defendants Wardens Dee Battaglia, Jimmy Dominguez, Alex Jones, subjected plaintiff to cruel and unusual living conditions as they knew about the conditions and facilitated them, approved them, condoned them and turned ablind eye. Thereby acting knowingly and with deliberate, reckless indifference. These defendants also denied plaintiff his right to freedom of Religion and the RLUIPA and plaintiff's right to equal access. Prisoners in the State's Supermax Facility (Tamms C.C.) are not subjected to these living conditions.

43. Plaintiff was received to the IDOC October 28, 2005, at the Stateville Correctional Center, under defendant Warden Dee Battaglia and John/Jane Doe defendant business administrator who acting in conspiracy, collusion and corroboration with defendant Roger E. Walker Jr embezzled, stole and deliberately missapp-ropriated plaintiff's Illinois State appropriated $10.00 monthly idle pay to accrue to their personal benefit and gain in violation of Illinois State law, IDOC rules and plaintiff's rights under the 5th and 14th amendments to the U.S. constitution.

44. While at S.C.C. plaintiff was deprived of his idle state pay due to institutional lockdowns, segregation confinement and legal expenses. Defendants Dee Battaglia and John/Jane Doe business administrator acting in collusion, corroboration and conspiracy with defendant Roger E. Walker Jr, took and otherwise withheld plaintiff's idle pay from him whenever he was confined to segregation, the prison was on lockdown xtatus in violation of Illinois state law, IDOC rules and plaintiff's rights under the 5th and 14th amendments to the U.S. constitution.

45. Plaintiff was transferred from Stateville C.C. to Menard C.C. on August 16, 2006. Thereat defendant Warden Donald Hulick and John/Jane Doe business administrator continually diverted plaintiff's idle pay to their benefit and gain, whenever plaintiff was confined to segregation, prison lockdowns, legal expenses i.e. legal mailing cost and xeroxcopying, said defendants were acting in collusion, corroboration and conspiracy with defendant Roger E. Walker Jr to defraud plaintiff of his property entitlement set apart for his basic hygenic needs. Defendants' acts are in violation of Illinois state law, IDOC rules and plaintiff's rights under the 5th and 14th amendments to the U.S. constitution.

46. All named and unknown named defendants have continually deprived plaintiff of his idle pay reportedly due to lockdown status segregation placement, medical co-pay, legal expenses, and court filing fee cost. Same deprives plaintiff of his constitutional rights under the 5th and 14th amendments to the U.S. constitution.

47. All named and unknown named defendants were acting under color of Illinois state law and each is sued in his or her indivi-dual and official capacitie.

48. All named and unknown named defendants conspired and acted by express and implied consent to participate in the illegal plot of racketeering by unlawfully stealing Illinois state appropriated prisoner funds through embezzelment, diversion, fraud, and misappropriation that has and continues to accrue to defendants' personal benefit and gain in violation of the Illinois state law, IDOC rules and plaintiff's rights under the 5th and 14th amendments to the U.S. constitution.

49. All named and unknown named defendants acts, conduct, miscond-
uct and omissions made intentionally, knowingly, arbitrarily and
willingly in collusion, corroboration and conspiracy by express and
implied consent, in bad faith, with deliberate indifference and
total reckless disregard of plaintiff's rights he retains under
the 5th and 14th amendments to the U.S. constitution to equal
protection and due process.

50. All named and unknown named defendants deprived plaintiff of
his rights, privileges, property entitlements and immunities under
the Bill of Rights, Article 1, Section 2 of the Illinois State
Constitution.

51. All named and unknown named defendants deprived plaintiff of
his rights, privileges and immunities preserved them by virtue of
Illinois State law.

52. All named and unknown named defendants denied plaintiff of
his rights retained through promogulation of IDOC rules and
regulations.

53. Each named and unknown named defendant acted on a plan or
resistance to deprive plaintiff of property without due process
of law and this unlawful practice is apattern of abuse that has
continued throughout plaintiff's entire incarceration, as each
defendant embezzelled plaintiff's idle pay for the illegal
reasons set forth in plaintiff's claim. Even though no language
in the law authorizes withholdal of plaintiff's monthly stipend
pay for any reason. But, since each defendant has and continues
to confiscate plaintiff's idle pay for the same illegal reasons,
their pattern of resistance is pursuant a racketeering scheme
to defraud the federal government, Illinois law makers, Illinois
tax payers and the plaintiff of monies appropriated for plaintiff's
hygienic care, resulting in numerous prisoners being made into
paupers and causing them to incur and suffer exorbant and
tremendous legal expenses, which forces them to choose between
pursuit of legal remedies to obtain their freedom or challenge
their conditions of confinement and have their idle pay taken for
legal cost, or, in not litigating and trying to hold on to their
stipend pay to purchase the basic civilized measure of life's
necessities. This pattern of defrauding the federal and Illinois
State governments, the American people and plaintiff deprives
plaintiff of his rights under the 5th and 14th amendments to the
U.S. constitution, as stolen monies are never reimbursed plaintiff
and is also never reimbursed to the Illinois State Treasury, but
goes into their pockets and caches of defendants who are predatory
racketeers diverting plaintiff's idle pay for their personal
benefit, enjoyment and gain and this pattern of abuse remains
on going between all IDOC directors and institutional facilities
of the IDOC, unchecked and at the defendants' leisure.

"54. Plaintiff suffered the following while at Stateville C.C. on court writs between the times of August 23, 2006-October 4,2006, November 21, 2006,-December 6, 2006, May 30, 2007-June 6, 2007, September 5, 2007-September 19, 2007. Plaintiff suffered the same injuries when he was transferred to Stateville from Menard to be placed in general population. Plaintiff was placed in F-house from November 20, 2007-December 31, 2007. Plaintiff was placed in F-house for his court writs mentioned above as well. Plaintiff was housed in F-house for a total of 119 days. Plaintiff suffered the following.

55. Plaintiff received one dirty, torn, sheet and a state blanket which shed hair and got all over plaintiff's clothes and in his eyes and throat and made it hard for plaintiff to see and made plaintiff cough. Plaintiff did not receive anything else but the above. No cleaning supplies, etc., with the exception of toilet tissue. Plaintiff was placed in a cell where everything was dirty-ceiling, walls, toilet, table, bedframe, door to cell, the matress. The matress was full of lumps which caused plaintiff's back to hurt. Plaintiff did not receive a pillow which cause his neck and head to hurt. Plaintiff did not receive any cleaning supplies other than two extremely small bars of soap the times he was on court writ status. He received a small amount of watered down disinfect once during his November-December 2007 stay in F-house. There were no stools in some of the cells plaintiff was placed in. The toilets flush once every 15 minutes in F-house. Plaintiff received one ten minute shower per week in shower that had a extremely low water pressure which made it hard to wash the soap off of him in a reasonable amount of time. Plaintiff was denied his Religious vegetarian diet tray at all times he was in F-house. Plaintiff had to eat the few fruits and vegatables that were not defiled by the meat on the regular tray. Plaintiff suffered headaches, lightheadedness, and stomach pains from lack of nutrition. Plaintiff never received a hot or warm meal while in F-house. Everyday the trays were left on the chokehole for at least an hour or sometimes two. Plaintiff did not receive a hot or warm meal when he was in the temporary housing part of F-house during the November-December 2007 stay in F-house. The temporary housing cells get their trays/meals as soon as they are passed out. Plaintiff was only able to obtain 4 hours of rest each day that he was in F-house. This is because the cell house is infested with roaches. These roaches would crawl on plaintiff while he was resting and cause him to arise from his rest. Plaintiff would have to turn on the light and stay up all of the remainder of the night. The law library service in F-house is inadequate. Plaintiff was not allowed meaningful access to the law library. The only service in F-house is as follows: Three cases per week, five shepardized case cites, xeroxcopies and they say they will do research for you. It takes a week(s) to receive any of the above services. The paralegal does not always make her weekly round. The risk of missing a deadline is obvious especially considering plaintiff is pro-se in his criminal case  and does not have any kind of law degree.

A week is enough time for a prisoner/law clerk to familiarize him-
self with plaintiff's legal in order to become a State witness
against plaintiff. There is nowhere to put your clothes and shower
gear when in the shower in F-house. Plaintiff was placed in a cell
with another prisoner. This cell did not meet the 50 square feet
per prisoner requirement. The cell was 4x9 in size. Plaintiff was
given two recreation days. This is the only movement besides med-
ical reasons and visits. There are no ladders to get on the top
bunk with. Plaintiff had to use the toilet and sink to get on the
top bunk. Plaintiff hurt himself a few times getting on the top
bunk. On the F-house recreation yard there are a few tables, two
basketball courts, and a handball court, and maybe 4 working
phones. There are no weights to lift. Plaintiff did not get to use
the phone in the cell house because it was not provided as is
supposed to be once a week. Prisoners in the rest of the prison
are allowed to lift weights on the South yard and in the Gymnasium,
as those weights were purchased with the Inmate benefit fund.
There is only hook in the wall in the cells in F-house so only one
towel can be hung to dry. If plaintiff were to hang a towel or
anything else on the bed rail any staff member could have
written him a ticket for obstructing surveilance. So plaintiff's
towel(s) and his cellee's towel would get dirty from the dampness
of the water. The staff was suppose to pass out razors once a week
in F-house but didn't always do so. When they did, it would be on
a saturday. By the time plaintiff's courtdate came around he would
have facial hair grown back. Plaintiff did not receive a haircut
but once while he was in F-house because prisoners there are not
allowed access to Barber facility. There is at least one prisoner
barber in F-house but the staff does not allow prisoners once a
week haircuts. Plaintiff always broke out with red bumps  all over
his body when in F-house because F-house is not properly sanitized.
Breakfast was served to plaintiff between 2-2:30am in F-house. The
Plaintiff's esophagis would hurt because of this. There were mice
in F-house which eat pieces of peoples' property. If plaintiff
has any medical in F-house he has to wait untill the Med tech
makes rounds in the morning monday-friday only. Then, wait another
two days to see a Doctor or get diagnosed by a med tech in order
to see a Doctor. Med Techs are not suppose to make a diagnosis-
only Doctors are. Defendants Warden Terry McCann, ARB chairperson
Jackie Miller, and IDOC Director Roger E. Walker Jr subjected
plaintiff to the cruel and unusual living conditions as they knew
about the conditions and facilitated it, approved it, condoned it,
 and turned a blind eye. Thereby acting knowingly and with
deliberate, reckless indifference. The defendants also violated
plaintiff's right to freedom of Religion and the RLUIPA, and
plaintiff's right to equal access.

56. This claim that plaintiff presents to the court arises from the living conditions at the NRC building at Stateville. Plaintiff suffered the following while housed at the NRC building on court writ status from February 21, 2007-March 7, 2007.

57. Plaintiff never received his Religious Vegatarian diet tray while in the NRC. Plaintiff had to eat the very small portion of fruits and vegetables that were on the regular tray. These meals were always cold. Plaintiff was not allowed any recreation. The rec in the NRC CONSIST OF THREE HOURS. Plaintiff was placed in cell H110 first. There was no heat or hot water in this cell. Plaintiff had to washup with cold water in a cold cell. There is no law library in the NRC period. Plaintiff received one roll of tissue that plaintiff had to share with his cellee for a week on 2/23/07. Plaintiff received one ttothpaste, one toothbrush, and one extremely small bar of soap on 2/23/07. No other cosmetics. Prisoners in the NRC are allowed to shop once a month. so if plaintiff would have had to stay longer than he did he would of had to wait til the 3rd week of the month to shop. This wait without the cosmetics that plaintiff was suppose to receive. There are no ladders in any of the cells to get on the top bunk. Plaintiff was on the top bunk and had to literally jump off the table or sink to get on the top bunk and then jump off the top bunk in order to get off of it. There are no hooks in the wall of these cells to hang plaintiff's towels. Plaintiff did not receive a pillow. Plaintiff received one sheet. Plaintiff received a filthy, stinking mattress while he was in cells H110 and M303. There is no laundry system for [clothes]. I was allowed to clean the cell (M303) once. Every cell I was assigned to was dirty and I mean filthy. When plaintiff was moved to cell M303 he asked c/o Adolph for cleaning supplies and she said she would give plaintiff some but that there none. I was given a shower once a week which is intended for people in segregation. These showers had dirt, scum and gnats in them. These showers have no where to put plaintiff's towel and clothes without them getting wet. The light in cell M303 had a light that didn't work. The cold water pressure was extremely low. The toilet flushed once every 15 minutes. There are no Barber facilities in the NRC. Razors were passed out once a week on saturdays. So when plaintiff went to court on tuesday February 27, 2007, he had hair on his face and neck and did not look presentable. The water pressure (hot and cold) in cell H303 was so high it reached into the toilet and got all over the floor. The toilet in this cell flushed once every 15 minutes. Plaintiff was served breakfast at 2am in the NRC. Plaintiff was moved back to H-house because the sewer and toilets flooded in M-house on 2/28/07. On 3/5/07 plaintiff was moved back to M303. Plaintiff informed Lt. Burzinski (named as John Doe Lt. in plaintiff's grievance), c/o King and c/o Garner of the mattress in M303 being full of lumps, torn,

stained and reeking of who knows what. Lt. Burzinski did not
let plaintiff take the mattress (which was a clean one) from
H303 to M303. Neither would c/o King or c/o Garner. The N house
toilets and sewer flooded on 3/5/07. Plaintiff coudn't take a
shower on 2/22/07 because he did not have his property yet.
Plaintiff received his property on 2/23/07. There are mice that
enter the cells in the NRC. Plaintiff had to chase some out of
the cell. There are no med techs that make rounds. Plaintiff
would have to write the Health Care Unit if he had a medical
issue and pray he received a response. On 3/6/07 one of the pris-
oners in M103 had a seizure. His cellee hollered for half an hour.
The c/o working the cell house told him to do CPR on his cellee
in a joking manner. Later he said "tell your cellee lay down,
you're gonna be alright." Later this c/o said "your cellee
shouldn't of came to jail." After his cellee yelling for 30
minutes the Med Tech finally showed up. Defendants Warden Terry
McCann, Lt. Burzinski, c/o King, c/o Garner and c/o John Doe
violated plaintiff's right to be free from cruel and unusual
punishmant, plaintiff's right to freedom of Religion and the
RLUIPA, and plaintiff's right to equal access.

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A. Reasonable and appropriate compensatory damages arising from the wronful conduct of all defendants; B. punitive damages from these defendants in amount to be ascertained at trial; C. cost, expenses, and reasonable attorney fees; and D. such other relief as this Court deems necessary and proper.

VI.    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 29 TH day of July , 20 08

_Michael mejia_

(Signature of plaintiff or plaintiffs)

Michael Mejia

(Print name)

K83133

(I.D. Number)

Stateville C.C., P.O. Box 112
Joliet, Il. 60434

(Address)

6

Revised 9/2007

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## OFFENDER'S GRIEVANCE

| Date: July 28, 2006 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Harrassment

- [ ] Disciplinary Report: ____/____/____
  Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the date of July 28, 2006, Grievant was escorted to Internal Affairs in handcuffs because of a fight in Bravo house. Upon arrival, Grievant was sat in a chair by I.A. C/O Tasalis. Grievant immediately told C/O Tasalis that he pleads the 5th amendment right to remain silent. C/O Tasalis then called Grievant a "tuff, smart ass". After a while, Major Gobble entered the room and tryed to question Grievant. C/O Tasalis then told Major Gobble that Grievant plead the 5th. Major Gobble held Grievant in the I.A. office from 8:50 am - 10:13 am. During this time, Major Gobble told Grievant that he would let Grievant keep his cell house help job if Grievant provided -

**Relief Requested:** _____(See back page)_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Michael Mejia_      K83133      8/10/06
Offender's Signature      ID#      Date

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|

Date Received: ____/____/____    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name      Counselor's Signature      Date of Response

---

| **EMERGENCY REVIEW** |
|---|

Date Received: ____/____/____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature      Date

false information that Prisoner Orlando Rivera put a hit out on the person Grievant fought. Major Gobble then told Grievant that he would make sure Grievant received a gang activity ticket, got found guilty on the ticket, and got transferred to Tamms c.c. if Grievant did not provide the above false information. Major Gobble then told Grievant he would allow Robert Gall to visit Grievant if Grievant provided the above false information. And if Grievant did not provide the above false information he (Major Gobble) would see to it that Grievant never receive a visit from Robert Gall; and that he'd make sure Grievant was transferred to Pontiac c.c. and then Menard c.c. Grievant recently wrote a grievance on Major Gobble for denying Grievant visits with Robert Gall because Mr. Gall was a prisoner in the IDOC seven years ago. Grievant alleged in that grievance that Major Gobble conspired in retaliation against him because Grievant recently filed suit against IDOC officials. (See Mejia v. Ruffin, et al., 2004 WL 422643 (N.D. Il. 2004)) Very shortly before Robert Gall was denied visiting with Grievant, Major Gobble allowed someone who is on parole to visit another prisoner. (See attached grievance) Grievant resubmitted his request to Warden Jones but never received a response. Stateville specifically and especially denies spanish speaking people their rights to visitation. After a while Major Gobble left the room and then C/O Tasalis began to read the institutional Master File on Grievant and began to ask Grievant "why didn't you shoot the victim instead of your rappy (co-defendant)." This violates my constitutional right to have counsel present during questioning on a case that I've been indicted on. Major Gobble then came in and tryed to get C/O Agero to question me and she did try. Major Gobble told C/O Agero "maybe he'll speak to you since he's your people." Grievant was handcuffed the whole time with his hands behind his back. These cuffs were so tight that Grievant's right elbo on down to his fingers are still numb to this day. Major Gobble stated to Grievant before he left the room "since you don't talk at all I'll see how you like Menard c.c." E.O.G

