IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

Aug 11, 2008
AUG 1 1 2008 MB

Michael Mejia K83133,

    Plaintiff,

  vs.

Terry McCann, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)

N-

MICHAEL W. DOBBINS
CLERK. U.S. DISTRICT COURT

08cv4534
JUDGE CONLON
MAGISTRATE JUDGE SCHENKIER

## MOTION FOR APPOINTMENT OF COUNSEL

NOW COMES plaintiff, Michael Mejia, pro se, in the above captioned cause, and ask this Court to appoint him counsel to represent him in the above captioned cause.

In support thereof, plaintiff states as follows:

1. Plaintiff is currently imprisoned at the Stateville Correctional Center where almost all of his claims arise out of.

2. Plaintiff has had his legal mail thrown away by some of the defendants as claimed in his complaint.

3. One of plaintiff's claims is the all too frequent lockdowns (during which there is no access to the law library) he must endure at the Stateville C.C.

4. Plaintiff was transfered back to Stateville C.C. on November 7, 2007, and since has had his legal mail thrown away and has had to endure the following lockdowns:

11/25/07-12/7/07, 1/23/08-2/5/08, 2/13/08-2/26/08, 3/24/08-4/18/08, 4/24/08, 5/15/08, 6/15/08-6/19/08, 6/27/08-7/17/08, and the prison has been on lockdown since July 19, 2008-present.

5. Plaintiff has raised a claim in his complaint regarding the Inadequate law library service here in Stateville C.C.

6. Plaintiff was allowed access to the law library twice during the before mentioned lockdowns and was and still is amazed that that occurred.

7. Plaintiff is currently pro se in his criminal case but also has two cases pending in the Illinois Court of Claims in which he is pro se in. Plaintiff has had trouble litigating those case because of the defendants' actions.

8. On 7/17/08 plaintiff tryed to copy his complaint but was told by the paralegal that she would not copy it because the Principle, Ms. Sessler, is only allowing 1500 copies, per week, per the entire prison.

9. Plaintiff wrote the Clerk of this Court, Mr. Dobbins, and asked him if he can copy plaintiff's complaint and exhibits and charge plaintiff for this service.

10. Plaintiff received a response from Mr. Dobbins and will be sending all of his exhibits and his complaint along with the instant motion and the forma pauperis form without even having a copy of anything except some of his exhibits.

11. Plaintiff prays that the defendants do not throw away the envelope containing the said documents.

12. Plaintiff stresses that with his overly complex claims, the nature of his claims, the fact of who the defendants are in

this case, the fact that discovery consist of alot of materials
that are unobtainable to plaintiff because he is a prisoner, or
because plaintiff does not have the finances to obtain them on
his own, plaintiff does not have the finances to obtain an expert
witness on his own and the totality of the situation is wrist
slittingly depressing to plaintiff yet plaintiiff has not been
allowed to see a psych Doctor even though he has constantly
requested to see one.

13. Plaintiff's Attorneys in Rutledge v. Cook County, Il. have
problems getting discovery from the defendants in that case
although they are High Profile Attorneys. See Exh. A.

14. Those defendants are not IDOC employees but plaintiff
stresses that fact to say that if the defendants are reluctant
to provide discovery to High Profile Attorneys, how much more
reluctant will the defendants in the instant case be to provide
plaintiff [a prisoner] with the discovery needed to litigate
his case to the fullest extent of the law?

15. Plaintiff has diligently sought, and has made more than
a reasonable attempt to retain counsel on his own.

16. Plaintiff has contacted 30 maybe 40 Attorneys/Law firms.
He has received a response from seven of them in which they all
declined plaintiff's request for pro bono publico. Plaintiff
attaches six of the responses for the Court. He cannot attach
the seventh response because it is stored in plaintiff's excess

3

legal box which is in the prison law library.

17. Plaintiff lacks the knowledge to go any further on his own.

I, Michael Mejia, swear under both federal and state penalty of perjury that the contents of this motion are true and correct to the best of my knowledg.

**WHEREFORE** plaintiff, Michael Mejia, prays that for the listed reasons in this motion that this Honorable Court will grant this motion and appoint him counsel to ensure that plaintiff's rights are protected and that his claims are effectively represented in this Court.

Respectfully submitted,

Date: July 29, 2008.

