## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4534 | **DATE** | 8/20/08 |
| **CASE TITLE** | Michael Mejia (#K-83133) vs. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $18.05 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted until September 19, 2008, to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint by September 19, 1998, will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ [For further details see text below.]

*Suzanne B. Conlon*

Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants (correctional officials, internal affairs investigators, grievance officers, and administrative employees at the Stateville Correctional Center, the Director of the Illinois Department of Corrections, and a telephone service provider) have violated the plaintiff's constitutional rights by interrogating him in violation of the Fifth Amendment, by bringing false disciplinary charges against him, by harassing and intimidating him, by transferring him to other correctional facilities for impermissible reasons, by discriminating against him on the basis of his ethnic background, by handcuffing him overly tightly, by retaliating against him for protected activity, by falsifying his prison records, by interfering with his mail, by denying him visitors, by acting with deliberate indifference to his medical needs, by failing to process his grievances, by holding him in segregation past his out date, by illegally withholding funds from his trust account, by subjecting him to cruel and unusual conditions of confinement, by failing to accommodate his religious beliefs, and by committing numerous other trespasses against him (the court stopped at page twenty of the thirty-five page complaint).

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $18.05. The trust fund officer at the plaintiff's place of

**(CONTINUED)**

mjm

incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint, as the document on file is unacceptable. First, the rambling complaint does not satisfy the "short and plain statement" of Fed. R. Civ. P. 8(a). More importantly, the plaintiff has misjoined claims and defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, the plaintiff has submitted an equally meandering, 35-page complaint naming thirty-eight defendants and exhaustively challenging virtually every aspect of his confinement from July 2006 to the present.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. The plaintiff's sprawling complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

For the foregoing reasons, the plaintiff's "blunderbuss" complaint is dismissed without prejudice. The plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

The plaintiff is granted until September 19, 2008, to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended (CONTINUED)**

**complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply by September 19, 2008, the case will be summarily dismissed. However, the plaintiff will still be responsible for paying the filing fee.

*Suzanne B. Conlon*