UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MEJIA (K-83133), | ) |
| Plaintiff, | ) Case No. 08 C 4534 |
| v. | ) Judge Suzanne B. Conlon |
| TERRY McCANN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* Michael Mejia sues Terry McCann, Marvin Reed, Mark Hosey, Jimmy Dominguez,[1] Alex Jones, Kevin Frane, and Dee Battaglia, alleging the conditions of his confinement in the Stateville Correction Center constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Defendants move to dismiss for failure to state a claim. The motions to dismiss are granted in part and denied in part.

## BACKGROUND

Mejia is an inmate at the Stateville Correctional Center ("Stateville"). He alleges the conditions of his confinement fail to meet his basic human needs and constitute a threat to his health and safety. He alleges numerous conditions of confinement as cruel and unusual punishment. Those conditions are:

His cell does not have a desk or stool to enable him to sit when he eats an "in cell" meal or writes, types, or does artwork. Without a table and stool, he must eat on his bed. Sitting on his bed

---

[1] Dominguez has not been served and does not join the motion to dismiss. On its own motion, the court issues a rule against Mejia to show cause why Dominguez should not be dismissed as a defendant. Fed. R. Civ. P. 4(m).

to write causes stress on his lower back. His cell does not have a shelf for audio-visual equipment and cosmetics. He must place his television on his bed creating a fire and shock hazard. Cells do not have any pegs to hang wet towels or clothes. Wet articles are susceptible to mold and mildew.

His cell lacks adequate ventilation. Some of the vents are covered with a steel plate. Those not covered with a steel plate have dust in them because the prison is not properly cleaned and is so old. The windows are permanently closed and ventilation fans are not used. The electricity frequently goes out, leaving the cells without air circulation and excessively warm. Ice is not distributed when the electricity goes out unless the outside temperature is greater than 82 degrees.

Prisoners are not provided cleaning supplies to maintain their cells.

The cells are in a state of disrepair, including peeling paint and exposure to lead-based paint and black mold. In addition, pipes contain layers of radium that enter the water supply.

He is only allowed two showers a week. The other five days, he must wash in a cell that does not contain a curtain to obstruct the view of female staff. The lack of a curtain requires him to defecate in the view of others.

Stateville does not provide adequate clean bedding. Upon arrival, inmates are provided a blanket, two sheets, and a pillow case. These items may be new or used. While new mattresses are sometimes provided, the number is insufficient and they are distributed at the discretion of cell house officers.

Stateville does not provide adequate clothing. Only "farm workers" receive boots and thermal underwear. Stateville provides the general population with only slip-on cloth shoes that offer no protection from the cold or rain. Stateville fails to provide skull hats, ear warmers, or water resistant clothing.

Lighting along the walls of the cells is on 24 hours a day making it impossible to properly sleep.

The cell houses are infested with birds, mice, cockroaches, and other insects. In addition to spreading illness and disease, the mice cause damage to Mejia's property.

There are three areas of recreation for the general population. In the gym, he has access to water, toilets, weightlifting machines, tables, basketballs, and telephones. However, he is denied access to cards, checkers, chess dominoes, tennis, badminton, volleyball, and footballs because these supplies are stored in a gym storeroom. He lacks access to these materials in the South Yard, where there are only basketballs, tables, and toilets. The Small Yard does not have drinking water or access to the above items. He generally has five hours of recreation a week.

Mejia is subjected to unnecessary and excessive lock-downs. Stateville is routinely placed on high security level lock-downs for isolated incidents, including one-on-one prisoner fights, false information, and rumors. While on lock-down, visits are cancelled, causing loved ones to expend time and money to come to Stateville without being able to visit him.

Mejia eats under unsanitary conditions. He is routinely required to go directly to the dining room from the recreation area with no way to wash his hands before eating. When the prison is on lock-down status, food is delivered to his cell on carts also used to transport trash. He is denied produce that is purchased for prisoners. Instead, the produce is served to correctional officers.

Mail generally is received by the inmate two weeks after the postmark.

Mejia names Stateville Wardens Terry McCann, Marvin Reed, Mark Hosey, Jimmy Dominguez, Alex Jones, and Dee Battaglia as defendants. He alleges these wardens know about the cruel and unusual living conditions and facilitated, approved, condoned, and turned a blind eye. He

3

also names the leisure time supervisor, Kevin Frane, as a defendant in his allegations relating to recreation time.

