UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL MEJIA (#K-83133), )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 08 C 4534
 )
TERRY McCANN, et al., ) Suzanne B. Conlon, Judge
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Michael Mejia, a state prisoner, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that defendants, Stateville Correctional Center officials, violated his constitutional rights by subjecting him to cruel and unusual conditions of confinement. More specifically, he alleges: (1) the cells lack adequate ventilation and circulation; (2) he is denied cleaning supplies, (3) he is exposed to lead-based paint, mold, and radon; (4) the prison is vermin-infested; (5) bright lights illuminate the facility 24 hours a day, inhibiting sleep; (6) the cellhouses frequently lose power, causing extreme heat; and (7) the prison food is not prepared or served in a sanitary manner.

Defendants move for partial summary judgment on the ground that Mejia has failed to exhaust administrative remedies as to certain claims prior to bringing suit. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all

reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted).

## FACTS

Defendants filed a statement of uncontested material facts pursuant to N.D. Ill. Local Rule 56.1. Together with their motion for summary judgment, defendants included a "Corrected Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [Doc. No. 118], as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), and *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). That notice clearly explained the requirements of the Local Rules and warned Mejia that his failure to respond with appropriate evidentiary support could result in entry of judgment against him. The notice specifically provided:

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

2

L.R. 56.1(b).

Despite the warning, Mejia's response to defendants' Rule 56 statement simply states that some facts are "contested" and directs the court's general attention to multiple exhibits attached to his opposing brief. However, "[j]udges are not like pigs, hunting for truffles buried in the record." *Casna v. City of Loves Park* 574 F.3d 420, 424 (7th Cir. 2009), *quoting and paraphrasing United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). A party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted; mere disagreement is inadequate if made without reference to specific supporting material. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). "General assertions of fact issues, general denials, and conclusory statements are insufficient to shoulder the non-movant's burden." *Ab v. Sekendur*, No. 03 C 4723, 2004 WL 2434220, at *6 (N.D. Ill. Oct. 28, 2004) (Holderman, J.).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process). Mejia's conclusory statement that certain facts are "contested," without any further elaboration as to the specific disputed facts, and without citing record support, are insufficient to meet the explicit requirements of Local Rule 56.1.

Indeed, the court struck defendants' previous summary judgment motion on grounds of non-exhaustion because the parties failed to conduct discovery regarding Mejia's pursuit of administrative grievance procedures. *See* Doc. No. 70 (June 12, 2009). Mejia was aware defendants intended to raise the affirmative defense of non-exhaustion and had at least six months to marshal the evidence. Although *pro se* plaintiffs are entitled to lenient standards, compliance

with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, at *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.). Accordingly, defendants' statement of facts is deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

The following facts from defendants' Rule 56 statement and supporting evidence are therefore deemed undisputed for purposes of this motion:

Mejia is a state prisoner, confined at the Stateville Correctional Center at all relevant times. Defendants Terry McCann and Dee Battaglia were, at different times, Stateville wardens during the time period at issue. Defendants Marvin Reed, Mark Hosey, and Alex Jones were all assistant wardens.

On August 11, 2008, Mejia initiated this lawsuit. His 85-page complaint included a number of grievance forms as exhibits. Although some grievances included responses from prison officials, none of the grievances relating to purportedly inhumane conditions of confinement bore a date-stamp or response from correctional officials.

On September 8, 2008, Mejia submitted an amended complaint limited to his confinement conditions claim, in compliance with the court's August 20, 2008 order. Doc. No. 11. The amended complaint was accompanied by copies of multiple grievances, but none of them had a file-stamp or response.

Edmund Butkiewicz was Mejia's counselor from November 20, 2007 to December 31, 2007. Butkiewicz reviewed Mejia's records and attests he never submitted the grievance to him dated December 9, 2007 attached to the amended complaint. Defs. Ex. D: Butkiewicz Affidavit ¶ 3. In fact, Butkiewicz has no record of ever receiving grievances from Mejia concerning a lack

4

of cleaning supplies. *Id.* Had he received a grievance, he would have responded in the section of the grievance form eliciting the counselor's response. *Id.* ¶ 4.