## Relief Requested:

Grievant request that Major Gobble, and C/O Tasalis be fired for their actions; That Robert Gall be allowed to visit Grievant; That Grievant not be transferred out of stateville; Grievant seeks monetary damages. E.O.R.R.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.22.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Retaliation Harassment

- [ ] Disciplinary Report: ____/____/____
  Date of Report _____ Facility where issued

> **Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

> **Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
> **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
> **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
> **Chief Administrative Officer,** only if EMERGENCY grievance.
> **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the date of August 10, 2006, Grievant wrote a grievance on Major Gobble and C/O Tasalis in regards to an incident that occurred on July 28, 2006, at Stateville C.C. That grievance has not been answered by the Stateville grievance officer and will be included with this one now that Grievant is in a new facility. Indeed, Major Gobble followed through with his threats of transferring Grievant to Menard C.C. when he had Grievant transferred to Menard C.C. on August 16, 2006. E.O.G

**Relief Requested:** Grievant request that Major Gobble be fired immediately and C/O Tasalis too; that Grievant be transferred back to Stateville C.C. population immediately; Grievant seeks monetary damages. E.O.R.R

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| michael mejia | K83133 | 8.22.06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| _____ | _____ | ____/____/____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? [ ] Yes: expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| _____ | ____/____/____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

UNITED DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.25.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Retaliation : Harrassment

- [ ] Disciplinary Report: _____
                          Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On the dates of August 10 and 20, 2006, Grievant
filed a grievances in regards to an incident that occurred
on July 28, 2006; these grievances were filed on Major Gobble
and C/O Tasalis. Major Gobble followed through with his threats
by having Grievant transferred to Menard C.C. on August 16,
2006. While in Menard C.C. Grievant did not get a hold
of a grievance until August 22, 2006, and a few minutes
after writing a grievance on Major Gobble and C/O Tasalis
for having Grievant shipped, Grievant was told that he was going
to court and to pack his property. So, Grievant never had a chance —

Relief Requested: _____

(see back page)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 8, 25, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____ / ____ / ____      [ ] Send directly to Grievance Officer      [ ] Outside jurisdiction of this facility. Send to
                                                                                        Administrative Review Board, P.O. Box 19277,
                                                                                        Springfield, IL 62794-9277

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____      Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

to copy that grievance but does now that he is in Stateville C.C
on a court writ. So that grievance will be submitted with this
one. Grievant writes this grievance to further his claims against
Major Gobble by the following:

Grievant received a "Fighting" ticket for the July 28, 2006
incident. Grievant received 1 month seg. and 1 month C grade for
this ticket. Moreover, Major Gobble had Grievant transferred even
though Grievant had an August 24, 2006 courtdate in the Cook
County Criminal Courts Building in Chicago. This was eight
days after Grievant was transferred. Stateville C.C. has a
procedure in which they will not transfer a prisoner who **has**
a courtdate within 45 days unless they have an extreme
disciplinary infraction placed on the prisoner. Grievant had
a mere 30 days seg. for a "Fighting" ticket. By Grievant's
court writ being in the prison's computer, Major Gobble did
know of Grievant's court writ. Therefore, Major Gobble broke
the rules to transfer Grievant to Menard C.C. on August 16,
2006. E.O.O

Relief Requested:

Grievant request that Major Gobble be fired for trying
to get Grievant to waive his 5th Amendment right to remain
silent and then transferring Grievant for exercising that right;
that Grievant be transferred back to Stateville C.C. population
immediately; Grievant seeks monetary damages. E.O.R.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 11.10.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Conspiracy

- ☐ Disciplinary Report: _____ / _____ / _____
  Date of Report                                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On November 14, 2006, Grievant spoke to his mother about a hardship transfer he was trying to obtain. After speaking to his mother (Marisol Garcia) Grievant learned that Governor Rod R. Blagojevich's office contacted Stateville C.C. staff and was told that the Stateville staff said Grievant told them that his codefendant was his enemy. Grievant would like to make it clear that he never told anyone, especially Stateville staff, that his codefendant or anyone else was or is his enemy. The reason Stateville staff told the Governor's office this is ---

**Relief Requested:** Grievant request that all staff mentioned herein be fired, that he be transferred back to Stateville C.C. immediately, that he be allowed to see a psych Doctor and that he be given monetary damages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 11 / 16 / 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

**Counselor's Response (if applicable)**

| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance |
|---|---|---|
| | | ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |
|---|---|

because they are covering up the fact that Major Chuck Gobble had me transfered because I got into a fight with a prisoner by the name of Nahim Zak #R45951 and exercised my 5th Amendment right to remain silent when Major Gobble tryed to question me about this fight. Major Gobble also tryed to get Grievant to falsely implicate a prisoner by the name of Orlando Rivera in this fight by telling Grievant that if he lied and said Rivera put a hit out on Zak he (Gobble) would let Grievant keep his job and let Grievant's visitor (Robert Gall), whom he recently denied visitation, visit with Grievant. Grievant wrote a grievance on Major Gobble for the visitation situation claiming (a) Retaliation for a previous civil suit dealing with visitation and (b) Conspiracy for conspiring with warden Alex Jones (whom was a defendant in the visitation civil suit) to Retaliate on Grievant for filing suit on Alex Jones. Grievant also filed three grievances on Major Gobble for the Retaliatory Transfer and Harrasment ~~~~~ dealing with the fight Grievant had with prisoner Zak. These three grievances and the grievance against Major Gobble for the visitation situation are all pending before the A.R.B in springfield.
   So due to the fact that Grievant never told any Stateville staff that his codefendant (Israel Ruiz K83131, whom is in Stateville C.C.) is his enemy, Grievant now brings this Conspiracy claim against c/o E. Agero, Tasalis, Charles and Rodrigez as they are the Internal Affairs officers from Stateville C.C. who tryed to question Grievant on the day of his fight with Zak. As the A.R.B should know any prisoner enemy/Keep away situation is dealt with by Internal Affairs. Therefore, the above named I.A. c/os falsified the Master file on Grievant by saying Grievant told them his codefendant is his enemy in order to cover up for Major Gobble and justify Grievant being transfered to Menard C.C. which is hundreds of Miles away from where his loved ones live.
       Pursuant to 735 ILCS 5/109, I declare, under penalty of perjury, that the above is True and correct to the best of My Knowledge.
                    E.J.O

P.S. Prisoner Zak is in Menard C.C. but these stateville staff dont seem concerned about keeping us away from eachother; ~~~~ even though he is still fighting a Murder case in cook county. for the record Grievant and Zak are not enemys.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 12.28.06 | Offender: (Please Print) Michael Mejia | ID#: K03133 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Harrassment Conspiracy Retaliation

- ☐ Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On or about 12.2006 Grievant received a letter from his long time friend, Angie Mijares. In this letter Ms. Mijares stated that she had received to letters from Grievant the weekend before 11.27.06 - one dated 10.20.06 and the other dated 11.15.06. She also stated she did not receive the other letter I enclosed ~~[struck out]~~ for Governor Blagojevich along with the exhibits referrenced therein. This letter for Blagojevich was asking him to intervene on a situtation that occured in Stateville C.C. where Major Oobble sent me to Menard C.C. on a Retaliatory Transfer for exercising my constitutional —

Relief Requested: Grievant request to see a psych doctor. That all staff found to be involved be fired. That he be transferred back to Stateville C.C. immediately. That he be given monetary damages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Michael Mejia_
Offender's Signature    ID# K83133    Date 12.28.06

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____

Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

Right among other things and where the I.A. officers from Stateville C.C. covered it up by falsifying my master file with a false claim of me telling them I had an enemy in Stateville C.C. which I never told them.

I learned of this false information while speaking to my mother, Marisol Garcia, over the phone. After she relayed this info to me I told her that I'd be writing to Blagojevich myself to explain the situation which gave rise to this whole situation. The next day I did so and mailed all the documents referenced herein to Ms. Mijares in order for her to forward it to Blagojevich's office through certified mail. And as I previously stated, Ms. Mijares never received the documents but did receive the letter I wrote her.

Whoever listened to my phone call to my mother on 11.14.06 conspired to keep me here in Menard C.C. by having contacted the I.A. office and informing them of my intentions to expose the stateville C.C. staffs' misconduct. The I.A. then contacted the 11-7 shift staff in the East house on 11.14.06 and 11.15.06 and had them throw away my mail. This was done in order to keep me here in Menard C.C. at the hands of the Racist European staff members and to cover up for their fellow IDOC coworkers from stateville C.C.

I need to know the name of the staff member(s) who listened to my phone call to my mother on November 14, 2006, the I.A. who were involved and of every staff member who worked in the East house on the 11-7 shift on 11.14.06 - 11.15.06, so that I can amend my grievance with their names. E.O.C

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7. 8. 07 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability    Harrassment
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA    conspiracy
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Retaliation

☐ Disciplinary Report: ____ / ____ / ____
     Date of Report             Facility where issued

> **Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Brief Summary of Grievance: On 2.8.07, Grievant received a letter from his long time friend, Angie Mijares. In this letter Ms. Mijares stated that she had received a letter from me. The letter she is referring to is a letter I wrote her in December 2006. In this letter she says she did not receive some of the paperwork that was spose to accompany the letter. In that letter I sent her a complaint on an attorney named Scott D. Sherwin which I asked her to forward to the ARDC. I also sent her a letter I typed in which I was trying to obtain pro-bono representation for some 1983 civil suits I intend to file. She also stated that she did not receive another ___

Relief Requested: Grievant request to see a psych Doctor. That all staff found to be involved be fired. That he be transferred back to stateville C.C. immediately. Grievant seeks monetary damages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _michael mejia_ | K83133 | 7. 8. 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 4 / 11 / 07    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Inmate claims incident occured on 2/8/07 & is not within the 60 day time frame of filing a grievance. Issues will not be addressed.

| N. Schwan | N. Schwan | 4/13/07 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____
Chief Administrative Officer's Signature        ____ / ____ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

envelope I sent her which soley contained some addresses to pro-bono attorneys. This was sent to her so that she could copy the before mentioned letter and mail to all the addresses.
    This is the second and third incident that occured with my mail in Menard. I have a grievance pending on my first issue regarding the intentional discarding of my legal mail.
    The Menard staff is doing this in collusion with their stateville counterparts misconduct as stated in the first grievance.
    I need to know the name of the staff members (I/A) and mail room staff whom are in charge of investigating my mail so that I can amend my grievance with their names. E.O.O

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 2/28/06 | Offender: (Please Print) Michael Mejia | ID#: K-83133 |

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Retaliation

- ☐ Disciplinary Report ___/___/___
  Date of Report                          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance:    This grievance is being filed in accordance with 504.

810 as a direct result of retaliation against grievant for filing

a lawsuit against his visiting privileges being violated.


"STATEMENT OF FACTS"


On January 12, 2006, grievant received a memo denying the

afore mentioned name Robert E. Gall visiting the grievant due to

him being a prior incarcerated felon within the Department of

Corrections are reviewed on a case by case basis. (See back pg.)
(See, attached, Memo)

Relief Requested:    That Robert E. Gall be allowed to visit me; that Chuck Gobble

be fired/suspended without pay and; Grievant seeks monetary damages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _Michael Mejia_ | K83133 | 2.28.06 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 3/21/06    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:    On 3/21/06, this counselor contacted Warden Jones' office and it was recommended

that the request for visitation be resubmitted now. Offender can submit the request.


| L. Dennis | _L. Dennis_ | 3 / 21 / 06 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?

☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | ___/___/___  Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

The grievant's right to equal protection was violated due to the denial of his right to receive visitors of his choice. The grievant's visitor was denied visitation privileges due to him being incarcerated. Robert E. Gall was paroled in January 1999 for a U.U.W; simple possesion and was shortly thereafter positively discharged from parole. Now I find out Major Chuck Gobble just earlier granted visitation for another person who is still on parole and granted him a once a month visit. Also that after six months if he does not violate any rules he can maintain normal visits. (See, attached, affidavit from Robinson)

Major Chuck Gobble denied me my visiting privilege because I had previously filed a lawsuit and won. (See Mejia v. Ruffin, No. 03 C 3009 February 12, 2004) I was talking to an inmate Robinson #R-06720 who had just recently had a similar request from Major Chuck Gobble. As previously stated in the grievance the Major, Chuck Gobble, allowed the visitation once a month and that after 6 months regular visits can be resumed if no rule violation occured during the first six months.

This disregard for grievant's visitation right to have visitors without disruption or retaliation from officials even though a suit has already been filed by the grievant. The grievant is being denied his due process rights of the 14th amendment and also his eighth amendment right of cruel and unusual punishment by the Major Chuck Gobble when he retaliated against grievant for filing his suit and granted others their visitation rights.

E.O.G



**Illinois
Department of
Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL  60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

January 12, 2006

Robert E. Gall
9545 S. Commercial
Chicago, IL 60617

RE:    **VISITATION – INMATE MICHAEL MEJIA, K-83133**

Dear Mr. Gall:

I am in receipt of your request to visit with the above-mentioned inmate.  Prior incarcerated felons within the Department of Corrections are reviewed on a case-by-case basis. Your request for visitation is being denied.

However, you may request a review of this in writing **six (6) months** from the date of this letter.

Sincerely,

Chuck Gobbleau

Chuck D. Gobble
Acting Assistant Warden of Operations
Stateville Correctional Center

CDG:dhb

cc:    Inmate Michael Mejia, K-83133 (B-06-02)
Inmate Master File
File

STATE OF ILLINOIS)
                 ) SS.
COUNTY OF WILL   )

### AFFIDAVIT

1.  I, Jeremiah Robinson, being first duly sworn upon oath depose and state that the following foregoing facts are true and correct to the best of my personal knowledge and belief:

2.  That I am the affiant in the above cause.

3.  That I received a memo from warden Chuck Gobble regarding my visitor.

4.  It was granted for once a month for the first six months, then it will go to regular visits if no violation of the rules occures.

5.  That my visitor is still on parole and is allowed to visit with permission from his parole officer.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

*Jeremiah Robinson*

Jeremiah Robinson
Reg. No. R-06720
Stateville C.C.
P.O. Box 112

SUBSCRIBED AND SWORN TO BEFORE

ME THIS 20th DAY OF Mar. 2006.

*Crystal L. Mason*

NOTARY        PUBLIC

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

Asst. Warden Alex D. Jones
Stateville C.C.

March 22, 2006.

RE: Visitation

Dear Warden Jones:

    I am writing to you in hopes of getting your approval for
visitation with a long time friend of mines who was denied
visitation with me because he was at one time a prisoner within
the Il. Dept. of Corr.

    Acting Warden Gobble denied my visitation with Mr. Robert
E. Gall because of the before mentioned reason. But this same
Warden Gobble just weeks before denying my visitor had approved
another prisoner's (Robinson #Ro6720) visitor to visit prisoner
Robinson although he is currently on parole.

    My visitor was released from IDOC in January of 1999 on
parole for a UUW; simple possesion, and was thereafter **positively**
discharged from parole on his scheduled discharge date.

    Warden Jones I ask that you allow my visitor; Robert E.
Gall, to visit me.

    I want to "thank you" for any and all assistance you may
provide me with.

Respectfully submitted,

Michael Mejia #K83133
B-house 602

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 12.12.05 | Committed Person: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] Other (specify):

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report                Facility where issued

Received
Grievance Office

DEC 2 0 2005

STA # 2470

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: On the date of 11.14.05 my medication for my Blastomycosis and Anemia ran out. And I was never given a refill. I informed the doctor in the NRC that I was suppose to be on the Anemia medication Untill 12.28.05 + not 11.28.05 and that I had an appointment at Stroger Hospital in Chicago, Illinois, on 11.30.05. And I told the doctor that he could verify these two claims by calling Cermak medical center, which was on my medication, to confirm →

Relief Requested: That I be taken to Stroger Hospital for a check up. That I be given my medication. That the Medical staff found responsible be fired. Grievant seeks Monetary damag

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 12, 12, 05 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

| **Counselor's Response** (If applicable) | | |
|---|---|---|
| Date Received: _____ / _____ / _____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: 12 / 20 / 05 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

| Dee L. Battaglia | | 12 / 21 / 05 |
|---|---|---|
| Chief Administrative Officer's Signature | | Date |

that my Anemia medicine was suppose to be given to me untill 12.28.05 and that he could call Stroger Hospital, Pulmonary Clinic, Dr. Monty, to confirm my 11.30.05 appointment.

When I arrived at the Stateville C.C. on 11.17.05 I told the doctor in the HCU all of the same information I told the Doctor in the NRC. And that I'm suppose to receive a Nutrition support Diet.

I was never given my medication for my Blastomycosis or Anemia and I was never taken to Stroger Hospital.

I have been suffering from headaches, dizzyness, night sweats, chills, hot flashes, coughping up blood, extreme pain in my left upper lung area, weakness, trembles in my arms, legs and hands.

E. O. G

nd that I be given my nutrition support diet.

E. O. R. R

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 1.26.06 | Committed Person: Michael Mejia (Please Print) | ID#: K83133 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☒ Medical Treatment ☐ Other (specify)
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

Received Grievance Office
JAN 30 2006
STA # 0157

☐ Disciplinary Report: ___/___/___
Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: During the month of December 2005, I filed
an emergency grievance on me not receiving my medicine
for my Periodic diagnosis of Blastomycosis. Now when
I arrived at the NRC in October 2005, I did not
receive a chest x-ray and never did receive one
while in the NRC. When I arrived at Stateville
C.C. on November 17, 2005, I did not receive an
chest x-ray even though the doctor here in
Stateville C.C. said I was not suppose to be
transferred from the NRC without a chest x-ray. →
Relief Requested: That I be taken to an outside Hospital for a checkup
on this medical issue.
        Grievant seeks monetary damages.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_                    K83133    1,26,06
Committed Person's Signature            ID#        Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
                                                                        Administrative Review Board, P.O. Box 19277,
                                                                        Springfield, IL  62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name        Counselor's Signature        Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: 1,30,06    Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
                                                                              ☒ No; an emergency is not substantiated.
                                                                              Committed person should submit this grievance
                                                                              in the normal manner.