Michael Mejia K83133
Stateville C.C.
P.O. Box 112
Joliet, Il. 60434

# PEOPLE'S LAW OFFICE

1180 N. Milwaukee
Chicago, Illinois, 60622
(773) 235-0070
Fax (773) 235-6699

PeoplesLaw@aol.com

Michael E. Deutsch
Ben H. Elson
Janine L. Hoft
Joey L. Mogul
John L. Stainthorp
Jan Susler
G. Flint Taylor, Jr.
Erica L. Thompson

*Of Counsel*
Jeffrey H. Haas

October 26, 2007

Michael Mejia K-83133
Menard Correctional Center,
P.O. Box 711
Menard, IL 62259

Dear Mr. Mejia:

   We received your letter of October 8, 2007.  Unfortunately, none of the attorneys at the People's Law Office can represent you at this time, as we are a small office and can only take on a limited number of cases.  Please be advised that there are strict time limits for filing lawsuits so if you wish to pursue these claims, you should contact another lawyer immediately.

   We wish you the best of luck, and we are sorry we are unable to help you further.

                                    Yours truly,

                                    Ben H. Elson
                                    G. Flint Taylor

# DrinkerBiddleGardnerCarton

Mark S. Melickian
Counsel
(312) 569-1207
(312) 569-3207
Mark.Melickian@dbr.com

*Law Offices*

191 North Wacker Drive
Suite 3700
Chicago, IL
60606-1698

312-569-1000 phone
312-569-3000 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

January 9, 2008

Michael Mejia
K83133
PO Box 112
Joliet, IL 60434

Dear Mr. Mejia:

I am in receipt of your letter requesting legal assistance. Although your matter is indeed unfortunate, and we sympathize with your situation, our Firm does not currently have appropriate resources for handling your matter.

We wish you luck in finding suitable representation in your quest for justice.

Very truly yours,

Mark S. Melickian

MSM/jlr

CH01/ 12517757.1

Drinker Biddle & Reath LLP
*Established 1849*

 # John Howard Association of Illinois

300 West Adams Street, Suite 423 Chicago, IL 60606
Tel. 312-782-1901  Fax. 312-782-1902  www.john-howard.org

April 24, 2008


Mr. Michael Mejia
K83133
Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, Il 60434

Dear Mr. Mejia,

We received your letter dated 10/8/07 while you were at Menard CC requesting legal
representation.

The John Howard Association of Illinois tries to assist inmates who need information or
assistance with problems having to do with conditions of incarceration, grievances, medical care
and the like. We do not provide legal representation to individual inmates. When possible we
try to connect inmates with lawyers who might be able to help them in some way.

Unfortunately and as you probably well know there are few attorneys or law firms that are able
to assist inmates with civil cases or claims against government agents. Those who do are
seriously overloaded with work.

We suggest that you contact the attorney who represented you in your criminal case to see if he
or she can refer you to someone who might be able to evaluate your case. I am fully aware you
may have done so already. I just don't have another suggestion of a place to go with your case at
this time.

I am sorry not to be able to provide you with more and real assistance.

We wish you the very best.

Sincerely,

Charles A. Fasano, Director
Prisons and Jails Program



*Attorneys*
**Kevin McNally**
**Margaret O'Donnell***
*\*also admitted in*
*Arizona, Indiana*
*and New York*

**McNally & O'Donnell, P.S.C.**
Attorneys at Law

*Administrative Assistant*
**Rachelle Chattin**

*Paralegal / Investigator*
**Lesa Watson**

October 30, 2007

Michael Mejia - K83133
Menard Correctional Center
P.O. Box 711
Menard, IL 62259

Dear Mr. Mejia:

I received your correspondence of October 27, 2007. However, due to our case load at this time, we are unable to help you. Good luck with your search.

Sincerely,

*Margaret O'Donnell*

Margaret O'Donnell
Attorney at Law

MOD/lrc

Enclosure

## UPTOWN PEOPLE'S LAW CENTER
4413 NORTH SHERIDAN • CHICAGO, IL 60640
773 • 769 • 1411    FAX  773 • 769 • 2224

June 5, 2006

**Privileged Legal Communication**

Michael Mejia
K83133
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434-0112

Re:    Stateville Conditions

Dear Mr. Mejia:

We received your letter of May 30th, asking about your documents. Please be assured that we did receive your earlier packet of documents. As you requested, we are now returning your documents. We have not kept copies.

Unfortunately, we are not in a position to assist you. We are a very small legal clinic. While we represent many prisoners, we get hundreds of letters asking for help, but unfortunately we can only help a very few people. For your information. we do not practice criminal law--including appeals, habes, post convictions, etc.

Please be assured that our inability to help you does not mean that you do not have a good claim. We are forced to turn down many claims which are both morally compelling and have a sound legal basis. We simply do not have the resources to help everyone who needs help. We are truly sorry that we will not be able to take on your case, but we simply do not have the time needed to properly represent you, and we do not want to commit to you that we would do something which we can not, in reality, do.

We wish you the best of luck.