## ANALYSIS

A complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that sufficiently provides the defendant with "fair notice" of the claim and the claim's basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A plaintiff demonstrates he is entitled to relief by alleging "it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted); *see also Bell Atlantic*, 127 S. Ct. at 1965-66. The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081. *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault. Liability under § 1983 is predicated on causing or participating in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a

supervisor, the personal responsibility requirement of § 1983 is satisfied if the conduct causing the constitutional violation occurs at the supervisor's direction or with his knowledge and consent. *Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

The Eighth Amendment requires a minimum standard for the treatment of inmates by prison officials, including prison conditions cannot involve "the wanton and unnecessary infliction of pain." *Rhodes v., Chapman*, 452 U.S. 337, 347 (1981). A two-part analysis is undertaken when a prisoner challenges the conditions of his confinement. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The conditions at issue must be "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). Prison conditions may be uncomfortable and harsh without violating the Eighth Amendment. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). Deprivations must be extreme for a conditions-of-confinement claim. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). If conditions are sufficiently serious, the plaintiff must then demonstrate that the prison official acted with deliberate indifference to the conditions. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Townsend*, 522 F.3d at 773. Deliberate indifference means the prison official knew that the inmate faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures. *See Farmer*, 511 U.S. at 847; *Townsend*, 552 F.3d at 773.

5

Defendants argue the alleged conditions are not a deprivation that constitutes a violation of the Eighth Amendment. The severity of the alleged conditions is not known at this stage of the litigation. Mejia sufficiently states a claim as to some of the alleged conditions. He sufficiently pleads the following conditions violate the Eighth Amendment: (1) lack of proper ventilation, *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); (2) extreme heat caused by power outages and lack of proper ventilation, *Dixon*, 114 F.3d at 644; (3) lack of cleaning supplies, *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1047-49 (7th Cir. 1989); (4) exposure to lead-based paint, mold, and radon, *Watson v. Sheahan*, Case No. 93 C 1871, 1994 WL 95782 (N.D. Ill. March 18, 2004); (5) sleep deprivation from constant lighting, *Golden v. Berge*, Case No. 03 C 0403, 2003 WL 23221483 at * 4 (W.D. Wis. Sept. 25, 2003); (6) infestation of birds, mice, and insects, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); and (7) inadequate sanitation for meals, *Gillis*, 468 F.3d at 493.

Taken as true, the following allegations do not constitute an extreme condition for purposes of the Eighth Amendment: (1) lack of a desk and chair, a shelf for his audiovisual equipment and cosmetics, and a peg for wet articles, *Delaney*, 256 F.3d at 683; *Malone v. Becher*, Case No. 01-101, 22080737 at * 12 (S.D. Ill. Aug. 29, 2003) (lack of table for eating does not constitute cruel and unusual punishment); (2) lack of curtain or privacy wall for bathing and using the toilet, *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995); (3) receipt of used bedding and mattress and lack of certain types of clothing (boots, ear warmers), *Gillis*, 468 F.3d at 493 (prison must provide *reasonably adequate* bedding and clothing); (4) inability to use certain recreational activity items, *Antonelli*, 81 F.3d at 1432 (*lack* of exercise may constitute a constitutional violation); *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (no deprivation where prisoner had only the opportunity for indoor recreation); (5) denial of fresh produce, *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir.

6

1994); (6) mail takes up to ten days to be received, *Rose v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); and (7) unnecessary lock-downs cause his visitations to cease, *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996). These claims are dismissed.

Defendants argue Mejia fails to sufficiently plead they acted with deliberate indifference or were personally involved in the alleged constitutional violations. However, Mejia alleges defendants were aware of the adverse conditions and the resulting effects because of his many grievances attached to his amended complaint. He also alleges defendants knew about the adverse conditions and approved, condoned, or turned a blind eye. He states that defendants, except for Kevin Frane, acted with deliberate indifference and were involved in constitutional deprivations.

Defendants argue Mejia has not alleged any physical injury and cannot recover compensatory damages. A federal civil rights action may not be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental anguish or emotional injury suffered while in custody without a showing of physical injury. 42 U.S.C. § 1997e(e). Section 1997e(e) limits the relief available to a prisoner, but does not bar prisoner lawsuits. *Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003). Mejia's damages may be limited by § 1997e(e), but his lawsuit is not barred because he fails to allege a physical injury.

## CONCLUSION

Defendants' motions to dismiss are granted in part and denied in part. Mejia's claims based on the following allegations are dismissed: (1) lack of a desk and chair, a shelf for audiovisual equipment and cosmetics, and a peg for wet articles; (2) lack of curtain or privacy wall for bathing and using the toilet; (3) receipt of used bedding and mattress and lack of clothing (boots, ear warmers); (4) inability to use specific recreational activity items; (5) denial of produce; and (7)

7

unnecessary lock-downs causing visits to cease. Defendant Kevin Frane is dismissed because plaintiff does not allege he was personally involved in constitutional deprivations. A rule is issued against plaintiff to show cause why defendant Jimmy Dominguez should not be dismissed for failure to serve. Fed. R. Civ. P. 4(m).

Dated: March 3, 2009

Suzanne B. Conlon
United States District Court Judge