Sherwin Miles was Mejia's counselor from January 2008 to July 2008. Miles reviewed his records and has no record of the grievances attached to the amended complaint dated December 9, 2007. Defs. Ex. E: Miles Aff. ¶ 3. Miles has no record of ever receiving grievances from Mejia concerning the matters discussed in those grievances. *Id.* Had he received a grievance, he would have responded in the section of the grievance form eliciting the counselor's response. *Id.* ¶ 4.

Tammy Garcia is a Stateville grievance officer. In that capacity, Garcia maintains records of all inmate grievances. Defs. Ex. C: Garcia Aff. ¶ 2. Every inmate grievance filed in the Grievance Office is logged into the database the day it is received. *Id.* Garcia's office also file-stamps the grievance. *Id.* ¶ 4. The grievance is then either routed to the appropriate department for a response or returned to the inmate if improperly filed. *Id.* ¶ 2. Garcia reviewed both the prison's database and Mejia's master file and found no record that he filed any of the grievances attached to his complaint. *Id.* ¶ 3. Garcia was not able to find any record of a grievance that Mejia filed concerning the issues of ventilation, heat, sleep deprivation due to constant lighting, or unsanitary food practices. *Id.* Mejia's Cumulative Counseling Summary reflects approximately 103 issues he brought to counselors' attention between November 18, 2005, and March 26, 2009. Defs. Ex. F. None of the entries relates to the issues raised in this case.

While housed at the Menard Correctional Center, Mejia filed two grievances directly with the Administrative Review Board containing complaints about living conditions at Stateville while he was briefly housed there on court writs. Defs. Ex. G: Offender Grievance.

The first grievance pertained to Stateville's showers, cold food, a denial of meals that comported with Mejia's religious beliefs, sleeping on an old mattress that reeked of urine, a leaking

5

ceiling, moldy walls, and having to fight off cockroaches that crawled over him every night. *Id.* The Administrative Review Board denied the grievance without a hearing. *Id.*

The Administrative Review Board did not receive any other grievances directly filed with that office, nor any appeals with regard to alleged grievances filed at the institutional level concerning improper ventilation, extreme heat, sleep deprivation, or unsanitary meals. Mejia filed no other grievances at the Menard Correctional Center relating to his treatment at Stateville. Defs. Ex. B: Jeanette Cowan Aff. ¶ 3.

## DISCUSSION

Defendants have demonstrated that Mejia failed to pursue grievance procedures with respect to some of his claims. The Prison Litigation Reform Act of 1996 provides a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions... by a prisoner... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

Illinois Department of Corrections administrative grievance procedures are set out in the Illinois Administrative Code, 20 Ill. Admin. Code § 504.810, *et seq.* Inmates must take the following steps to complete the grievance process:

(1) The inmate must first attempt to resolve the situation through his counselor. 20 Ill. Admin. Code § 504.810(a).

6

(2) If the situation remains unresolved, the inmate may file a written grievance within 60 days after the discovery of the incident, occurrence, or problem giving rise to the grievance. *Id.* The grievance form must be addressed to the grievance officer and "deposited in the living unit mailbox or other designated repository." *Id.* § 504.810(b). The grievance should "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." *Id.* A grievance officer then investigates the matter and reports his or her findings and recommendations in writing to the warden, chief administrative officer, or highest-ranking official at the prison. 20 Ill. Admin. Code § 504.830(d).