_Battaglia_ sen
Chief Administrative Officer's Signature                              1,30,06
                                                                       Date

Distribution: Master File; Committed Person            Page 1            DOC 0046 (Eff. 10/2001)
                                    Printed on Recycled Paper            (Replaces DC 5657)

The doctor here in Stateville C.C. then put me in for a chest x-ray which I still have not received. Now I am starting to have chest pains on the right side of my chest.

When this all started I was experiencing chest pains on the left side of my chest and became very sick. And after receiving a chest x-ray on that issue it was discovered that I had a abnormalitie in my left upper lung.

Failure to get me to an outside hospital may result in irreparable harm. I requested this outside Hospital check up in my first grievance but have yet to be granted that relief.

Now I have two new complaints.

1. I am experiencing pains in the Right side of my chest, and 2. I have not been tested to see if my liver or anything else is damaged due to me taking the Itracortazon medication. I am unable to recognize the signs for which I would need to see a Doctor for because when I arrived at the N.R.C on October 28, 2005, C/O Alexander threw away the leaflet I received which explained the exact signs to look for.

E. O. G

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 12.12.05 | Committed Person: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☒ Other (specify) Business Office
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____ / _____
　　　　　　　　　　　　　Date of Report　　　　　Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　Chief Administrative Officer, only if EMERGENCY grievance.
　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　Administrative Officer.

Brief Summary of Grievance: On the date of March 15, 2005, I was discharged from the Illinois Dept. of Corrections. when I was discharged I.D.O.C. Did not send a check to me at the Cook County Dept. of Corrections (where I was being held) with my money from my trust fund account. when I was ~~sent me~~ readmitted to the I.D.O.C. in october 28, 2005 I later filled out to written request to the Business office here in Stateville C.C. telling them →

Relief Requested: That all the interest in my account from 7.14.00 - 3.15.05 be placed on my new account.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_ 　　　　K83133　12,12,05
Committed Person's Signature　　　　　ID#　　　　Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 12,14,05　　☐ Send directly to Grievance Officer　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: According to the Administrative Directive, All INTEREST FROM THE ACCOUNT CONTAING THE OFFENDERS' MONEY, IS TO BE APPLIED TO THE INMATE BENEFIT FUND

L. DENNIS 　　　　　　X __Dennis__ 　　1,12,06
Print Counselor's Name　　　Counselor's Signature　　Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____　　Is this determined to be of an emergency nature?　☐ Yes; expedite emergency grievance
　　　　　　　　　　　　　　　　　　　　　　　　☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____　　　　　　_____
Chief Administrative Officer's Signature　　　　　　Date

Distribution: Master File; Committed Person　　Page 1　　DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

to put all my "interest on my account which was collected from my old account."

This request was made pursuant to:

Chapter 730, Illinois Compiled statues, Act 5, Section 5/3-4-3, FUNDS AND PROPERTY OF PERSONS COMMITTED

E. O. C

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: January 24, 2006 _____ Date of Review: July 17, 2006 _____ Grievance # (optional) 0129

Committed Person: Michael Mejia _____ ID#: K83133

Nature of Grievance: Other-Business Office

Facts Reviewed: Grievant alleges that when he was discharged from I.D.O.C., they did not forward a check to him at the Cook County D.O.C. with a check from his trust fund. He believes he is owed interest on his account.

Counselor states according to the Administrative Directive, all interest from the account containing the offender's money, is to be applied to the Inmate Benefit Fund.

Recommendation: Grievance is denied.

Ami Workman _____    _____    *(signature)*
          Print Grievance Officer's Name                    Grievance Officer's Signature
          (Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 7-22-06    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

_____    *(signature)*    _____    7-22-06
Chief Administrative Officer's Signature                          Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____ *(signature)*    K83133    8.3.06
          Committed Person's Signature                    ID#              Date



**Rod R. Blagojevich**
Governor

# Illinois
### Department of
# Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

September 29, 2006

Michael Mejia
Register No. K83133
Stateville Correctional Center

Dear Mr. Mejia:

This is in response to your grievance received on August 15, 2006, regarding Business/Trust (requests interest on trust fund), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (0129) and subsequent recommendation dated July 17, 2006 and approval by the Chief Administrative Officer on July 27, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden McCann, Stateville Correctional Center
Michael Mejia, Register No. K83133
Chron. File

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 8.30.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): UNJUST DETENTION

- [ ] Disciplinary Report: ___/___/___  Date of Report   Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 8.28.06, Grievant was suppose to be released from segregation. Around 12 noon, while the gallery officer was opening the chokehole to give Grievant and his celly their lunch trays, Grievant informed the gallery officer of Grievant's seg. outdate. This gallery officer stated "nobody gets out of seg. on a level one lockdown."

On 8.29.06, Grievant informed the gallery officer (C/O Holston 7-3 Shift) that he was suppose to have been released from seg. on 8.28.06. C/O Holston —

Relief Requested: _____ (See Back Page) _____

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| Michael Mejia | K83133 | 8.30.06 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9.22.06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 52794-9277

Response: OTS SHOWS THAT I/M MEJIA WAS IN F212 UNTIL 9/5/06. HE WAS SCHEDULED TO BE IN SEG FROM 8/16 - 8/28/06. STAFF INVOLVED, STATED THEY WERE INFORMED BY I/M, BUT ADJUSTMENT COMMITTEE HAS TO MAKE THIS CALL.

| | | |
|---|---|---|
| S. BASS CCII | [signature] | 9.25.06 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: 9/13/06

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [X] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | |
|---|---|
| W. McCann | 9.13.06 |
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender   To Springfield 10.27.06   Page 1    DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

then replied, "I don't wanna hear that shit!!"

On 8.30.06, Grievant wrote Sgt. Garcia a note explaining his situation of being held in seg. past his outdate and gave it to his celly who was going to the Health Care Unit and adjustment committee. Grievant watched his celly hand this note to Sgt. Garcia as he was on his way back to the cell.

Once Grievant's celly returned, Grievant explained to C/O Sykes that Grievant had been held past his seg. outdate and ask C/O Sykes to take a note that Grievant wrote to Lt. Butchkowski. C/O Sykes took the note from Grievant and said he would give it to Lt. Butchkowski.

Grievant's Due Process is being violated by him being held in segregation without any hearing or any thing of that sort.

Grievant may have more of his rights being violated but does not know the law, so he preserves any further such rights.

For the record, this is the third time this has occured to Grievant.

Grievant still sits in Seg. as this grievance is written; Grievant is about to go crazy!
                    E.O.M


Relief Requested:


      That all the staff, except C/O Sykes, be fired/suspended without pay; Lt. Butchkowski, Sgt. Garcia, C/O Holston, and C/O John Doe, from 8.18.06 incident.
      That Stateville C.C. refrain from this cruel and unusual punishment.
      That Grievant be released from Seg. immediately.
      That Grievant be allowed to see a psych Doctor.
      Grievant seeks monetary Damages.
      Grievant seeks any other relief deemed proper.
                    E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 12.9.07 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___
  Date of Report         Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On 11.7.07 I was transferred from Menard C.C. to Stateville C.C. Not even 24 hours later while I was returning from Personal property C/o Taylor told me I had to go to the Adjustment Committee. This although I had no ticket pending. When I arrived at the Adjustment Committee Internal Affairs staff members Tajeda, Lt. Johnson, and Tosalis were the only people there. C/o Tajeda and Lt. Johnson then escorted me into a room. Tajeda then told me that Menard sent me here because I was uncooperative. They put that in my file because

Relief Requested: That all the staff mentioned herein be fired/ suspended without pay for Retaliating on me and harassing me. I'm seeking monetary damages.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 12, 9, 07 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to
Administrative Review Board, P.O. Box 19277,
Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated.
Offender should submit this grievance
in the normal manner.

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

a incident that occurred in Menard C.C. on 8.4.07 where the I/A Staff Retaliated on me. Lt. Johnson said that I would not be going to Pontiac this time meaning that I'd be going to Tamms when he felt like lieing on me. For your info, I've never been to Pontiac C.C. Lt. Johnson also told me not to be running my drug ring and that this was not a movie. I've never ran a drug ring and I've never had any kind of ticket for anything that had to do with drugs. C/O Tasalis did not enter the room. But this is the same C/O that falsified documents in order to cover up for Chuck Gobble Transferring me to Menard in Retaliation for exercising my 5th amendment right among other things. C/O Tasalis also tryed to question me about my criminal case on that date. In Summation, These I/A officers are still harrasing me over Chuck Gobble's and there I/A Staff Coworkers' Retaliation that stems from the July 28, 2006 Stateville C.C. incident. E.O.G

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 12.11.07 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☒ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☐ HIPAA
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator   ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____     _____
     Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Brief Summary of Grievance: Somewhere between November 23-25, 2007, I wrote
to the "Dept. of central management service S, 504 Stratton Bldg,
Springfield, Il. 62706," and asked for "Audit Code 06-14."
     On 11.29.07 c/o Smith came to speak to me in
F415 at around 7:45am. C/o Smith (Female C/o) asked me what I was
trying to obtain from writing the before mentioned address. When I
explained what I was trying to obtain she wrote it on a piece
of paper, she also had another piece of paper she would look at
before asking me a question. She also asked me where I got
the Audit Code # from. When I asked if my letter to the →

Relief Requested: That c/o Smith, Tajeda, Lt. Johnson, Bill Marshall and any other
staff member found to be involved be fired/suspended without pay and
removed from the I/A office. E.O.R.R

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_          K83133          12,11,07
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to
                                                                    Administrative Review Board, P.O. Box 19277,
                                                                    Springfield, IL 62794-9277

Response: _____
_____
_____
_____
_____

_____     _____     ____/____/____
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____     Is this determined to be of an emergency nature?     ☐ Yes; expedite emergency grievance
                                                                    ☐ No; an emergency is not substantiated.
                                                                    Offender should submit this grievance
                                                                    in the normal manner.

_____     ____/____/____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Dept. of Central Management Services was going to be mailed out,
C/o Smith said that it did and that they directed their response
to her and that she worked for the Audit Department.
 ☞    The Dept. of Central Management Services would have
responded directly to me. Therefore, the Internal Affairs
must be in conspiracy with their IDOC counterparts because their
IDOC counterparts are Misappropriating the funds that are
suppose to be used for the prisoners within IDOC.
       This and the fact that I/A staff Lt. Johnson and C/o
Tajeda questioned me after being in Stateville for not even
24 hours. Lt. Johnson also told me that this time I wasn't
going to Pontiac (meaning that I was going to Tamms C.C. the
next time they falsified evidence) I've already written
a grievance on Lt. Johnson and C/o Tajeda for that Incident.
       On 12.11.07 a person named Bill Marshall who told
me that he used to work for the Audit Dept. came and
asked me about the living conditions, the health care,
and my safety. His question about these three subjects were
very quik. Afterwards, he asked me "What's this Audit
Code 06-14?" I explained and he wrote something down.
Then, he said we were done. The next day I saw him
and C/o Smith walk through 1 gallery in F-house. Bill
Marshall is also Conspiring with his Stateville Counterparts. E.O.G

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 8.12.07 | Committed Person: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report _____ Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 8.4.07 my cellee and I were both taken to the Internal Affairs office in North 2 to be questioned about an incident that occured in the shower earlier that morning. When I arrived I was placed in a room with c/o coleman and a plain clothed I/A personal whose name was never revealed to me. He can be described as a short, bald headed, kind of stalky, European guy. C/o Coleman asked me "What's going on?" I told c/o coleman that there was nothing going on. He then asked me what happened in the shower. I told him that I did not know what happened. C/o coleman then told me

Relief Requested: (See Page 3)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael mejia | K83133 | 8.12.07 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: | ____ / ____ / ____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ____ / ____ / ____ |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: | ____ / ____ / ____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|---|

| Chief Administrative Officer's Signature | Date ____ / ____ / ____ |
|---|---|

Distribution: Master File; Committed Person

Printed on Recycled Paper

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)    **DOC 0046, Page 2**

that I could get a year in seg. for impeding an investigation and be charged with accessory to attempt murder. I then told him "in that case I don't have anything to say and I plead the 5th." C/o Coleman and the other John Doe I/A personal, than became infuriated and told me I was getting a year seg. for impeding an investigation and that I was being charged with accessory to Attempt Murder. The John Doe officer then asked me if I used to get my lunch money taken from me when I was a kid and if I used to get picked on when I was a kid. This officer was trying to get me to lash out at him in some way so that he could write me up for numerous things. These two officers again, became infuriated and started yelling at me saying I was a tough mutherfucker and I was going to seg. and being charged with accessory to attempt murder. The officers who were questioning my cellee heard the comotion and entered the room. One of them was dressed in a c/o uniform, the other was a plain clothed, younger European male, and the other one was a plain clothed, European female with blond hair who looked older. The plain clothed male said something smart to me. I informed the plain clothed, short, stocky, bald headed officer that I would be informing my attorneys of the situation. He responded by saying "I don't give a fuck about your attorneys." They then called the c/o's who brought me from the cell house and told them to take me to seg. C/o Coleman then called Lt. Bedinger into the office and began whispering something to him. I was then placed in seg. in a dirty cell, that had two lights out side of it. these lights had lightbulbs that were four feet in length. These lights stay on 24/7, and I can't get but 4 hours of rest a day. There is nowhere to hang my towel and washcloth. There is nowhere to hang anything. I have yet to receive a ticket or any of my property, not even my fan. I am extremely hot, do not have but two bars of state soaps that are not even an inch thick and are about two inches in length, have a colgate toothpaste that is passed out in seg. every two weeks along with a toothbrush. This toothpaste weighs 1.5oz and has pork in it. I practice Moorish science Religion and am forbidden to have anything to do with pork. I've been writing personal property to get a legal document I need since the Illinois Court of Claims reinstated my case: Mejia v. State, 04 CC 3929, but haven't heard anything from personal property.

I also need my legal work that is in my property because I have another Court Claims complaint that I am litigating: Mejia v. State, No. 07 CC 3144. And my Post-Conviction Petition: People v. Mejia, No. 98-CR-3130602. Finally, I'd like to note that everyone who was in the Shower had their I.D. Card taken but my cellee and I were the only ones questioned out of the group. "We were the only non Black prisoners in the Shower." In fact, there were only two other people on the gallery who are of a Spanish speaking Nationality and one of them was brought to seg. minutes after me and told he was being charged as well, although he was not in the Shower. E.O.6

RELIEF REQUESTED: That all the staff mentioned herein be fired/suspended without pay for retaliating on me for me exercising my 5th amendment right, for using inappropriate language, for failing to intervene, for conspiring to charge me with the two charges mentioned herein, for discriminating against me because of my Nationality, for placing me in seg. for something I had nothing to do with, nor knew was going to occur. That any ticket issued against me be expunged immediately. That I be released from seg. immediately. That I receive monetary damages. E.O.R.R

Warden Donald Hulick
Menard C.C.
Menard, Il. 62259          10.19.07

RE: Unanswered Grievance

Dear Warden Hulick:

Attached is a grievance dated
8.12.07 which addresses the fact
that C/O Coleman, Mayar and other
C/Os who are assigned to the I/A
unit here retaliated on me because
I exercised my 5th Amendment right
to remain silent as well as for other
reasons. I filed it a few days
after I wrote it and have
yet to receive a response.
I'd appreciate it very much
if I can get a response since
the counselor and or grievance
officer has not responded
Thank you for your assistance.
CC: File

M. Mejia K83133

N536

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: 9.9.07 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Menard C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] HIPAA
- [x] Other (specify): Due Process Violation

- [ ] Disciplinary Report: ____ / ____ / ____
      Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 8.4.07, I was placed in segregation. I am still in segregation now. To this day I have not been given a Disciplinary Ticket, Investigation ticket or any type of paperwork informing me why I am in segregation. I've written the Counselor and I've spoken to her personally and she only told me that I don't have to get any ticket or paperwork at all. I've written the Warden (Hulick) but did not receive a response. In fact, 20 Ill. Adm. Code 504.30 (F) states as follows: In no event shall a disciplinary report or investigative report be served upon an adult offender more than 8 days after the Commission

**Relief Requested:** That I be released from Seg. immediately. I'm seeking monetary damages. E.O.R.R.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 9, 9, 07 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** |
|---|

Date Received: ____ / ____ / ____     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

| _____ | _____ | ____ / ____ / ____ |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** |
|---|

Date Received: ____ / ____ / ____     Is this determined to be of an emergency nature?
  [ ] Yes: expedite emergency grievance
  [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| _____ | ____ / ____ / ____ |
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

of an offense or the discovery thereof...

No one has told me why I'm in seg period! E.O.G

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 8.22.07 | Committed Person: (Please Print) Michael Mejia | ID#: K83133 |

Present Facility: Menard C.C.   Facility where grievance issue occurred: Menard C.C.

**NATURE OF GRIEVANCE:**

☒ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ Other (specify):
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ___/___/___   Date of Report / Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 8.19.07 I received some of my property. I received All of my legal work that was in my correspondence box and property, my books, magazines, mail pens, paper, 2 pair of boxers, 2 T-shirts, 3 pair of socks, a laundrybag, one 4oz bottle of shampoo, Q-Tips and Dental floss. When I read my inventory slip I noticed that a pair of Nike shoes, my lamp, my fan, my shower shoes, my soap dish, my soap (one Dalaan soap), my colgate ted gel, my chapstick, my extension cord, my mirror, my sweatpants,

Relief Requested: That I be reimbursed for all my missing property. That I be given all the cosmetics I mentioned which are allowable in segregation. That I be allowed access to my excess legal box.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia   K83133   8.22.07
Committed Person's Signature / ID# / Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 8 28 07   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Unable to verify

BMWellecan   [signature]   9.20.07
Print Counselor's Name / Counselor's Signature / Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature / Date

my 7 inch comb, 2 pair of Boxers, 1 commissary Bath towel,
1 commissary washcloth. These items were not
on the Segregation Storage receipt I was given on
the 19th of August 2007. I informed C/O Pillers,
and he said I should write a grievance so here
it is.