Sincerely,

Alan Mills

AM:es
enclosures

333 W. WACKER DRIVE
SUITE 2100
CHICAGO, ILLINOIS 60606-1285

DIRECT DIAL
(312) 407-0548
DIRECT FAX
(312) 407-0411
EMAIL ADDRESS
FMACDONA@SKADDEN.COM

October 26, 2007

*Via U.S. Mail*

Michael Mejia
No. K83122
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

Re:    Request for Pro Bono Legal Representation

Dear Mr. Mejia:

I received your letter this morning regarding you request for legal counsel in connection with the Section 1983 cases you propose to file. Respectfully, I must decline the invitation to serve as your attorney, for the following reasons that have nothing to do with the merit, or otherwise, of your proposed civil rights action.

The firm for which I work actively encourages its attorneys to take on matters pro bono publico. As a result, I and many of my fellow attorneys at the firm have active pro bono calendars. With respect to the type of civil rights action that you propose to file, the cases that I handle already have been filed pro se in the federal court, and have been preliminarily reviewed for merit by the district judge under 28 U.S.C. § 1915A. Only if the court appoints me, as a member of the federal trial bar in the Northern District of Illinois, may I consider the appointment. My decision to decline your offer to serve as your attorney therefore is purely a matter of internal procedure for purposes of accepting pro bono work. It has nothing to do with the potential merits of your claims. On that point I express no opinion.

Appointment of counsel pro bono publico is left to the exercise of the district court's sound discretion. See, e.g., Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981). As you proceed with your cases, you will discover that the courts have recognized certain factors as relevant in considering such requests. These factors include: the merits of the litigant's claim, both factually and legally; the complexity of the legal issues presented and the litigant's capacity to recognize and present those

Michael Mejia
October 26, 2007
Page 2

issues; the complexity and conflicting nature of the facts; the litigant's ability to investigate his case; and the relative substantive value of the claims presented. <u>See id.</u> You also will have to demonstrate that you have no personal assets to engage an attorney on a privately-retained basis.

I wish you every success in prosecuting your claims, and in your efforts to locate an attorney to assist you.

Very truly yours,

Francis Neil MacDonald

cc:    E. Houlihan

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY RUTLEDGE and** | ) | |
| **MICHAEL MEJIA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | 06 C 6214 |
| | ) | |
| vs. | ) | **Judge Joan H. Lefkow** |
| | ) | |
| **COOK COUNTY, et al.,** | ) | **Judge Maria Valdez** |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' FIFTH MOTION TO COMPEL DISCOVERY

### Introduction

Plaintiffs Gregory Rutledge and Michael Mejia, by their attorneys, for their fifth motion

to compel discovery from defendants and/or third party witnesses, state as follows:

**1.    Depositions of certain Cook County Sheriff's Office employees**
       **who conducted the investigation of the incident at issue here.**

Plaintiffs' counsel wish to take the depositions of three members of the investigative

team at the Cook County Sheriff's Office who participated in or oversaw the Office's

investigation of the incident that is the subject of this lawsuit: the alleged use of excessive force

by correctional officers against plaintiffs that occurred on October 9, 2005. These witnesses are

investigators Kevin Callanan and John Stella, who handled the formal investigation on behalf of

the Internal Affairs Division of the Sheriff's Department of Corrections ("IAD"), and Asst.

Inspector General Henry Barsch, an administrator at the Sheriff's Inspector General's Office

("IG's Office'), which oversees IAD.

Plaintiffs' attorneys have been seeking to depose a Sheriff's Office investigator since

May 2007. Plaintiffs' eight-month long unsuccessful efforts are detailed in the email messages

between Jean Maclean Snyder, one of the plaintiffs' attorneys, and Patrick Smith and Steven L.

1

Satter, the lawyers representing the defendants and the investigators, which are attached as Exhibit A. Initially, we sought to depose Timothy Kaufmann, the chief of IAD, but because Mr. Kaufmann has suddenly become unavailable (as explained below), we now seek to depose the three men named above.

We had sought Mr. Kaufmann's deposition because he conducted two initial inquiries into the allegations of excessive force immediately after the October 2005 incident, and he also oversaw the formal investigation initiated after this lawsuit was filed.

As detailed in Exhibit A, the attorneys representing Mr. Kaufmann (1) put off setting Mr. Kaufmann's deposition for months and months (Exhibit A at 1-15); (2) eventually agreed to a firm date of November 20, 2007 (*Id.* At 16); (3) cancelled that deposition the day it was to take place (*Id.* at 17-18); (4) rejected multiple proposals for a date later in November or in December while assuring plaintiffs' counsel, "Don't worry. We'll get him done." (*Id.* at 17-35, 38); (5) agreed to a firm date of January 11, 2008, following multiple proposals for a date in January (*Id.* at 35-40); and (6) cancelled that deposition the night before it was to take place. (*Id.* at 41.)