(3) The warden then renders the final–final, at least, at the institutional level–decision on the inmate's grievance. *Id.*

(4) If the issue has not been resolved to the inmate's satisfaction, he has the option to appeal to the Director of the Illinois Department of Corrections ("IDOC"). 20 Ill. Admin. Code § 504.850(a). The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary. *Id.* § 504.850(b). The Administrative Review Board forwards its decision and any recommendations to the IDOC Director. *Id.* § 504.850(e). The Director issues a final determination. *Id.* § 504.850(f). At this point, the administrative grievance process is complete, as there are no further appeals.

Prison counselors, grievance investigators, and the Administrative Review Board maintain records of grievances and inmate complaints at every level of review. Although there is ample record of Mejia's numerous contacts with his counselors, as well as many grievances and appeals, there is no competent evidence whatsoever that he pursued administrative remedies regarding

prison ventilation, extreme heat during power outages, bright lights that inhibit sleep, or unsanitary food practices.

Even if the court considered Mejia's improperly filed exhibits, they are of little help to him. His unnotarized affidavit, without any copies of prison mail logs or a trust account statement showing deductions for postage, is insufficient to create a triable issue of fact. His August 2009 letter to the IDOC Director concerning allegedly non-processed grievances has no bearing on this case. First, the inquiry letter is dated August 25, 2009, over a year after he filed suit and after defendants had already filed their first summary judgment motion on grounds of non-exhaustion. But "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The letter refers to missing grievances concerning issues (medical treatment for blastomycosis, retaliation by the prison staff, access to the courts, disciplinary due process, etc.) that are wholly unrelated to this lawsuit. All but one of the grievances Mejia attaches as exhibits to his summary judgment opposition deal with matters unconnected with this lawsuit (failure to receive medication, a lack of drinking water with lunch meals, inadequate time for showers, non-availability of commissary products).

In ruling on a summary judgment motion, the court cannot weigh affidavits or the credibility of the parties. *See, e.g., Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 664 (7th Cir. 2006). Nevertheless, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). The inquiry is essentially

"whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence refutes Mejia's unsupported contention that he exhausted administrative remedies in connection with the claims in issue.

Mejia failed to administratively exhaust the following issues: (1) Stateville lacks adequate ventilation; (2) Stateville can be extremely hot during power outages; (3) Stateville illuminates its cellhouses with bright lights around-the-clock, causing Mejia to suffer sleep deprivation; and (4) Stateville prepares and serves meals in unsanitary conditions. Because there is no genuine dispute as to whether Mejia failed to exhaust remedies as to those claims, a hearing is not required. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Those claims are dismissed without prejudice.

Three remaining claims (denial of cleaning supplies, exposure to mold and radon, and pest infestation) are not subject to dismissal. Although grievance records do not support the remaining claims, defendants have not challenged them on the basis of non-exhaustion.

### Sanctions Motion

Mejia seeks to hold defendants in contempt for raising the "bare assertion" of security concerns in denying certain discovery requests. However, he has not identified the particular responses he challenges, or disputed documents. Without examining the discovery materials, the court cannot determine whether defendants' objections were valid.

### Motion for Leave to Depose Defendants

Mejia's motion for leave to depose defendants is denied. First, there is no statutory authority for the court to hire a court reporter at government expense; Mejia must make arrangements for a court reporter to attend depositions and pay for transcripts. More importantly,

the proposed depositions are not feasible because orchestration of the depositions would present obvious and undue security and administrative burdens on prison officials.

## **CONCLUSION**

Defendants' motion for partial summary judgment is granted. The following claims are dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to bringing suit: (1) Stateville lacks adequate ventilation and circulation; (2) Mejia suffers sleep deprivation because bright lights always illuminate the facility; (3) Stateville can be extremely hot during power outages; and (4) Stateville prepares and serves meals in unsanitary conditions. Mejia may proceed on his claims that: (1) he is denied adequate cleaning supplies; (2) he has been subjected to ambient mold and radon; and (3) the prison is pest-infested. His motions for contempt and to depose defendants are denied.

Enter: *Suzanne B. Conlon*

SUZANNE B. CONLON
United States District Judge

February 22, 2010