⚫ On another Note I noticed that the segregation
Storage receipt does have a deodorant, 2 lotions, 1
hair conditioner and 2 shampoos — all of which are
allowable here in N2 Segregation. But, none of this
was given to me when I was given my property on
8.19.07. Now, I am walking around this cell
with musty armpits and dry itchy skin from these
two puny state soaps I get a week. I Also
only get a 1.5oz colgate every other week. This
colgate has pork in it. I'm forbidden to have
anything to do with pork 'cause of the Religion
I'm practicing; Moorish Science Temple.
State soap and colgate is the only cosmetics
that are passed out in segregation.

I've also been trying to get a legal
document from my EXCESS which is my
claim Mejia v. State, No. 04 CC3929.
This is in my EXCESS legal box at Personal
Property. This claim was reinstated last
month and the Attorney General may be
filing a response any day now. So, I need my
complaint as I will only have 30 days to respond
to any pleading the Attorney General files. And
there's no telling when we'll be off this level
1 lockdown we're on. E.0.6

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 12.13.07 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

Present Facility: Stateville C.C.     Facility where grievance (issue occurred: Stateville C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): Harrasment Conspiracy Retaliation

- [ ] Disciplinary Report: ____/____/____
Date of Report                              Facility where issued

**Note:**  Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 12.13.07, I spoke to my attorney, Jean Snyder, about some legal I had sent her. She said that she did not receive the documents I sent to her. These documents were a response from Grievance officer Ami Workman in regards to an 8.4.07 incident that occurred in Menard C.C. and a response from the ARB in which Jackie Miller addressed a issue on my typewriter being broken by staff when I was transferred to Menard C.C. from Stateville C.C on August 16, 2006. Lt. D. Johnson from the I.A. office obviously threw away my mail as

Relief Requested: That Lt. D. Johnson be fired/suspended without pay for violating my 1st amendment right. Grievant Seeks Monetary damages. I need to see a psych Doctor.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 12, 13, 07 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____/____/____     Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |
|---|---|

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

he told me he would be sending me to Tamms C.C.
the next time around. I wrote a grievance on
him and C/O Tajeda for that incident. Once again,
Lt. Johnson is retaliating on me for the incident
with Major Chuck Gobble which occurred on July 28,
2006. Lt. Johnson violated my right to freedom of
Association by throwing my mail away.

**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |

Present Facility: Menard C.C.   Facility where grievance issue occurred: Stateville C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Small yard

- [ ] Disciplinary Report: ___/___/___
  Date of Report        Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the small yard there is no drinking fountain. I had to bring out waterbottles if I wanted to drink water on the small yard. In order to have bottles I had to buy water a pop/soda from the prisoner commissary, which I only did once or twice because I'm broke and I don't drink pop 'cause it's bad for me. So when I went to the small yard I couldn't do anything but stand around. Especially in the spring and summer seasons. To make it worse, if a staff member conducts a shakedown and finds bottles he takes them 'cause we are not allowed—

Relief Requested: (See Back Page)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

michael mejia   K83133   8, 20, 06
Offender's Signature        ID#        Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name   Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature   Date ___/___/___

to have them cause they claim we will use them
to store wine in. This small yard consist of a
small mostly concrete ground with two basket ball
courts. There are no weights, or tables, phones, handball court,
or water fountain like the gym and south yard. In fact,
millions of Bacteria build up in an empty water bottle
in just one day which is obviously bad for a person.
This is cruel and unusual punishment. This is also
an equal protection violation since the gym and
South yard are adequate: the weights and weights were
bought with the money from the Inmate Benefit fund.
The small yard is where prisoners spend most of their rec. time at. E.O.C

RELIEF REQUESTED:

    That the small yards in Stateville be closed as they
are inadequate/condemned. Or that a drinking fountain, weights,
tables, phones be placed on each small yard. Grievant seeks
monetary damages. Grievant request to see a psych Doctor.
E.O.R

2

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___ Date of Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Cleaning Supplies

Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** While at Stateville I did not receive any cleaning supplies. except to small bars of soap per week. Sometimes we weren't given that. The fact that most of my cellees didn't wash up everyday, Birds flying around the cell house deficating 'everywhere', mice running around the cellhouse deficating in my propertybox after eating some of my food, there being dust everywhere especially coming from the vent that comes from the pipe chase, and makes it strongly possible for me to have caught the —

**Relief Requested:** _____
(See Back Page)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia          K83133     8, 20, 06
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

Chief Administrative Officer's Signature          ___/___/___ Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

MRSA (staph infection) and puts the prisoners
still at Stateville at risk of catching MRSA.
The only brooms and mops at Stateville are the
ones used to clean the galleries and flags, which
means they were filthy. The dust and dry air
made my nose bleed at times and had me sneezing
alot. There was dust and bird droppings all over
the windows and window screens while I was at
Stateville this was because these cell-house are not
[properly] cleaned. E.O.O

RELIEF REQUESTED:
    That prisoners at Stateville be supplied with
a weekly supplie of disinfect/permaquade, in an amount
sufficient enough to clean the [entire] cell, that they
be provided a personal broom per cell to
keep, that every cell receive a bath towel to use
as a personal mop, that every cell be provided with
a washcloth to clean the sink/toilet with, that every
cell receive both of the above mentioned towels once per
month, that every cell receive a S.O.S pad to clean
the inside of the toilet, once a week should every cell
receive a new S.O.S pad. Grievant seeks monetary
damages. Grievant request to see a psych Doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

3

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify) Cell conditions

☐ Disciplinary Report: ____ / ____ / ____
  Date of Report                     Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: In Stateville C.C. cells, unlike other Illinois C.C., there is no desk/table to sit down and eat meals at. There are no shelves to place Grievant's $136 dollar T.V. and most importantly there are dangerous pieces of metal protruding from the walls of the cells, causing a clear and immediate danger to Grievant's well being.
E.O.O

Relief Requested: (SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

michael mejia                    K83133    8.20.06
     Offender's Signature                      ID#          Date

(Continue on reverse side if necessary)

---

| | Counselor's Response (if applicable) | |
|---|---|---|

Date Received: ____ / ____ / ____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

_____        _____        _____
Print Counselor's Name           Counselor's Signature          Date of Response

---

| | EMERGENCY REVIEW | |
|---|---|---|

Date Received: ____ / ____ / ____    Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____        _____
Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

## RELIEF REQUESTED:

Like all other prisons in Illinois desk/table should be
put in cells along with shelves to properly hold a prisoner's
T.V. and the metal pieces protruding from the walls need
to be removed immediately. Grievant seeks monetary
damages. Grievant request to see a psych Doctor.

E. O. R.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | | |
|---|---|---|---|
| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | | ID#: K83133 |
| Present Facility: Menard C.C. | | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): Speech Restrictions

- [ ] Disciplinary Report: ____/____/____
  Date of Report                                      Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: Speech or the context of speech is restricted
way beyond safety purposes in stateville c.c. Grievant
spoke his personal opinion plenty of times and in some instances
was written a disciplinary ticket for "insolence" which is
loosely used for anything that annoys an officer or prison
staff.                          E.O.O

Relief Requested: _____
_____ (SEE BACK PAGE) _____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

michael mejia                    K83133          8, 20, 06
Offender's Signature                    ID#                Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |

Response: _____
_____
_____
_____
_____

_____        _____        ____/____/____
Print Counselor's Name              Counselor's Signature            Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____                                    ____/____/____
Chief Administrative Officer's Signature                        Date

## RELIEF REQUESTED:

There should be absolutely no punishment for any prisoner speech. No insolence tickets or conspiracy theory tickets written by Internal Affairs officers who have overly-creative minds from watching too many fictious prison movies. Investigation should only be initiated with the cases of clear and direct threats of escape, great bodily harm, or rioting. Grievant seeks monetary damages. Grievant request to see a psych doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): Recreation

- [ ] Disciplinary Report: ____/____/____  Date of Report  _____ Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

> **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
> **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
> **Chief Administrative Officer**, only if EMERGENCY grievance.
> **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Grievant was only given five (5) hours of recreation per week while in Stateville C.C.. These five hours consist of two(2) outdoor recreation days: two and a half hours each day. This is the minimum time outside recreation for prisoners specified by law. (As in the case of showers) This law was written in consideration of those prisoners in segregation or being punished for disciplinary infractions, to insure the minimum standards in those temporary circumstances. In regard to long term living conditions stateville's present practice of five hours per week, (not including the all too frequent lockdowns Grievant endured), is a misuse of this law's

**Relief Requested:** _____
_____ (SEE BACK PAGE) _____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 8, 20, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date ____/____/____ |
|---|---|

obvious intended purpose. Grievant, during winter seasons, had to choose between standing on the yard two and a half hours in the freezing cold or missing out on his precious little recreation. This practice does not meet contemporary standards of decency. Delaney v. Detella, 123 F. Supp. 2d 429, affirmed at 256 F.3d 679 (7th Gr. 2001), quoting Consent Decree from Davenport v. DeRobertis

No human can continue to function with a Healthy psyche spending over 8,280 hours per year in a 8x10 cell (not including lockdowns), with only 261 hours of outside recreation per year maximum, year after year. Much less manage to correct a malfunctioning psyche, under these conditions to return to the free community and be a productive member of society. In fact, prisoners in "TAMMS C.C." get one hour out-of-cell recreation per day. E.O.©

RELIEF REQUESTED:

Grievant population prisoners need to receive an absolute mandatory minimum of two and a half hours of outside recreation per day, everyday. Stateville administrators must make the neccessary security adjustments to accomodate this minimum. Grievant seeks monetary damages. Grievant request to see a psych Doctor.

E.O.R

**File Date:** _August 11, 2008_

**Case No:** _08CV 4534_

**ATTACHMENT #** _1_

**EXHIBIT** _____

**TAB (DESCRIPTION)** _____

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

6

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Scheduling

☐ Disciplinary Report: _____ / _____ / _____
               Date of Report                          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Brief Summary of Grievance: At Stateville C.C. several times a month Grievant was forced to chose between yard or chow, or school or chow or Religious service or chow, or yard and school, or any number combinations of services Grievant was entitled to including Health Care. Always losing out of something because of stateville's constant shuffling of the schedule.

E.O.0

Relief Requested: (SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia               K83133        8, 20, 06
Offender's Signature                    ID#                Date

(Continue on reverse side if necessary)

---

| | **Counselor's Response** (if applicable) | |
|---|---|---|

Date Received: _____ / _____ / _____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name              Counselor's Signature             Date of Response

---

| | **EMERGENCY REVIEW** | |
|---|---|---|

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                     ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                                    Date

RELIEF REQUESTED:

Stateville's administrators need to assign an officer to coordinate the scheduling of all the cell houses for at least a month, every month. Grievant seeks monetary damages. Grievant request to see a psch Doctor.

E.O.R.

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☒ Other (specify): Grievance Procedure
- ☐ Disability
- ☐ HIPAA
- ☐ Disciplinary Report: ____ / ____ / ____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** The grievance system in stateville c.c. is inadequate. A prisoner must place his grievance form in the institution mail without receipt. And many times the grievance is "lost" and never is received by the counselor. Since the counselor did not usually respond for a period of at least a month. By the time Grievant was informed that his grievance was never even received his grievance issue might have no longer been an issue. When this is the norm it discouraged Grievant from writing neccessary grievances. Emergency grievances also take at least a week to receive a response. And the imminent danger standard for emergency grievances is never —

**Relief Requested:** (SEE BACK PAGE)

- ☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia                    K83133          8, 20, 06
Offender's Signature             ID#             Date

*(Continue on reverse side if necessary)*

| | **Counselor's Response** (if applicable) | |
| Date Received: ____ / ____ / ____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

**Response:** _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

| | **EMERGENCY REVIEW** | |
| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature                    ____ / ____ / ____
                                                            Date

substantiated according to the Warden's opinion. E.O.R

RELIEF REQUESTED:

Grievance forms should include a carbon copy and the officers who take possesion of them should have to Sign an official form of receipt. All grievances should be handled in cell houses on an emergency basis with a same day preliminary response by a counselor with legal knowledge. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

8

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Infrastructure

- ☐ Disciplinary Report: _____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Stateville's pipes are extremely old contaminated with rust and lead. The pipes are broken in several cases with so many valves opening and closing and overlapping the dirty toilet water ends up mixing with drinking water. There are several unsanitary leaks. Stateville's wiring is also mostly old and unsafe, causing many electrical dangers and fire hazards. Instead of cleaning walls and bars and other surfaces, Stateville Administrators just have these painted over and over continuously. In fact Grievant was electricuted when pushing a safety button on an electrical socket in F413. Grievant was informed Warden Dominguez only to be told not to touch the button.

**Relief Requested:** E.O.G
(SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

michael mejia                    K83133        8, 20, 06
Offender's Signature                ID#              Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |
|---|

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name        Counselor's Signature        Date of Response

| EMERGENCY REVIEW |
|---|

Date Received: ___/___/___    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                    Date

RELIEF REQUESTED:

Stateville Administrators must immediately begin replacing all pipes with new plastic ones. They must also replace all electrical wiring over twenty years old. Lastly, they must strip and scrape all paint from cell houses (especially since the paint is lead), clean all areas and repaint, and maintain sanitary cell-houses. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

9

| Date: 8. 20. 06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Education

☐ Disciplinary Report: _____ / _____ / _____
               Date of Report                          Facility where issued

Note.    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer

Brief Summary of Grievance: Stateville C.C. has no opportunity for higher learning.
No vocational programs, no college courses. This is deliberate
and unexcusable economic and social oppression. Thousands of
men sitting in their cells all day, is not a "Corrections"
Center. Education has been proven to be the number one
factor in who makes a successful transition back into
society and who does not. Grievant took and passed the
G.E.D test while in the Cook County Jail, on November
30, 1999. Grievant tryed to receive a informative
packet from P.C.D.I which is a mail correspondence —

Relief Requested: **(SEE BACK PAGE)**

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_        K83133    8. 20. 06
       Offender's Signature                 ID#           Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name                Counselor's Signature            Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
                                                      ☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                                  Date

school. But, the packet was not allowed in the
institution because it contained a 'contract' which must
be signed to intiate the program. Grievant wouldn't
of been able to afford the monthly tuition anyway.
As Grievant rarely receives money orders from anyone.
E.O.O

RELIEF REQUESTED:

Stateville use to have college oppurtunities and there
were no security problems, outside the normal concerns.
Funding being cut (after the INFAMOUS Richard Speck
tape was released) was what put a stop to those
oppurtunities, therefore stateville administrators should
ask politicians to stop building prisons and utilize those
funds to create Educational programs within the
Max, Med. and Minimum security prisons and should
investigate mail course colleges and approve courses and
cause materials and give prisoners an oppurtunity to take
these courses if they pay one hundred percent tuition. Stateville
Administrators should also send E-mails to all the Illinois
Colleges and ask if anyone would like to volunteer any
type of class and teach these classes as this is what is
done in the medium and minimum security prisons in Illinois.
There is absolutely no legitimate excuse for not doing so.
Grievant seeks monetary damages. Grievant request to see a psych Doctor.
E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☒ Medical Treatment | ☐ HIPAA |
| ☒ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (spec): _____ |

☐ Disciplinary Report: ____/____/____
        Date of Report                                 Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: Grievant suffered months of sickness and pain due to him having "Blastomicosis." Grievant followed the procedure in stateville for obtaining medical assistance and even wrote two emergency grievances but wasn't seen and was taken to the Hospital (U.I.C) months[r] later. When a prisoner has a medical concern in stateville c.c. (F-house) he must first speak with a Medical Technician who decides whether or not the prisoner's concern warrants a Doctor's attention. This results in the MT making a preliminary diagnosis. A diagnosis only a Doctor is trained to make. —

Relief Requested: _____

_____

_____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_        K83133    8.20.06
Offender's Signature            ID#          Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature?  ☐ Yes: expedite emergency grievance  ☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____
Chief Administrative Officer's Signature                    Date

The danger here is obvious. If the prisoner is approved by the MT to see a Doctor this prisoner must then wait a period of two to four days at times, even if he states that he is in extreme pain. Where as then the prisoner is also charged a minimum price of $2.00 to receive aspirin while he waits to receive attention from the Doctor. The danger in this waiting period is also obvious. E.O.G

RELIEF REQUESTED:

When a prisoner raises a medical concern he should be seen by a Doctor no matter what. The danger is too great to risk otherwise. When a prisoner raises a medical concern and complains of any level of pain as a symptom he should be seen by a Doctor immediately. All examinations should be done in the Health Care Unit under proper conditions with proper equipment available. And in no way should prisoners be charged to receive medical attention. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

☐ Disciplinary Report: _____ / _____ / _____
                        Date of Report                    Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer

Brief Summary of Grievance: While in stateville Grievant was harrassed by staff
and sometimes placed in segregation because staff misconduct.
Grievant sometimes had his grievances mysteriously dissapear. And
the ones that were answered were a slap in the face. Staff attitude,
behavior, action and inaction can be just as dangerous, if not
more dangerous than a prisoner's, yet there is no realistic system
in place to monitor and check stateville staff. When a
prisoner commits a disciplinary infraction, or even as so much
as annoys a staff member he is written up according to a
well defined and organized chart of misbehavior catagories.