The January 11 deposition was cancelled on the evening of January 10 based on counsel's representation that a long-term illness of Mr. Kaufmann had suddenly become so serious that Mr. Kaufmann would not be able to give his deposition the next day or ever. (*Id.* at 41.)

Immediately upon learning this, plaintiffs' counsel notified defense counsel that we now desire to take the depositions of Messrs. Callanan, Stella, and Barsch. (*Id.* at 41.) Without Mr. Kaufmann, these three witnesses are necessary, partly because, in a departure from custom and practice and for reasons not evident from the documents produced to us, the investigation was first assigned to IAD and then transferred to the IG's Office and then reassigned back to IAD.

2

Mr. Callanan is the IAD investigator first assigned by Mr. Kaufmann; he worked on the

investigation until it was transferred to the IG's Office a month later. Mr. Barsch is an

administrator in the IG's Office, which had jurisdiction of the investigation for four months; he

had a direct role in the investigation's reassignment to IAD. Mr. Stella is the investigator whom

Mr. Kaufmann assigned to complete the investigation.

In our January 10, 2008, email notifying counsel of our desire to take depositions of these

witnesses, we offered several specific dates and invited suggestions for alternatives if those dates

did not work. *Id.* at 41. Yet, despite repeated requests (*Id.* at 42-43), the attorneys representing

the investigators have not agreed to the proposed dates (which now have passed) or suggested

alternatives. *Id.* at 41.

### 2.    Responses to Requests To Admit

In addition, defendants have not provided appropriate responses to plaintiffs' requests to

admit. These requests were served on September 27, 2007; defendants provided an answer on

November 26, 2007. (The answer is attached as Exhibit B.) Plaintiffs sent a letter to defendants

on December 7, 2007, describing the inadequacy of the answer. (The letter, from Matthew O.

Skoglund to Messrs. Smith and Satter, is attached as Exhibit C.) Plaintiffs have sent further

queries to defendants seeking an adequate answer, but as yet we have not received one. (These

additional queries are described in the email messages between Mr. Skoglund and Mr. Satter,

which are attached hereto as Exhibit D, at 1-2.)

### 3.    Responses To Interrogatories

Further, defendants have not provided answers to plaintiff Mejia's' first set of

interrogatories (attached as Exhibit E), which were due on January 21, 2008. As shown in the

attached email messages between Mr. Skoglund and Mr. Satter, these responses have not been forthcoming despite a follow-up request for them. *See* Exhibit D at 1-2.

### 4.    Responses To Document Requests

Finally, defendants have not produced all the documents that plaintiffs have sought. One outstanding document was requested months ago (See Exhibit D at 1-6); the others were requested in Plaintiffs' Second Document Requests To Defendants, served on December 20, 2007, and due on January 21, 2008. (The Second Document Requests are attached hereto as Exhibit F.) The outstanding documents consist of documents supporting denials in defendants' answer to the requests to admit and all disciplinary and incident reports related to the incident on Tier AD on October 9, 2005 (*see* Exhibit F); and movement logs for Tier AD for October 9, 2005 (*see* Exhibit D at 3). Plaintiffs have made follow-up requests for these documents (Exhibit D at 1-6), and their requests have gone unaddressed.

### Conclusion

In all the discovery matters described above, plaintiffs have been the eager suitors for discovery responses that have not been forthcoming despite repeated requests. We have consulted in person, by telephone, and/or by email and made good faith efforts to reach an accord, but have been unable to do so through no fault of ours. With discovery set to close on February 15, 2008, we cannot delay any longer.

WHEREFORE, we request that the court order the following actions to take place before February 15, 2008:

1.    John Stella, Kevin Callanan, and Henry Barsch should be produced for their depositions at mutually agreeable dates.

4

2.    Defendants should provide adequate answers to Plaintiffs' Requests To Admit.

3.    Defendants should provide responses to Plaintiffs' Second Set of Interrogatories.

4.    Defendants should provide the outstanding documents.

Respectfully submitted,

GREGORY RUTLEDGE and MICHAEL MEJIA

By    /s/ Jean Maclean Snyder
   One of the attorneys for Plaintiffs

Terrance Norton (ARDC 2066092)
Blaine Kimrey  (ARDC 6279625)
Matthew Skoglund (ARDC 6287414)
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
Chicago, IL  60606
312.876.8000

Jean Maclean Snyder (ARDC 3125196)
Law Office of Jean Snyder
4845 S. Kenwood Avenue
Chicago, IL  60615
773.285.5100

5