Relief Requested: _____
            (SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| michael mejia | K83133 | 8, 20, 06 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____     Is this determined to be of an emergency nature?     ☐ Yes: expedite emergency grievance
                                                                                                ☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |

He is tried and punished in a matter of days. But when
a staff member commits the same or similar infraction
there are no consequences. A prisoner's word is ignored,
his complaint mocked. The staff members co-workers will
rarely if ever bring light to an infraction or accuse him
or her. This means there is no system of checks and
balances at this crucial point in the safety and security
of the institution. E.O.0

RELIEF REQUESTED:

   Administrators need to construct a system similar to
the disciplinary tickets that keep prisoners in check to
keep their staff in check. With detailed charges of
conduct violations and specific minimum and maximum
punishments. They need to allow the identities of informers
of staff misconduct to remain confidential, so to the peer pressure
factor on fellow employees. They need to make polygraph examinations
available to their staff. They need to make an employee adjustment
committee like panel here within the institution so that matters
essential to the safety of the staff and prisoners can be investigated
and tried immediately so as not to lose valuable evidence with
the passage of time. Administrators need to set up a system
of incentives for possible informants. (i.e. bonus, promotions, etc.)
Grievant seeks monetary damages. Grievant request to see a psych
Doctor. E.O.0

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Clothing

- ☐ Disciplinary Report: _____/_____/_____
  Date of Report        Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: Stateville does not issue prisoners raincoats.
The law clearly dictates that prisoners are to be issued
clothing appropriate to the weather conditions. Stateville
does not sell raincoats on commissary. When it rained
Grievant was then forced to chose between sacrificing his
precious little outside recreational time or chance going out
in the rain getting wet/soaked and, then had no place to
hang his clothes (because Stateville's impairment of vision rule) to
dry, sometimes getting sick, his clothes mildewing making him
sicker. This especially created a problem during the rainy spring season.
                                               E.O.O.

Relief Requested: _____
                        (SEE BACK PAGE)
_____

☐  Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Mejia | K83133 | 8.20.06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____/_____/_____      ☐ Send directly to Grievance Officer      ☐ Outside jurisdiction of this facility. Send to
                                                                                   Administrative Review Board, P.O. Box 19277,
                                                                                   Springfield, IL 62794-9277.

Response: _____
_____
_____
_____
_____

| _____ | _____ | _____/_____/_____ |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____/_____/_____      Is this determined to be of an emergency nature?
    ☐ Yes; expedite emergency grievance
    ☐ No; an emergency is not substantiated.
      Offender should submit this grievance
      in the normal manner.

| _____ | _____/_____/_____ |
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

RELIEF REQUESTED:

Stateville must issue raincoats or parkas to prisoners upon arrival. Raincoats are available in clear see through material. Orievant seeks monetary damages. Orievant request to see a psych Doctor.

E.O.R

13

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify) Body Search Practices

- ☐ Disciplinary Report: _____ / _____ / _____
  Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: While in Stateville C.C. Grievant had to endure humiliating, inhumane and degrading Body Searches. In Stateville C.C. during strip searches of prisoners, Correctional Officers practice the bend and spread technique. Where a prisoner must bend over at the waist and spread his buttocks apart. This method is archaic. As well as degrading and inhumane. In today's Technological society there is no other reason for this method than to harass and demean the prisoners. It is most often used before and after contact visits. With the prisoners/Grievant's friends and ―

Relief Requested: _____
_____ (SEE BACK PAGE) _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| michael mejia | K83133 | 8.20.06 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to
Administrative Review Board, P.O. Box 19277,
Springfield, IL 62794-9277.

Response: _____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____     Is this determined to be of an emergency nature?     ☐ Yes: expedite emergency grievance
☐ No; an emergency is not substantiated.
Offender should submit this grievance
in the normal manner.

| Chief Administrative Officer's Signature | _____ / _____ / _____ Date |

Distribution: Master File; Offender                Page 1                DOC 0046 (Rev. 3/2005)

family being turned away if the Grievant/Prisoner refuses to "bend and spread." Grievant was taken to segregation in 2007; for refusing the "bend and spread" order given to him by C/O Pork. And on the way to segregation Grievant was told by C/O Leroy Banks that he (Banks) would kill Grievant if Grievant refused to comply with the "bend and spread" order. C/O Banks also stated that he had killed a prisoner before and got acquitted by a jury. Ironically, C/O Banks is the front man for the Stateville C/O's' Union. Lt. Washington was present when C/O Banks threatened Grievant. ▇▇▇▇▇ Grievant filed a grievance on C/O Banks but it was never addressed by anyone.    E.O.C

RELIEF REQUESTED:

Stateville administrators must purchase an X-ray machine, and stop its obvious and detested practice of "bend and spread" dehumanization tactics. Grievant seeks monetary damages. Grievant request to see a psych Doctor. Or, utilize the squat and cough method.
E.O.R

14

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8. 20. 06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Wages

- ☐ Disciplinary Report: ___/___/___
  Date of Report                                        Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: Orievant, when he had a job at stateville C.C.,
along with other prisoners are and Orievant was paid
slave wages. On average 15 dollars a month for 16 hour
days seven days a week. The law allows slavery
to exist only in prisons. This particular portion of the
United States Constitution is the only piece of the
Constitution to not be amended to comply with the
standards of present day society. Partially because
prisoners are not allowed to vote in our "democracy." But more
money hungry policy makers believe themselves to be taking

Relief Requested:

(SEE BACK PAGE.)

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael mejia          K83133          8, 20, 06
Offender's Signature                          ID#                    Date
(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | |

Date Received: ___/___/___          ☐ Send directly to Grievance Officer          ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response ___/___/___

---

| **EMERGENCY REVIEW** | |

Date Received: ___/___/___          Is this determined to be of an emergency nature?

☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature          Date ___/___/___

advantage of the slave labor to their own profit. In fact these policy makers are mistaken. E.O.O

RELIEF REQUESTED:

   Stateville C.C. needs to pay an acceptable minimum wage to its laborers. This way the prisoners, and Grievant, if he is ever returned to Stateville C.C., will covet their jobs and modify their behavior in order not to lose those jobs. Prisoners could help their families, pay their medical cost, pay taxes, etc. Benefitting Government as well as prisoners, what reason is there not to initiate this type of program. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

15

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Climate Control

- [ ] Disciplinary Report: _____ / _____ / _____
     Date of Report                    Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Brief Summary of Grievance: Stateville's cell-houses have no air-conditioning
system. During the hotter months of the year, Grievant along
with other prisoners was subjected to extreme temperatures,
with no relief. Prisoners suffered every year all sorts of heat
induced medical problems, ranging from heat rash to heat
stroke which can cause brain damage and death. The elder
prisoners have proven to be especially susceptible to the worst of
these medical conditions. During the winter ~~wi~~ months
a heating system is activated. Yet open doors in the cell
house caused dangerous cold drafts into those cells in —

Relief Requested: (SEE BACK PAGE)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia                         K83133          8,20,06
Offender's Signature                      ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____      [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to
                                                                                                      Administrative Review Board, P.O. Box 19277,
                                                                                                      Springfield, IL  62794-9277

Response: _____

_____

_____

_____

_____

_____          _____          _____ / _____ / _____
Print Counselor's Name              Counselor's Signature              Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____      Is this determined to be of an emergency nature?     [ ] Yes: expedite emergency grievance
                                                                                                      [ ] No; an emergency is not substantiated.
                                                                                                      Offender should submit this grievance
                                                                                                      in the normal manner.

_____          _____ / _____ / _____
Chief Administrative Officer's Signature              Date

the vicinity. The heat caused grievant to stay in the bed in front of the fan which did very little to keep Grievant cool. Grievant would just lay in the bed and do nothing else. The cold caused Grievant to lay under the sheet and cover and do nothing else. The cold, at many times, caused Grievant to abstain from his six day a week sink bath.

E.O.C

RELIEF REQUESTED:

Stateville administrators must install air cooling systems to insure the safety of the prisoners. During the winter months all cells should be issued clear plastic to attach to the bars of the cell to help keep out the cold. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

16

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify) Showers

- ☐ Disciplinary Report: _____/_____/_____
  Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Grievant was only given one shower per week while in Stateville C.C. general population. The law is clear, prisoners must receive one shower per week minimum. But this law was written in regards to those prisoners in segregation or those being punished for disciplinary infractions, to insure the minimum standards in those temporary circumstances. Stateville's one shower per week for general population is a misuse of this law's intended purpose. One shower per week for general population prisoners does not meet contemporary standards of deciency. Because in the twenty first century in the United States of America the greater majority of citizens take at —

Relief Requested:            (SEE BACK PAGE)

- ☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia                    K83133        8,20,06
Offender's Signature                            ID#                    Date

(Continue on reverse side if necessary)

| **Counselor's Response (If applicable)** |
|---|

Date Received: _____/_____/_____       ☐ Send directly to Grievance Officer       ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name                    Counselor's Signature                    Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: _____/_____/_____

Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                     ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                    Date

least one shower per day.

E.O.O

RELIEF REQUESTED:

      Grievant ask to see a psych Doctor immediately. with consideration to the prison staffing capabilities and the safety and security to stateville C.C., and finally with the consideration to stateville's general population prisoners' health and sanitation concerns the standard minimum should be raised to at least 3 showers per week. Grievant seeks monetary damages.

E.O.R

17

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Meals

☐ Disciplinary Report: _____/_____/_____
                Date of Report                             Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

      Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
      Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
      Chief Administrative Officer, only if EMERGENCY grievance.
      Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
      administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
      Administrative Officer.

Brief Summary of Grievance: In stateville C.C. meals were never hot, never even warm. Breakfast, lunch and dinner were more often than not, lacking in any substantial nutritional value. This was and is because the staff at stateville steal the Nutritional/costly food and take it home to eat it, while serving Grievant and other prisoners non nutritional cold meals. Grievant suffered stomach pains every time he ate a meal in stateville. Grievant would only deficate twice a week because of these cold meals.      E.O.G

Relief Requested: _____
(SEE BACK PAGE)

☐   Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia          K83133        8,20,06
     Offender's Signature                    ID#               Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____/_____/_____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
                                                              Administrative Review Board, P.O. Box 19277,
                                                        Springfield, IL 62794-9277

Response: _____
_____
_____
_____
_____
_____

_____                     _____     ____/____/____
    Print Counselor's Name                              Counselor's Signature         Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____/_____/_____

Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
                                                        ☐ No: an emergency is not substantiated.
                                                       Offender should submit this grievance
                                                       in the normal manner.

_____                 ____/____/____
  Chief Administrative Officer's Signature                       Date

## RELIEF REQUESTED:

When serving meals which are intended to be hot meals, (I.E.: eggs, sausage, pancakes, waffles, etc.) these meals should be received at least warm. An investigation should be conducted to determine why these supposed "Hot Meals" are being served absolutely without any warmth. Whatsoever. If it is the fault of the kitchen staffs negligence, then those staff members should be replaced. If it is because of the two and three hour delays in the present method of service, then that method should be reconsidered. All other Illinois Correctional Centers manage to serve breakfast, lunch, and dinner hot. Stateville Administrators have no excuse. The obvious lack of any substantial nutritional value within breakfast, lunch, and dinner served there at stateville can be attributed to the fact that prisoners there are not aware of Springfield Administrators mandated menus for the institution. Therefore, this problem can be easily solved by posting those menus in cell houses and dinning areas. This way those responsible for this problem will refrain from continuing their indifferent negligence since the prisoners will now have the necessary information to file proper grievances. Grievant seeks monetary damages. Grievant request to seen a psych Doctor. E.O.R

18

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify) _____

- [ ] Disciplinary Report: ___/___/___
       Date of Report                                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Prisoner incoming mail is received rarely any sooner than two weeks from the postmark on the letter, many times mail is not received for more than a month(s) from the postmark. Mailroom staff here at Stateville C.C. 'had' a stamp which was supposed to mark the envelope with the date indicating when the letter was received in Stateville's mailroom, instead the mailroom staff was stamping the envelope with the date they were relaying the letter/money order to the prisoner recipient, falsifying these documents, violating the trust of the United States citizens inside the prison and out. Stateville's ‒

Relief Requested: (SEE BACK PAGE)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_                    K83133        8, 20, 06
Offender's Signature                    ID#              Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |
| Response: | | |

Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature                    Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)

Administrators and staff discontinued the use of this stamp after inspection from the post master general and after having numerous prisoner grievances filed on the matter. stateville C.C. started utilizing the Western Union Quick Collect service in 2003. But prisoners were still unable to use their funds until stateville allowed them to do so, which wasn't until weeks or a month later. All while stateville received their profit from Western Union.

E.O.O

RELIEF REQUESTED:

Prisoner mail should be received no later than five days from the postmark. Seeing as how no other Illinois C.C. has this problem on a constant basis, stateville's administrators should look to other institutions mailroom procedures, and restructure theirs to match, as far as proficiency. If there must be a delay, a notice of that delay should be forwarded to the prisoner. Current mailroom staff should also be retrained so that proper use of the above mentioned stamp can be implemented and ensured. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

19

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Privacy

- [ ] Disciplinary Report _____/_____/_____
Date of Report                                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: While in Stateville C.C. Grievant had to use the bathroom (I.E.: deficate and urinate) in full view of all eyes, and lived every second of his life with absolutely no privacy. Because administrators removed all the curtains from the cell houses since they were determined to be a fire hazard. Yet, prisoners are still allowed flamable sheets, blankets and mattresses.

E.O.G

Relief Requested: (SEE BACK PAGE)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| michael mejia | K83133 | 8, 20, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____/_____/_____   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility   Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: _____/_____/_____   Is this determined to be of an emergency nature?   [ ] Yes: expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |
|---|---|

RELIEF REQUESTED:

It is demeaning to have to ~~of~~ been forced to use the washroom in public. It is psychological torture to have ~~████████████~~ absolutely no privacy in the least, ever. Therefore, stateville administrators need to contract a company to make curtains with fire resistant materials. These curtains should be made with a clear observation so as not to obstruct an officers view during count procedures. Similar fire resistant curtains need to be made for waist high use around the toilet area of the cell. These curtains should be made available to the prisoners to purchase on commissary. So we may regain some of our HUMANITY. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

20

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☒ Other (specify): Telephone Service

☐ Disciplinary Report: ____/____/____
      Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
      **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
      **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
      **Chief Administrative Officer**, only if EMERGENCY grievance.
      **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
      administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
      Administrative Officer.

Brief Summary of Grievance: Stateville C.C. does not allow prisoners a choice
of carrier in making collect phone calls. This results
in an illegal monopoly of phone service within Stateville C.C.
So the phone company can and does charge outrageous rates.
Extorting those prisoners that have families and friends
that can afford the calls. And deterring and prohibiting
those that can't. Especially where, in Grievant's case,
a prisoner's family members stay out-of-state. All but
one of Grievant's family members stay out-of-state.
This is discrimination against ▓▓▓▓▓ us because we're prisoners. E.O.O.

Relief Requested: _____
_____ (SEE BACK PAGE.) _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_                          K83133         8, 20, 06
      Offender's Signature                                    ID#              Date
                              (Continue on reverse side if necessary)

| | **Counselor's Response (If applicable)** |
|---|---|

Date Received: ____/____/____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

_____

_____    _____    ____/____/____
Print Counselor's Name           Counselor's Signature       Date of Response

| | **EMERGENCY REVIEW** |
|---|---|

Date Received: ____/____/____    Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance
                                                                                       ☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                                        ____/____/____
Chief Administrative Officer's Signature                                       Date

Distribution: Master File; Offender
Page 1

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

## RELIEF REQUESTED:

Prisoners should be given a choice of companies. Prisoners would then vote to chose a company. Stateville administrators could then contract this company for one year. So they would still get their cut of the profit. The phone companies would lower their prices competing for the contract. And would keep prices within reasonable range. In order to maintain the trust of the prisoners and insure their loyalty in the annual vote. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

2.1

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Commissary

- [ ] Disciplinary Report: ___/___/___  _____
  Date of Report                         Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: While in Stateville C.C. Grievant's commissary items were subject to constant variations of what was available, at the time his order was filled, and what was not. Therefore when Grievant received his order from the commissary he always ended up lacking necessary items like hygeine products and ended up with an inadequate food or clothing supply. Especially when Stateville came off of one of its all too frequent lockdowns during which there was no commissary orders allowed. Stateville prisoners are allowed to shop the first three weeks of the month only. And all clothing, shoes, and electronics must be purchased during the first two weeks. This creates a problem

Relief Requested: _____
                        (SEE BACK PAGE)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_                    K83133            8, 20, 06
   Offender's Signature                   ID#              Date

                        (Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: | | |

_____    _____    _____
   Print Counselor's Name            Counselor's Signature         Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature?  [ ] Yes; expedite emergency grievance  [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____                              ___/___/___
   Chief Administrative Officer's Signature                    Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

because Stateville holds its prisoners money orders any where from 14-30 days before allowing prisoners to use the money from their money orders. By the time a person's money is placed into his account, it will be the third week or beyond that, so prisoners have to wait week[s] to purchase their clothes, shoes, and electronics. E.O.©

RELIEF REQUESTED:

Like all other Illinois C.C. prisoners in general population, Stateville's G.P. prisoners should be escorted to the commissary building to purchase their items, so that the necessary adjustments can be made in their orders by seeing what is available and what is not. Stateville's prisoners should be allowed to purchase clothes, shoes and electronics on all three weeks they're allowed to purchase commissary items. Grievant seeks monetary damages. Grievant request to see a psych doctor. E.U.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

22

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☒ Other (specify): Shakedowns

☐ Disciplinary Report: _____/_____/_____
                        Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: While in stateville C.C. Grievant was given copies
of shakedown slips when an officer(s) conducted an official
search of his living cell. But, was never given any form of
official recognition for strip searches, and patdowns, or
property searches. Therefore Grievant was subjected to constant
harassment by correctional officers, and many times sexual
molestation or abuse.
                              E.O.G

Relief Requested: _____
                        (SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____michael mejia_____          K83133          8, 20, 06
        Offender's Signature                      ID#              Date

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) |
|---|

Date Received: _____/_____/_____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to
                                                                                              Administrative Review Board, P.O. Box 19277,
                                                                                              Springfield, IL 62794-9277

Response: _____
_____
_____
_____
_____

_____          _____          _____/_____/_____
Print Counselor's Name                Counselor's Signature                Date of Response

---

| **EMERGENCY REVIEW** |
|---|

Date Received: _____/_____/_____     Is this determined to be of an emergency nature?     ☐ Yes: expedite emergency grievance
                                                                                                            ☐ No: an emergency is not substantiated
                                                                                                            Offender should submit this grievance
                                                                                                            in the normal manner.

_____          _____/_____/_____
Chief Administrative Officer's Signature                Date

RELIEF REQUESTED:

Stateville administrators need to have official forms to recognize all searches of body and property, so if a prisoner or Grievant, if he is returned to stateville, is being harrassed or sexually misused he has the proof to bring a stop to it through grievances or court action. Prisoners also need to be given the right to refuse any search if there is not at least two correctional officers or prison employees present, and the proper paperwork available. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R.

23

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Cell Placement

- [ ] Disciplinary Report: ____/____/____ 
   Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Stateville C.C. administrators have implemented an unwritten policy of placing opposing members of so called "Security Threat Groups" in same living cells. This is done even though IDOC and stateville administrators know that in the majority of these situations, these rival prisoners are incarcerated for violent crimes against one anothers familes and friends, and opposing organizations to which these prisoners belong sometimes have histories of violence against one another going back many decades. Stateville administrators knowingly, blatantly put these prisoners' lives in imminent —

Relief Requested: (SEE BACK PAGE)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia          K83133          8, 20, 06
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

| EMERGENCY REVIEW | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance   [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature          Date ____/____/____

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)

danger. In two thousand one, one murder at least, and one near fatal stabbing can be attributed to this policy. Not to mention untold fights. Not only are administrators jeopardizing the lives of more than half of the Stateville prisoner population but they are threatening the safety and security of all IDOC institutions. In fact, my case was a "HIGH PROFILE" case. Therefore, it was in the media as a war between Latin Counts and Gangster Disciples. Stateville has placed me in plenty of cells where my Cellee was in Stateville's Security Threat Group file as being a Gangster Disciple. Gangster Disciples are the largest orginazation in the U.S. and in Stateville. How can this be promoting my safety and security as the Stateville handbook states?? It does not! E.O.Q

RELIEF REQUESTED:

It is within the power of the law that prisoners may be allowed to choose their cellmates. Stateville should stop this extremely dangerous policy immediately and setup a board to hear request from prisoners for cellmate changes. This board should give official reason for approvals and disapprovals, so that any prisoner(s) not satisfied with their current level of safety can advance to the courts with the necessary information to obtaining a minimum level of safety. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

24

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Drinking water

☐ Disciplinary Report: ____ / ____ / ____
          Date of Report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: The water in Stateville was not adequate for drinking or anything else. It caused my skin to be ashy no matter how much lotion I used. It was hard when it came out of the shower heads and caused a substantial amount of hair to fall out of my head. EO.O.m

Relief Requested: (see Back page)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia      K83133      8, 20, 06
    Offender's Signature                ID#               Date
                          (Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|

Date Received: ____ / ____ / ____      ☐ Send directly to Grievance Officer      ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

Print Counselor's Name              Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: ____ / ____ / ____      Is this determined to be of an emergency nature?
    ☐ Yes; expedite emergency grievance
    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                        Date

RELIEF REQUESTED:

Stateville administrators should immediately purchase all drinking water from a different source until stateville's wells are safe. That I be supplied with bottled water from the commissary to drink free of charge. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R.

25

DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [x] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): __Mattresses__

- [ ] Disciplinary Report: _____ / _____ / _____
          Date of Report                    Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

  **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer**, only if EMERGENCY grievance.
  **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** While at stateville I was issued a cloth and cotton mattress upon arrival as all prisoners are. These mattresses have been used and reused for years. They are torn up and filthy. There is no way to wash them, much less sanitize them. Flimsy at best. Some contraband from a previous user could be hidden inside and aa prisoner would have no way of knowing. E.O.O

**Relief Requested:** _____ (See Back Page) _____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_                          K83133          8, 20, 06
Offender's Signature                      ID#            Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) |
|---|

Date Received: _____ / _____ / _____     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____     _____     _____
Print Counselor's Name              Counselor's Signature   Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: _____ / _____ / _____     Is this determined to be of an emergency nature?
  [ ] Yes; expedite emergency grievance
  [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                          _____ / _____ / _____
Chief Administrative Officer's Signature                      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

RELIEF REQUESTED:

Administrators at Stateville should immediately dispose of all these disgusting and dangerous mattresses. They should purchase and distribute clear, see through inflatable air mattresses to all prisoners. These mattresses would be safe, comfortable, and washable, and easier to transport. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Lockdown Policy

- ☐ Disciplinary Report: ___/___/___
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Stateville C.C. has no set lockdown policy. Prisoners in Stateville spend a great deal of time on lockdown status. I spent a great deal of time on lockdown status. This is inexcusable, especially given the fact that there are no real programs; Educational/Job, as I stated in my grievance on Education. E.O.O

Relief Requested: _____
_____ (See Back page) _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

michael mejia                    K83133          8, 20, 06
Offender's Signature                   ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____
_____
_____
_____

Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___     Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature          Date

RELIEF REQUESTED:

Stateville administrators need to outline a specific list of legitimate reasons or instances pinpointing what and when lockdown status can be implemented. Along with the minimum and maximum time glotted for each lockdown reason. If a situation does not include: escape, great bodily harm, rioting or threats of, there is no justifiable cause to punish over 2000 prisoners by continuing to lockdown Stateville C.C. Stateville also goes on lockdown when the NRC has an incident. & Stateville needs to especially stop that. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

Case 1:08-cv-04534   Document 3   Filed 08/11/2008   Page 44 of 90

27

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Air Quality

- [ ] Disciplinary Report: ____/____/____
      Date of Report                     Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: As a non-smoker while at Stateville I was
subjected to extremely unhealthy air quality. I was in a non
smoking cell with two different cellees whom smoked all day
long. These non smoking cells do nothing to filter this stale
smoke filled air within the cells. This was a most dangerous
situation for very obvious reasons. I have problems breathing
because of this. E.O.0

Relief Requested: _____ (See Back page) _____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia                K83133          8,20,06
Offender's Signature              ID#                Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

_____           _____           _____
Print Counselor's Name               Counselor's Signature               Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____                                 _____
Chief Administrative Officer's Signature                              Date

RELIEF REQUESTED:

As a non Smoker I have a right to breath clean safe air. At least one house in one of IDOC's maximum security prisons should be smoke free. All non smokers should be housed there. Clean air filters need to be installed in all cell houses. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

28

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | IDØ: K83133 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report: ___/___/___
  Date of Report

- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator

- ☐ Restoration of Good Time
- ☐ Medical Treatment

- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Law Library Access

Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
  administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
  Administrative Officer.

Brief Summary of Grievance: Grievant suffered the below while in Stateville C.C.
Law library access is denied at Stateville C.C. during excessively
frequent lockdowns which Grievant was present in Stateville
for. Law library was limited to only two days a week for less
than thirty prisoners per cell house of over two hundred
fifty prisoners. There were numerous times when Grievant
could not obtain copys of his legal documents because the
paralegal claimed the copy machine was broke. When
Grievant would submitt for the "three cases" permitted
to a prisoner he would at times never receive them. —

Relief Requested: (SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| michael mejia | K83133 | 8, 20, 06 |
| Offender's Signature | IDØ | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date
Received: ___/___/___     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to
                                                                         Administrative Review Board, P.O. Box 19277,
                                                                         Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date
Received: ___/___/___     Is this determined to be of an emergency nature?     ☐ Yes: expedite emergency grievance
                                                                                 ☐ No: an emergency is not substantiated.
                                                                                 Offender should submit this grievance
                                                                                 in the normal manner.

| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

sometimes he would receive them 1-3 weeks later. All of this impeeds and deters a prisoner from even going to the law library. Stateville staff knows this and do it purposely so that they have less work to do and so that more prisoners stay held against there will. When Grievant had a case(s) shepardized he sometimes never received it or it took 1-3 weeks to receive. This, added to the fact that stateville holds prisoner mail coming from a Court Clerks Office as regular mail and the fact that Illinois Courts are sticklers on timeliness and the fact that Grievant is pro-se in his criminal case, is a impeedement to the Courts.
                    E.O.O

**RELIEF REQUESTED:**

Stateville administrators need to intiate a legal access program for during lockdowns. Several paralegals should be hired to assist prisoners in obtaining their neccessities from the law library. With over 250 prisoners per cell house at least five paralegals should be in each cell house. The law library must be expanded to accomodate a minimum of one hundred prisoners per two hour periods. Five periods a day everyday. Nothing less is acceptable in today's situation where convictions are constantly being found bogus and prison conditions are in such a horrible state that the only remedies must be found in the courts. IDOC can you use the Inmate Benefit Fund to accomodate the above. Grievant seeks monetary damages. Grievant request to see a psych Doctor. E.O.R

DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

29

| Date: 8.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☒ Other (specify): Tension Factor

☐ Disciplinary Report: ____/____/____
　　　　　　　　　　　Date of Report　　　　　　　　　Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** The overwhelming mental tension caused by all these grievance issues is in itself a grievance issue. Living everyday under those conditions with no relief having been in sight, with no way to release the frustration and anger without digging a deeper hole for myself, without even being able to express myself is psychological torture. Year after year after year. Grievant, while in Stateville C.C., was forced to try to function under this constant stress along with the regular stresses of being incarcerated. Yet, I.D.O.C. administrators ~~really~~ can't fathom why their officers are attacked. Policy makers

**Relief Requested:** (SEE BACK PAGE)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_ 　　　　　K83133 　　　8, 20, 06
Offender's Signature　　　　　　　　　ID#　　　　　　　Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |

Date Received: ____/____/____　　☐ Send directly to Grievance Officer　　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

Print Counselor's Name　　　　　　Counselor's Signature　　　　　Date of Response

| **EMERGENCY REVIEW** |

Date Received: ____/____/____　　Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature　　　　　　　　Date

can't figure out why the majority of prisoners who are released
can't function and are returning over and over again, until
they are here to stay for good. Most prisoners won't talk to
a psychiatrist because they fear being forced to take
psychotropic drugs. Besides a psychiatrist can't improve
the conditions that cause this unnecessary level of constant
tension and repression i.e. corporal punishment. The
staff members are taught the " IT'S US AGAINST THEM"
measure. E.O.O

RELIEF REQUESTED:

    Grant all the relief suggested in these grievances. Or
continue to accept the dangerous levels of violence within
stateville. Don't expect to solve this with continuing to
increase the levels of oppression. That is at most a temporary
solution or stalling tactic, because "sooner or later the kettle
is bound to ~~be~~ boil over." Witness New York's Attica
uprising in September of '71. Prison conditions in stateville
are worse ~~today~~ than those the Attica prisoners faced. You
can take all the precautions against this you can pay for,
but it is only prolonging the inevitable. Nobody wants IDOC
to return ~~to~~ the old way but nobody, prisoners and prison
employees included will tolerate this level of tension for long.
There must be a compromise of sorts. I think my suggestions
are not only legitimate but fair. Please consider them
seriously. Grievant seeks monetary damages. Grievant
request to see a psych doctor. E.O.R

COMMITTED PERSON'S GRIEVANCE

Date: DATE 3/1/06

Committed Person: (Please Print)  MICHAEL MEJIA

ID#: K-83133

Present Facility: STATEVILLE C.C

Facility where grievance issue occurred: STATEVILLE C.C.

## NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☒ Other (specify) State Pay

☐ Disciplinary Report: ___ / ___ / ___
Date of Report                                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor,
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance    This grievance is being submitted pursuant to 20 Ill.Adm. Code 504:Subpart F,Grievance Procedures. Institutional policy that confiscates a prisoner's state payroll due to institutional lock-downs violates the entitlement of the prisoner's due process rights.The $10.00 monthly unassign pay was appropriated by the General Assembly for a prisoner to purchase necessities from the Inmate Commissary such as soap,deodorant,toothpaste,write outs,etc.This grievance is being penalized and subjected to disciplinary restrictions of his State Payroll without being afforded due process.. Illinois Revised Statutes, Chapter 38, Section 1003-8-7 (e) (1), clearly

Relief Requested: ......RELIEF REQUESTED ON BACK PAGE.....

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Michael Mejia_                    K83133    3 / 1 / 06
Committed Person's Signature          ID#          Date

(Continue on reverse side if necessary)

---

## Counselor's Response (if applicable)

Date Received: ___ / ___ / ___

☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name                    Counselor's Signature                    Date of Response

---

## EMERGENCY REVIEW

Date Received: ___ / ___ / ___

Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                    Date

Distribution: Master File; Committed Person

DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE (Continued)

States:

"Any person or persons who initiates a disciplinary charge against a person shall not determine the disposition of the charge.The Director may establish one or more disciplinary boards to hear and determine charges.To the extent possible,a person representing the counseling staff of the institution or facility shall participate in determining the disposition of the disciplinary case.

(2) Any committed person charged with a violation of Department rules of behavior shall be given notice of the charge including a statement of misconduct alleged and of the rules this conduct is alleged to violate.

(3) Any person charged with a violation of rules is entitled to a hearing on that charge at which time he shall have an opportunity to appear before and address the person deciding the charge.

(4) The person or persons determining the disposition of the charge may also summon to testify any witnesses or other person with relevant know-ledge of the incident.The person charged may be permitted to question any person summoned.

(5) If the charge is sustained,the person charged is entitled to a written statement of the decision by the person determining the disposition of the charge which shall include the basis of the decision and the discipli-nary action,if any,to be imposed."

The basis for the denial of State Payroll on an across The board basis would entitle each individual to be afforded a hearing by the disciplinary committee.Further,as Chief Administrative Official,the Warden would initiate an institutional Lock-Down and therefore this would not entitle him to determine the punishment, i.e., "Loss of Payroll." This would have to be determined by the Disciplinary Committee.

This same institutional policy violates the established Administrative Directive 730 ILCS 1003-2-2 and Administrative Directive 05.05.103A II Procedure Work Assignment and Unassigned Pay.Under Administrative Direc-tive 05.03.103A subsection (f) Implementation of Pay Plan #2, Unassigned Pay "may be terminated only after documented attempts to place an inmate on a work or school assignment has been made and the inmate has refused to accept either opportunity." Grievant have not refused either work or school assignments.Grievant's state pay is constantly being unjustly confiscated without being afforded due process.

Relief Requested:I request my full $10.00 dollars every month and back pay for all the months my state pay was illegally confiscated.

.....END OF GRIEVANCE....

A.R.B
Jackie Miller
P.O. Box 19277
Springfield, Il. 62794

RE: Unanswered grievance; state pay

    I have been trying to get this
grievance answered since last year.
    If I don't receive a response
by March 20, 2007 I will be filing
suit.

              M. Mejia  K83133

                P.O. Box 711
                Menard, Il. 62259

CC: File

Case 1:08-cv-04534    Document #: 1    Filed: 08/11/2008    Page 53 of 90

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 11.5.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☒ Other (specify) Living Conditions |

☐ Disciplinary Report: ____/____/____
　　　　　　　　　Date of Report　　　　　　　Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 8.23.06 Grievant was transferred to Stateville C.C. for a "Court Writ." Grievant remained in Stateville C.C. on this "court writ" untill October 4, 2006. During Grievants stay at Stateville C.C. on this "court writ" he endured the following cruel and unusual living conditions.

　　　　　Grievant received one ten minute shower per week in a shower that had extremely low water pressure which made it harder for Grievant to wash the soap off of himself. Therefore, Grievant was only —

Relief Requested: _____
(SEE PAGE 6)
_____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia　　　　　K83133　　11, 5, 06
Offender's Signature　　　　　ID#　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____　☐ Send directly to Grievance Officer　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____　_____　_____
Print Counselor's Name　　　Counselor's Signature　　　Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____　Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____　　　　　_____
Chief Administrative Officer's Signature　　　Date

TO: A, R, B
11.9.06

able to wash/lather himself once. The shower was also filthy: littered with hair, empty cosmetic packages, dirty flooded water and clothes. There was no place to put Grievant's close in some showers — the ones without chokeholes. There is also a window in each shower wich made it extremely ~~on~~ cold during grievant's showers ~~to~~ because the wind would blow straight through the many cracks in the windows.

Grievant does not eat meat due to his Religious beliefs. While on the "Court Writ" it took the Chaplain (Sinclair) about three weeks to approve ~~o~~ Grievant to receive a Religious-vegan Diet Tray althouhg Grievant had just left Stateville C.C. Population 8 days before he was returned for his "court writ," and Grievant was receiving this Religious vegan Diet Tray while in population in Stateville C.C. before he was transferred to Menard C.C. on 8.16.06. Grievant had to eat whatever ~~was not~~ non meat products that were not defiled by the meat on the Regular tray he received while waiting the three weeks he did to receive the Religious vegan Diet Tray. Grievant suffered headaches, light headedness, and stomach pains from lack of nutrition from eating the very small portions of non meat products that were on the regular tray.

Grievant never received a Hot or warm tray while in Stateville C.C. Everyday the trays were left on the chokehole for at least an hour, sometimes more than two. Eating these cold meals gave Grievant a stomach ache, every time he ate one and caused him ~~to~~ to use the washroom every two days. Deficating every two days is not healthy. Grievant spoke to Warden Domingez and Major Hosey about the trays on September 19, ~~2~~ 2006, but they did not do or say anything. In fact, the trays were on the chokeholes and remained there another 30 minutes after speaking to Warden Domingez and Major Hosey.

Upon arrival at Stateville C.C. on 8.23.06 Grievant received one 2"x1" bar of state soap, one toothbrush, one dingy, torn, stained sheet, and a state blanket. No pillow or pillowcase. The mattress in the cell Grievant was assigned to was dingy, had large orange colored stains on it, ~~and~~ had large tears in it which caused the stuffing to come out and caused Grievant to inhale some of this stuffing, and this

Pg. 3 Grievance Continued

mattress reaked of urine. Grievant
tryed to obtain a new mattress from Sgt.
Holton but this Sgt.'s only response was
ask day shift, even though there were
"brand new mattress" in the basement
of the cell house.

Everytime it rained the ceiling in
the cell Grievant was in leaked a large
amount of water at the back of the cell.
Near the electrical socket, and sometimes
the water got in the electrical socket
and this made spark start shooting out
of the socket. Water would also leak
"out of the wall," literally. This constant
leaking, before and during the time
Grievant was in the cell, caused mold
to grow on the wall. Grievant did not
wipe this mold off because he was
told that if the mold was irratated it
could turn into something toxic. So Grievant
was stuck worrying about getting electricuted
or dieing from toxic mold. When it rained
it looked like it was raining inside the
cellhouse, especially over the gun tower.

Pg. 4 Grievance Continued

Grievant was only able to obtain 4 hours of rest each day that he was in Stateville C.C. on his "court writ." This is 'cause the cellhouse is infested with roaches. Everytime Grievant would rest at night he was awoken by roaches crawling on him which would cause him to turn on the cell light and stay up half the night. This after first fighting off the roaches that were crawling all over the cell. So Grievant would not get 8 hours of rest a day 'cause he would stay up once 7am came about in order to go to the yard or hopefully get a visit.

Grievant only received 5 hours of recreation a week. Which is intended for prisoners in segregation. The Administration cannot argue that they were short of staff 'cause we (the prisoners) were walked to the yard by two C/O's and then locked on the yard. The two C/O's would then return to the cellhouse leaving us on the yard with the supervision of one C/O who is in the guntower. This 5 hours was all on

Pg. 5 Grievance continued

one day.

The law library service in stateville c.c.
that is provided to prisoners under "court
writ status" is inadequate. Grievant was
not allowed access to the law library even
though he is Pro-Se in the courts and
had a court order for access to the law
library at stateville c.c. The law
clerks, along with the 'one' paralegal
that is employed by stateville c.c., frequent
F-house once a week if there is no
lockdown. The only service they provide
is this: They allow you three cases,
five sheperdized case cites, copys and
they say they will do research for you,
But this is not always true. It takes
a week to receive any of the above
services. The risk of missing a dead-
line, etc., is obvious here. A week is
enough time for a prisoner/law clerk
to familiarize himself with Grievant's
case or copy Grievant's legal documents
in order to become a state witness
against Grievant or any other prisoner on

Pg. 6 Grievance Continued

a "court writ" in Stateville C.C.
Prisoners are not allowed to take their
typewriters with them on a "court writ"
so Grievant had to have a law clerk type
his "Supplemental Post-Conviction Petition"
while he was there. If this law clerk
would have left a word or sentence or
paragraph out Grievant would have been
right back to the point of where he
began. Or if this law clerk would have
lost Grievant's ~~~~ legal work Grievant
would have been right back down to the
begining of when he had ~~ to put his
Post-Conviction together. Note: There
are 4 gallerys in F-house each consisting
of anywhere from 100-120 prisoners.
E. O.

RELIEF REQUESTED:
    Grievant request to see a psych Doctor.
    Grievant request that F-house in stateville
C.C. be closed down or that the living
conditions be remedied.
    Grievant request that all the staff
mentioned in this grievance be fired/suspended
without pay.
    Grievant seeks monetary damages. E.O.R



**Rod R. Blagojevich**
Governor

**Illinois**
**Department of**
**Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 9, 2007

Michael Mejia
Register No. K83133
Menard Correctional Center

Dear Mr. Mejia:

This is in response to your grievance received on November 16, 2006, regarding conditions (while on court writ-F house), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In the grievance you allege that during your stay in F-house, the showers didn't function well, your dietary needs were not met, the food tray was served cold, your cell was in poor condition and there was a leak in the ceiling.

Per Chuck Gobble, IA Stateville, you must notify the dietary manager of your diet upon arrival. All offenders are provided with hygiene items as directed by the facility.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Don Hulick, Menard Correctional Center
Michael Mejia, Register No. K83133
Chron. File

Case 1:08-cv-04534    Document 1    Filed 08/11/2008    Page 60 of 90

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: 12.20.06 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): Living Conditions

- ☐ Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On November 21, 2006, Grievant was transferred to Stateville C.C. for a "court writ." Grievant remained in Stateville C.C. on this "court writ" untill December 6, 2006. During Grievant's stay at Stateville C.C. on this "court writ" he endured the following cruel and unusual living conditions.

   Grievant received one ten minute shower per week in a shower that had extremely low water pressure which made it harder for Grievant to wash the soap off of himself. Therefore, Grievant was only able to wash/lather himself once.

Relief Requested: Grievant request to see a psych Doctor. Grievant request that F-house in Stateville C.C. be deemed condemned and then closed down. Grievant request that all Stateville wardens and staff in F-house be fired. Grievant seeks monetary damages

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| michael mejia | K83133 | 12, 20, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** |
|---|

Date Received: ____/____/____     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

| **EMERGENCY REVIEW** |
|---|

Date Received: ____/____/____     Is this determined to be of an emergency nature?     ☐ Yes: expedite emergency grievance
                                                          ☐ No: an emergency is not substantiated. Offender should if this submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |
|---|---|

Distribution: Master File; Offender                         Page 1                         DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

The shower was also filthy: littered with hair, empty cosmetic packages, dirty flooded water and clothes. There was no place to put Grievant's close in some showers besides a dirty crate or a dirty chokehole. There is also a window in each shower which made it extremely cold during Grievant's showers because the wind blows straight through the many cracks in the windows. One shower per week is for prisoners in segregation.

Grievant does not eat meat due to his religious beliefs. While on this "court writ" Grievant did not receive his Religious Vegan diet tray although he is on this diet tray at Menard C.C. as was on it before he left Stateville C.C. Grievant had to eat what very little food that did not touch the meat on the tray. Grievant suffered headaches, light headedness, and stomach pains as result of not receiving his Religious diet tray.

Grievant never received a hot or warm tray. This caused stomach aches to Grievant and caused him to deficate every two days which is not healthy.

Upon arrival at Stateville C.C. on 11.21.06 Grievant received two 2"x1" bars of state soap, one dingy, torn, stained sheet, and a state blanket. No pillow or pillow case. The mattress in the cell Grievant was assigned to was dingy, had orange stains on it, and reaked of a bad smell.

Grievant was only able to obtain 4 hours of rest each day that he was in Stateville C.C. on his "court writ". This 'cause the cellhouse is infested with roaches. Grievant would awake to roaches crawling on him every night which caused to turn on the cell light and stay up half the night. So Grievant would not get 8 hours of rest a day 'cause he would stay up once 7am came about in order to go to the yard or hopefully get a visit.

Grievant only received 5 hours of recreation a week. Which is intended for prisoners in segregation. The Administration cannot argue that they were short of staff 'cause we (the prisoners) were walked to the yard by two C/Os and then locked on the yard. The two C/Os would then return to the cellhouse leaving us on the yard under the supervision of one C/O who was in the guntower. This 5 hours was all on a yard with nothing but basketball courts - no weights.

The law library service in Stateville C.C. that is provided to prisoners under "court writ status" is inadequate. Grievant was not allowed access to the law library even though he is pro-se in the courts. The law clerks, prisoner clerks, along with the

1 one1 paralegal that is employed by Stateville C.C., frequent F-House once a week if there is no lockdown. Sometimes they miss their one week round for no reason. The only service they provide is this: They allow a prisoner three cases, five Shepardized case cites, copys and they say they will do research for you. But this is not always true. It takes a week to receive any of the above mentioned services. The risk of missing a deadline, etc., is obvious here. A week is enough time for a prisoner/law clerk to familiarize himself with Grievant's case or copy Grievant's legal documents inorder to become a State witness against Grievant or any other prisoner on a "court writ" in Stateville C.C. Prisoners are not allowed to take their typewriters with them on a "court writ" so Grievant would have to have a prisoner/law clerk type anything he may need typed. If the law clerk were to leave a word, sentence, paragraph, or case cite out Grievant would be right back to the point of where he began. Or if a law clerk would lose Grievant's legal work Grievant would have to go right back down to the begining of whatever it is he is working on. Note: There are 4 gallerys in F-house, each consisting of anywhere from 100-120 prisoners. Note: Grievant has been in Stateville C.C. twice on a "court writ" and will be returning again in February 2007. ▬▬▬

     Grievant was placed in a cell with a window — ▬▬▬ all cells in f-house have windows — and was extremely cold 'cause of the cold air coming through the window. Grievant had Plastic

Grievance Continued

taped [redacted] to the window but the window and moisture caused the tape to be removed. Grievant had two blankets but was still cold. Grievant had to endure the cold whether when he washed up lcause the sink is right next to the window and Grievant would sometimes sneeze repeatedly as result of this.

Grievant was placed in the cell with another prisoner some of whom were minimum security/ prisoners. This violates the maximum security one man cell rule.

Grievant did not have a ladder to get on the top bunk [redacted] but instead had to use the toilet and sink to get on top. Grievant sometimes hurt his legs as a result of using the toilet and sink to climb onto the top bunk.

The toilets in F-house flush once every 15 minutes: This is done to make all prisoners in F-house suffer smelling their cellmate's defication and urine.

There are no cleaning supplies passed out in F-house. And all the cells are totally filthy. So to have to use a dirty toilet, water splashing on Grievant from a dirty toilet every time he deficates (because of the one flush every 15 minute timer on the F-house toilets) is another example and reason why F-house is condemed.

Illinois Department of Corrections
**COMMITTED PERSON'S GRIEVANCE**

| Date: 6.11.07 | Committed Person: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

Present Facility: Menard C.C.    Facility where grievance issue occurred: Stateville C.C.

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☒ Other (specify) Living Conditions

- ☐ Disciplinary Report: _____ / _____ / _____
Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: On 5.30.07 Grievant was transferred to stateville C.C. for a court writ. Grievant remained in Stateville C.C. on this court writ untill 6.6.07. During Grievant's stay at Stateville C.C. on this court writ he endured the following cruel and unusual living conditions.

Grievant received one dirty torn sheet and a state blanket which sheds hair and got all over Grievant's clothes and in his eyes and throat and made it hard for Grievant to see and made Grievant cough. Grievant did not receive anything else but the above.

Relief Requested: _____

(SEE PAGES 5, 6, +7)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia          K83133        6, 11, 07
Committed Person's Signature          ID#          Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | |
|---|---|
| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |

Response: _____

_____

_____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance    ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature          Date

No state soap, etc., with the exception of toilet tissue. Grievant was placed in a cell where everything was dirty - ceiling, walls, toilet, table, bedframe, door to cell; the mattress was so filthy it was black. The mattress was full of lumps which caused Grievant's back to hurt. Grievant did not receive a pillow which caused his neck and head to hurt. Grievant was not provided with any brillo pad, disenfect, or any supplies period to clean the cell with. There was no stool in the cell Grievant was in (cell 316). The toilet would only flush every 12 hours because the 15 minute timer was off. One flush every 15 minutes is cruel and unusual as well. Grievant received one ten minute shower per week in a shower that had extremely low water pressure which makes it hard for Grievant to wash the soap off of himself. In fact, Grievant did not receive any shower because shower day for 3 gallery is on wednesdays. Grievant arrived in F-house on wednesday at about 9:30 pm. Grievant was transferred back to Menard C.C. on wednesday. Grievant does not eat meat due to his Religious beliefs. While on this court writ Grievant did not receive his Religious vegan diet tray although he receives one here in Menard C.C. Grievant had to eat the few fruits and vegetables that were not defiled by the meat on the regular tray. Grievant suffered headaches, lightheadedness, and stomach pains from lack of nutrition. Grievant never received a hot or warm tray while in Stateville C.C. Everyday the trays were left on the chokehole for at least an hour, sometimes more than two. Eating these cold meals gave Grievant a stomach ache and caused him to use the washroom; defecate, every two days.
    Grievant was only able to obtain 4 hours rest each day that he was in Stateville C.C. on his court writ. This is 'cause the cellhouse is infested with roaches. These roaches would crawl on Grievant while he was resting and cause him to arise from his rest. Grievant would have to turn on the light and stay up all night. The law library service in Stateville C.C. that is provided to prisoners under court writ status is inadequate. Grievant was not allowed access to the law library nor did he see a paralegal or law clerk while he

Pg. 3 Grievance Continued

was on his court writ. The Paralegal and law clerks are suppose to, according to Stateville's rule, tour F-house once a week. Grievant's cellmate said that they hadn't toured in 7 weeks. The only service they provide is this: They allow you three cases, five sheperdized case cites, copys and they say they will do research for you. It takes a week to receive any of the above services. The risk of missing a deadline, etc., is obvious here. A week is enough time for a prisoner/lawclerk to famaliarize himself with Grievant's legal documents in order to become a state witness against Grievant. There is nowhere to put your clothes and shower gear when in the shower. Grievant was placed in a cell with another prisoner. This cell did not meet the 50 square feet per prisoner rule. Grievant was given two recreation days. This is the only movement besides medical reasons or visits. Grievant did not have a ladder to get on the top bunk with but instead had to use the

Pg 4 Grievance Continued

toilet and sink to get on the top bunk.
On the recreation yard there are a few
tables, two basketball courts, and a handball
court, and maybe 4 working phones.
There are no weights to lift. Grievant
did not get to use the phone in the
cell house cause it was not provided
to him or anyone else on the gallery
on the once a week basis in F-house.
There is only one plug in the wall in the
cells in F-house so only one towel can
be hung to dry. If you hang a towel
on the bed rail any staff member can
write you a ticket for obstructing surveillance.
So your towel(s) and your cellmate's towel
began to become dirty from the dampness
of the water. There were no razors passed
out during this court writ. Razors are passed
out once a week on Saturdays. By the
time Grievant's court date comes around
his facial hair will been have grown back.
Prisoners in F-house might receive a
haircut once a month, maybe. Grievant
always breaks out with red bumps all over
his body when in F-house because F-house
is not properly sanitized.

Breakfast is served in F-house at 2 am or 2:30 am. The damage to Grievant's esophagis here is obvious. There are mice in F-house which will eat pieces of Grievant's property due to the fact that all property in F-house must be kept underneath the bed. If Grievant has any medical issue while in F-house he has to wait untill the med tech makes rounds in the morning monday-friday only. Then wait another two days to see a Doctor or get diagnosed by a med tech in order to see a Doctor. These med techs are not suppose to make a diagnosis - only Doctors are. E.O.G.

RELIEF REQUESTED:

   Grievant request that he receive two brand new sheets and a brand new pillow case upon arrival in F-house on court writs; Grievant request that he receive a blanket that is made of cotton; Grievant request that receive a new or clean/sanitized mattress with no lumps or tears in it; Grievant request that he receive a pillow in the same condition as the mattress; Grievant request that he receive a bar of soap,

Pg. 6 Grievance continued

Bottle of shampoo, bottle of hair conditioner, bottle of body lotion, toob of toothpaste, toothbrush, bag of Q-Tips, pack of dental floss, roll of Toilet tissue; Grievant request that all the cells in F-house have the paint shipped from the walls and then that the entire cell be powered washed and than repainted; Grievant request that the S.O.S brillo pads be passed out once a week in F-house so that prisoners can clean the inside an outside of their Toilets; Grievant request that disenfect and comet be passed out everyday in F-house or that prisoners be given a week's supplie worth once a week; Grievant request that all cells in F-house have Stools installed in them; Grievant request that all toilets in F-house have the 15mt flusher removed and that prisoners be allowed to flush the toilet as many times as needed like population; Grievant request that he receive 4 15 minute showers per week while on a court writ in F-house; Grievant request that the water pressure in the F-house showers

Pg. 7 Grievance continued

be adjusted to its proper pressure; Grievant request that he receive his Religious vegan diet tray while in F-house on court writs and that he receive them as soon as he arrives in Stateville C.C.; Grievant request that all meals in F-house be served hot; Grievant request that all roaches and mice be exterminated from F-house; Grievant request that he be allowed into the law library 4 times a week for 2 hours each time; Grievant request that be Stateville C.C. install hooks in the F-house showers and a place to place his cosmetics while he is showering; Grievant request that he be placed in a cell by himself or in the alternative be given 5 more hours of recreation while in F-house on a court writ; Grievant request that he be allowed to attend Religious services in F-house while on a court writ; Grievant request that Stateville C.C. install ladders to the bunks in F-house (on the bunk beds); Grievant request that the F-house recreation

Pg. 8 Grievance Continued

yard for court writs have weights placed
on it So that Grievant can lift weights;
and that all the phone that are broken
be repaired; Grievant request that he
be allowed to use the phone in F-house
(while on a court writ) everyday; Grievant
request that 4 hooks be installed in every
cell in F-house So that he can hang his
wash cloth and dry towel and his cellmate
can do the same; Grievant request that he
be provided a razor on sundays, Tuesdays,
and Thursdays in F-house so that he can
look presentable for court and visits and
be groomed period; Grievant request that he
be allowed access to Barber facilaties once
a week in F-house for the same reasons
he request the razors; Grievant request that
he receive breakfast no earlier than
6am in F-house; Grievant request that
he be allowed to see a Doctor as soon as a
medical issue arises while in F-house on
court writ status; E.O.R.R michael nejir

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 10.8.07 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Living Conditions

- [ ] Disciplinary Report: ____/____/____
  Date of Report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 9.5.07 I was transferred to Stateville C.C. for a court writ. I remained in Stateville C.C. on this court writ until 9.19.07. During my stay at Stateville on this court writ I endured the following Cruel and Unusual Punishment/living conditions. I also explained and ask Lt. Vaughn to remedie or at least assistme with some kind of help on the date of 9.7.07. She replied by saying "Fuck You!" and walking off.
I received one dirty torn sheet and a state blanket which shedded hair and got all over my clothes

Relief Requested: (see pages 5-8)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia                        K83133        10 8 07
Offender's Signature                 ID#           Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: _____ | | |

Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature                    Date

and in my eyes and throat and made it difficult for me to see and made me cough. I did not receive anything else but the above. No state soap, etc, with the exception of toilet tissue. I was placed in two different cells where everything was dirty. I did not receive a pillow which caused my neck, shoulder and head to hurt. I was not provided with any cleaning supplies to clean the cell with the entire time at stateville. There was no stool in cell 236. The toilet would only flush every 15 mts. I received one ten minute shower per week in a shower that had extremely low water pressure which made it difficult for me to rinse the soap off of myself. I do not eat meat due to my Religious beliefs. While on this court writ I did not receive a Religious Vegetarian diet tray although ~~the~~ I wrote Chaplain Sinclair. I had to eat the few fruits and vegetables that were not defiled by the meat on the regular trays. I suffered headache, light headedness, and stomach pains from lock of nutrition. Since received a hot or warm meal while on this court writ. The trays were left on the choke hole first or last contact, sometimes more than two. Eating these cold meals gave me a stomach ache and caused me to use the washroom, defecate, every two days or so. I was only able to obtain 4 hours rest each day I was in stateville because the outhouse is infested with roaches (but all the staff offices are constantly sprayed for roaches). These Roaches crawled on me while I was resting and caused me to arise from my rest. I had to keep the light on after I arose and stay up all night. I couldn't even set my food tray down anywhere without these roaches attacking it. The law library services in stateville that is provided prisoners under "court writ" status is inadequate. I was not allowed access to the law library, nor did I see a Paralegal or law Clerk while I was on this court writ. The only service they provide is this copy of three case cites, five shepardized case cites, copy of legal documents and they say they will do research for you. It takes a week to receive any of the above services. The risk of missing a deadline, etc, is obvious. A week is enough time for a prisoner/ law clerk to copy your documents for himself in order to become a state witness against me. There is nowhere to put your clothes and shower gear when in the

shower. I was placed in Cell 236 with another prisoner. This cell did not the square feet per prisoner rule. There are only two recreation days per week for court writs. This is the only movement besides medical reasons or visits. I did not have a ladder to get on the top bunk with but instead had to use the toilet and sink. I cut my leg on the bunk doing so. On the recreation yard there are a few tables, two basketball courts, a handball court, and maybe 4 working phones. There are no weights to lift. There are weights in the upstairs part of the gym that were bought with the inmate benefit fund but are inaccessable to the prisoners. The phones are not always passed out on a once a week basis to court writs. There is only one plug in the wall in the cells in F-house, so only one towel can be hung to dry. If I hang a towel on the bed rail any staff member can write me a ticket for "obstructing survellance." This makes my towels dirty and damp. There were no razors passed out once a week during this

court writ. By the time I went to court on 9.13.07 my facial hair was fully grown. I might receive a haircut once a month while on court writ at Stateville. I always break out with red bumps all over me when in F-house because it is not properly sanitized. Breakfast is served in F-house at 2am or 2:30am. The damage to my esophogus here is obvious. There are mice in F-house which will eat pieces of my property due to the fact that all property in F-house must be kept underneath the bed. If I have a medical issue while in F-house I have to wait untill the Med Tech makes rounds in the morning Monday - Friday only. Then wait another two days to get diagnosed by a Med Tech in order to see a Doctor. These Med Techs are not suppose to make a diagnosis - only Doctors are. After receiving trays we have to throw away our trash/trays from earlier than hold are trash and trays 'til the next trays are passed out.

RELIEF REQUESTED:

I request that I receive two brand new sheets and a brand new pillow case upon arrival in F-house on court writs; I request that I receive a blanket that is made of cotton; I request that I receive a sanitary pillow that is in good condition; I request that all the cells in F-house have the paint (especially since it's lead paint) chipped from the walls and then that the entire cell be power washed and then repainted with ▬▬▬; I request that S.O.S brillo pads be passed out once a week in F-house so that I can clean the inside ▬▬▬▬ of the toilet; I request that disinfect and comet be passed out everyday in F-house or that I be given a week's supplie worth once a week; I request that two bars of "green" savon soap per prisoner be passed out every week so I can clean the walls, ceiling and floor; I request that all cells in F-house have stools installed in them; I request that all toilets in F-house have the 15mt

flusher removed and that the toilets be
made to where they flush every time the
button is pushed to flush it, like the
toilets in population; I request that I
receive 4 15mt showers per week while
on court writ in F-house; I request that
the water pressure in the F house showers
be adjusted to its proper pressure; I
request that I receive any Religious vegatarian
diet tray as soon as I arrive at stateville
on court writs; I request that all meals in
F house be served hot; I request that
all roaches and mice be exterminated
from F-house; I request that I be
allowed into the law library 4 times a
week for 2 hours each time; I request
that stateville install hooks in the F-house
showers and a piece to place his cosmetics
while he is showering; I request that
I be placed in a cell by myself or in the
alternative that I be given 5 more
hours of recreation while on court writs
in F-house; I request that I be allowed
to attend Religious services in F house

while on court writ; I request that Stateville install ladders to the bunks in F-house; I request that the F-house recreation yard for court writs have the weights that are in the upstairs part of the population gym placed on it or that Stateville purchase new weights with the inmate Benefit fund and place them on the F-house writ recreation yard; I request that all the phones that are broken on the writ yard be repaired and that several more be placed on the yard as there is an insufficient amount on the yard; I request that the phones in F-house be placed on the gallerys everyday from when count clears in the morning 'til a few minutes after 10pm just like in population in Stateville; I request that 4 hooks be installed in the F-house cells so that any cellee I might have, and I can hang our washcloth and dry towel; I request that I be provided a razor on Sundays, Tuesdays, and Thursdays in F-house so that I can look

presentable for court, visits and be groomed period; I request that I be allowed access to Barber facilities once a week in F-house for the same reasons I request the razors; I request that I receive breakfast no earlier than 6am in F-house; I request that I be allowed to see a Doctor as soon as a Medical issue arises while in F-house on court writs; I request that the Chukeholes in F-house be left open for 45 minutes so that I can eat my meal and throw away my tray so that no roaches or mice will come out in a larger number than they usually do; I'm seeking Monetary damages. E.O.P.V. michael mejia

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1.1.08 | Offender: (Please Print) Michael Mejia | ID#: K83133 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☒ Other (specify): Living Conditions
- ☐ Disability
- ☐ HIPAA

☐ Disciplinary Report: ____ / ____ / ____
   Date of Report                      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On 11.20.07 Grievant was placed in F-house and remained there until 12.31.07. During this time I had to endure the following cruel and unusual living conditions:
   I received one dirty, torn, sheet and a state blanket which shedded hair and get all over my clothes and in my eyes and throat and made it difficult for me to see and made me cough. I did not receive a pillow which caused my neck, shoulders and head to hurt. I was not provided with any cleaning supplies (except a small, watered down amount of disenfect one time) to clean the cell with. There was no stool in the cell. Grievant was in (F4/5). The toilet would only flush every 15 minutes.

Relief Requested: _____ (see page 4-7) _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Mejia                        K83133              1 . 1 . 08
   Offender's Signature                         ID#                      Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____ / ____ / ____

☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____        _____        _____
Print Counselor's Name              Counselor's Signature           Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                        _____
Chief Administrative Officer's Signature                              Date

I received one ten minute shower per week in a shower that had extremely low water pressure which made it difficult for me to rinse the soap off of myself, which cut down on my shower time. I do not eat meat due to my Religious beliefs. While in F-house I did not receive a Religious vegetarian diet tray although I wrote Chaplain Sinclair. I had to eat the few fruits and vegetables that were not defiled by the meat on the regular trays I was provided. I suffered headaches, light headedness, and stomach pains from lack of nutrition. Grievant never received a hot or warm meal in F-house. Eating these cold meals gave me a stomach ache and caused me to use the washroom; delicate, every two days or so. I was only able to obtain 1 hours rest each day I was in F-house because the cell house, is infested with roaches. (But all the staff offices are constantly sprayed for Roaches). These Roaches crawled on me while I was resting and caused me to arise from my rest. I couldn't even set my food tray down anywhere without these roaches attacking it. The law library service in F-house is virtually ~~_____~~ non-existent. The paralegal and her law clerks are s'pose to make their rounds once a week but rarely ever do. They came once on 12.7.07. I gave them a legal letter in which I was seeking "Pro Bono Publico." I gave it to them to copy and never received it back. The only service they provide is this: They copy legal materials/documents. It takes a week(s) to get that back if you ever do. They will provide a maximum of 5 shepardize cites and 3 case laws. That takes a week(s) to get if you ever do. They have a small room with legal books that are so old "Abraham Lincoln wrote them." Then, the possibility of getting in this room is slim to none because the staff is to lazy to let a prisoner in the room. There's no where to put your clothes and shower gear when in the shower. On 12.10.07 I had to take a shower in Cell F262 where the window was broke. It was mighty cold. On 12.24.07 I showered in F462 and it was extremely cold. This was because the windows ~~don't~~ don't close. (Note: I sent my contract for the Religious vegetarian Diet tray to Chaplain Sinclair on 12.16.07). The exterminator was spraying "outside" of the cells on 4 gallery on 12.20.07 while I was on the yard. My cellee who was in the cell asked him to spray "inside" the cell and the exterminator said "they don't want us to." There are no ladders to get on the top bunk where I rested. There aren't any ladders on any beds in F-house or anywhere in Stateville period. I was celled in F415, which is a 4 x 9 cell, with another prisoner. There are only two recreation days (continued on page 3)

Pg. 3

per week in F-house. This is the only movement besides medical reasons or visits. On the recreation yard there are a few tables, two basketball courts, a handball court, and maybe 4 [working] phones. There are no weights to lift. There are weights in the upstairs part of the gym that were bought with the inmate benefit fund but are inaccessable to the prisoners. The phones are not always passed out on a once a week basis. There is only one plug in the wall in the cells in F-house, so only one towel can be hung to dry. If I hang a towel on the bed rail any staff member can write me a ticket for "Obstructing Survellance." This makes my towels dirty and damp. Razors are s'posed to be passed out once a week but are not. There are no weekly haircuts in F-house. There are hardly any haircuts. On 12.19.07 Lt. Burzinski walked the gallery asking who wanted a haircut. He didn't even stop when I said I do but responded "if you take that line down." I never received a haircut. My cellee had his towel hang drying from a line he made because like I said earlier there is only one plug in the cells in F-house. I broke out with red

— 3 —

Pg. 4

bumps all over me when in F-house because it is not properly sanitized. Breakfast is served at 2am or 2:30am in F-house. The damage to my esophegus here is obvious. There are mice in F-house which did chew through some of my food products. If I were to have a medical issue while in F-house I would have to wait untill the Med-Tech made rounds in the morning monday-Friday only. Then, wait another two days to get dragnosed by a Med-Tech in order to see a Doctor. These Med-Techs are not suppose to make a diagnosis - only Doctors are. I also received a dirty, stained mattress. E.O.G

RELIEF REQUESTED:

I request that I receive two brand new sheets and a brand new pillow case and a pillow and mattress that is new or in mint condition any time I'm in F-house; that I receive a blanket that is made of cotton; I request that all the cells have the paint (especially since it's lead paint) chipped from the walls and then that the entire cell be power washed and then repainted with latex paint; I request that S.O.S brillo pads be passed out once a week in F-house so that all prisoners

- 4 -

Pg. 5

can clean the inside of the toilets; I request that disinfect and comet be passed out every day or a weeks supply worth once a week; I request that every prisoner in F-house receive two bars of "green" savon soap per week so that we can clean the walls, ceiling, floor, bed rail, etc.; I request that all cells in F-house have stools installed in them as there wasn't one in the cell I was in; I request that all toilets in F-house have the 15 mt flushe removed and that the toilets be made to where they flush everytime the button is pushed to flush it like the toilets in every other cell house; I request that I receive at least 2 showers per week while in F-house; I request that the water pressure in the F-house showers be turned up; I request that all meals be served hot and at a proper time; I request that all roaches and mice be exterminated from F-house; I request that all prisoners be allowed at least 4 times a week access to the law library for 2 hours each period; I request that plugs/hooks be installed in F-house showers and a place to put cosmetics; I request

# Pg. 6

that I receive my Religious Vega-tarian diet tray as soon as I'm placed in F-house; I request that all prisoners in F-house be placed in a cell by themselves or in the alternative that we be given 5 more hours of recreation while in F-house; I request that prisoners on temporary housing status be allowed to attend what little programs are in Stateville, Religious, etc.; I request that ladders be installed to the bunks in F-house; I request that the F-house yard have weights placed on it; I request that all the phones that are broken on the F-house yard be repaired and that several more be placed on the yard as there is an insufficient amount on the yard; I request that the phones in F-house be placed on the gallerys everyday from when count clears in the morning til a few minutes after 10pm just like the other cell houses; I request that 4 plugs/hooks be installed in the cells in F-house so that both prisoners can hang their washcloth and dry towel; I request that all prisoners be allowed access to Barber Facilities once a week in F-house; I request that all prisoners be allowed to

Pg. 7

See a Doctor as soon as a Medical issue arises
while in F-house; I'm seeking monetary damages.
E.O.R.R. michael nieto

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 3.19.07 | Committed Person: (Please Print) Michael Mejia | ID#: K83133 |

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☐ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☒ Other (specify): Living Conditions
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____   _____
Date of Report          Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 3.21.07 Grievant was placed in the
NRC building at Stateville C.C. for a court writ.
Grievant remained there until 3.7.07. Grievant
was subjected to the following cruel and unusual
punishment while at the NRC.
        Grievant never received his religious
vegan diet tray. He had to eat the very small portion
of fruits and vegetables (that were also always cold)
that were on the regular meat tray.
        Grievant was not allowed recreation. The rec.

Relief Requested: _____
              (SEE PAGE 4)

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael mejia_                          K83133          3,19,07
Committed Person's Signature              ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____
_____
_____
_____
_____

_____   _____   _____
Print Counselor's Name   Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

in the NRC is only three hours a week.

    Grievant was placed in H110 first, while there he had no heat or hot water and had to wash up with cold water in a cold cell.

    There is no Law Library period in the NRC.

    Grievant received one roll of tissue that he had to share with his celly for a week on 2.23.07. Grievant received one toothpaste, one toothbrush and one extremely small bar of soap on 2.23.07. No other cosmetics. And Prisoners in the NRC are allowed to shop but once a month, so if Grievant would have to stay longer than he did he would of had to wait til the 3rd week of the month to shop. This wait without the cosmetics that Grievant is suppose to receive free from the state.

    There are no ladders to get on the top bunk bed where Grievant was assigned to. Grievant had to literally jump off the table or sink to get on the top bunk and jump off of it.

    There are no plugs in the wall to hang Grievant's towels.

    Grievant did not receive a pillow. Grievant received one sheet. Grievant received a filthy, stinking mattress while he was in cells H110 and M303. There is no laundry system for [clothes]. I was allowed to clean the cell (M303) once. Every cell I was assigned to was dirty and I mean filthy. When moved to H303 I asked C/O Adolph for cleaning supplies and she said she would give me some but that there were none.

    I was given a shower once a week, which is intended for people in segregation. These showers had dirt, scum and Nats in them. These showers have no where to put your towel and clothes without them getting wet.

    The light in cell M303 had a light that didn't work. The cold water pressure was extremely low. The toilet flushed every 15 minutes. Therefore, Grievant had to endure the smell of his celly's fecies.

    There are no barber facilities in the NRC. Razors are passed out once a week on Saturdays. Therefore, when Grievant went to court on Tuesday February 27, 2007, he had hair on his face and neck and did not look presentable.

Pg. 5 Grievance Continued

The water pressure (Hot + Cold) in cell
H303 was so high it reached into the
toilet every time I used it. It also
got all over the floor. This toilet
also flushed once every 15 minutes.

   Breakfast is served in the
NRC at 2am. The damage to
Grievant's esophagis here is obvious.

   Grievant was moved back to H house
'cause the sewer and toilets flooded
in M house on 2.28.07.

   On 3.5.07 Grievant was moved back
to M303. Grievant informed Lt. John
Doe, c/o King and c/o Garner of the
mattress in M303 being full of lumps,
torn, stained, and reeking of who
knows what. Lt. John Doe wouldn't let
me take the mattress(which was a
clean one) from H303 to M303. Neither
would c/o King or c/o Garner.

   The N house toilets and sewer flooded
on 3.5.07.

   Grievant couldn't take a shower
on 2.22.07 'cause he didn't have
his property. He received his property
on 2.23.07.

Pg. 4 Grievance continued

There are mice that enter the cells
in the NRC. Grievant had to chase
some out of the cell.

There are no med techs that make
rounds. Grievant would have to write
the HCU if he had a medical issue
and pray that he receive a response.

On 3.6.07 one of the prisoners in
M103 had a seizure. His celly hollered
for a half an hour. The C/O working
the cell house told him to do CPR on
his celly in a joking manner. Later
he said "tell your celly lay down, you're
gonna be alright." Later he said "your
celly shouldn't of came to jail." After
his celly yelling for 30 minutes the
Med tech finally showed up. E.O.6

RELIEF REQUESTED:

That all staff mentioned
herein be fired/suspended without pay.

Grievant adopts all the same relief
requested he stated in his other grievances
about the living conditions in F-house.